IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2005 MAY 11  A 10: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Richard Wayne Wright, Sr. # 187140
Full name and prison number
of plaintiff(s)

v.

Selvester Nettles, et. al.
See attach pages For
additional defendants

_____

_____

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. _____
(To be supplied by Clerk of
U.S. District Court)

2:05CV 439 -A

I.   PREVIOUS LAWSUITS
     A.   Have you begun other lawsuits in state or federal court
          dealing with the same or similar facts involved in this
          action?  YES (✗)  NO (  )

     B.   Have you begun other lawsuits in state or federal court
          relating to your imprisonment?  YES (✗)  NO (  )

     C.   If your answer to A or B is yes, describe each lawsuit
          in the space below.  (If there is more than one lawsuit,
          describe the additional lawsuits on another piece of
          paper, using the same outline.)

          1.   Parties to this previous lawsuit:

               Plaintiff(s) Richard Wayne Wright, Sr.

               _____

               Defendant(s) Selvester Nettles, et. al

               _____

          2.   Court (if federal court, name the district; if
               state court, name the county) United States district
               Court March 3, 2005 they receive law suit on
               March 7, 2005

3.  Docket number ___N, A,___

4.  Name of judge to whom case was assigned ___I have___
    ___not receive any response From district Court___

5.  Disposition (for example:  Was the case dismissed?
    Was it appealed?  Is it still pending?) _____
    ___Pending  (I assume)___

6.  Approximate date of filing lawsuit ___March 3, 2005___

7.  Approximate date of disposition ___N, A,___

II.  PLACE OF PRESENT CONFINEMENT ___Ventress Correctional___
___Facility, P.O. Box 767, Clayton, Ala. 36016___

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED ___Ventress,___
___Bullock, Draper and Kilby Correctional Facility___

III.  NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
CONSTITUTIONAL RIGHTS.

|     | NAME | ADDRESS |
| --- | --- | --- |
| 1. | Selvester Nettles, ct, al. Bullock Correctional | |
| 2. | Facility, P.O. Box 5107, Union Springs, Ala. | |
| 3. | 36089.  (See additional pages | |
| 4. | For additional defendants with | |
| 5. | addresses). | |
| 6. | | |

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED ___First began on___
___or about June 2001 and has been on going occurences.___

V.  STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: ___Cruel and Unusual punishment,___
___equal protection violation and due process violation.___

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.  (State as
best you can the time, place and manner and person involved.)

See attach Brief (Issue I)
and attach motions

GROUND TWO: Conspiracy to deprive plaintiff of
Civil rights and insufficient Medical care

SUPPORTING FACTS:   See attach brief (Issue
II) and attach Motions

GROUND THREE: Conspiracy to deprive plaintiff of
life, liberty and property, equal protection Violations
based on race.

SUPPORTING FACTS:
See attach brief (Issue III)
and attach motions

3

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
      MAKE NO LEGAL ARGUMENT.   CITE NO CASES OR STATUTES.

Appoint plaintiff an attorney, send plaintiff a transferal of records Form to get the exhibitits (he) sent to the United States district Court, if this is not the proper Form Construed it into the proper Form, prose litigant and grant any and all relief plaintiff shows himself intitled to as indicated in his brief.

Richard W. Wright, Jr.
Signature of plaintiff(s)
Richard Wayne Wright, Sr. #187140

      I declare under penalty of perjury that the foregoing is true
and correct.

      EXECUTED on    29 April 2005    .
                          (Date)


Richard W. Wright, Jr.
Signature of plaintiff(s)
Richard Wayne Wright, Sr. #187140
Pro - se litigant

4

Richard Wayne Wright, Sr.     &ast;
        Plaintiff,                        &ast;
        - VS -                          &ast;   Case No _____
    Defendants                    &ast;

Captain Selvester Nettles      | ofc. Brenda Austin
Dr. Hammer                          | ofc. Robert Washington
Mr. Steve ? (Dr. Hammer asst.) | ofc. Timothy Holmes
Dr. William Sanders             | ofc. Brain Hampton
Dr. Smith                             | ofc. ? Ellis
Mrs. Gormon                       | ofc. Foster
Mrs. Biven-tutt                    | ofc. Harvey Ruffin
Sgt. Alberta Williams          | ofc. A. Rudoloph
Sgt. Micheal Strickland        | ofc. Johnny Bailey
Sgt. Smith                            | John Doe I
Sgt. Davis                            | John Doe II
Sgt. Jackson                        | John Doe III
Sgt. Ligon                           | Gwendolyn Babers
ofc. Scott                            | John Doe IV
ofc. Bland                           | Inmate Walton Solomon
ofc. M. Austin                      | A.I.S.# 217565

      The Above Defendants Address as Follow:
      Bullock Correctional Facility
      P.O. Box 5107
      Union Springs, Ala. 36089

Captain Tony Patterson            Sgt. Highthorn

                Page A.

Mrs. Johnetta Johnson  I ofc. Gordon
Mrs. L. W. Robbins            I
   The above defentants address as follow:
         Draper Correctional Facility
            Highway 143
            P. O. Box 1107
            Elmore, Ala 36025
Dr. Bell                   I John Doe V
Ms. Crenshaw          I Ms. John Doe VI
   The above defendants address as Follow:
       Kilby Correctional Facility
       P. O. Box 150
       MT. Meigs, Ala. 36057

  Lt. Janet Hicks
   The Above Defendants Address as follow:
   Frank Lee Youth Center
   P. O. Box 208
   Deatsville, Ala. 36022

Lt. Hollie              I ofc. Veronica Stringer
Lt. Dowling           I Nurse Hunter
Sgt. Cargill           I Mr. Bruton
ofc. Pullum            I Cpt. Monk
   The above defendats address as Follow:
            Page B

Ventress Correctional Facility
P.O. Box 767
Clayton, Ala. 36016

Richard Wayne Wright, Sr.
          Plaintiff,
        - VS -
Selvester Nettles, et. al,
      Defendants.


## ISSUE I


The Following individuals defendants has shown cruel and unusual punishment, Breach of oath, Breach of the Constitution, Cause me personal injuries, psychological injuries, deprivation of Civil rights, breach of department of Correction polies, equal protection Violation and deliberate indifference.


## I.

On November 3, 2004 plaintiff was assualted by inmate Walton Solomon (W/M A·I·S # 217565). I was arguing With inmate Robert _?_ before inmate Solomon got involve (see exhibits (20)). The officers on duties in the Segrega-tion Unit as well as the officers

Page 1 of 29

in the Shift office (after I was assualted by inmate Solomon). They did not give me the Chance to explain the incident while in the shift office. Due to baisiness demonstrated by officer Holmes and Lt. Babers while in the presents of Sergeant Davis and Sergeant Jackson and another officer (John Doe I) (that broke up the Fight me and Walton had). Once I arrived at the shift office I was Made to stay outside the office For about (15) to (20) minutes while inmate Walton talk to them in the shift office. Once I was Called into the office Lt. Babers Stated, So you like to fight don't you. I told Lt. Babers I have not been fighting in a long time Since I was at Kilby prison. Me and him had Several problems in the past, it was wayed over due From Me and him not getting into it before now. Before I could go on any futher Lt. Babers Stated again, So you like to fight don't you! I told Lt. Babers

you can say that, you would say that wouldn't you! she said "no, that's what you're saying. I said, "no, that what you said, at this point Sergeant Jackson escorted me to the infirmary.

ON December 1, 2004 plaintiff was found guilty of Rule Violation #31 assualt on another inmate. (see exhibit ten (10) two sided Form. Plaintiff due process rights were violated according to the A.R. #(403) of the Alabama Department of Correction (A.D.O.C). Me and Walton had two arguments prior R.W.W. to this about the racial statements he made about a black woman. ON November 3, 2004, Lt. Baber was the Correctional official which design the violation against plaintiff as described. Officer M. Austin did not write my witnesses names down on the disciplinary Form which were his Supervisor Lt. Babers and Co-worker officer Holmes. (see exhibit (10) line (8)).

None of the defendants directly

Page 3 of 29

Knowledgeable about the incident between plaintiff and inmate Walton was present at the disciplinary hearing. Officer R. Washington (hearing officer) officer P. Philips and Sergeant Ligon (plaintiff escort) was at the disciplinary hearing. Officer Washington along with Sergeant Ligon made phone calls in my presents until they got some one on the phone which stated he was officer Holmes. After asking where were the witnesses I ask for and/or the person I am being accused of assualting. Officer Washington stated, I did not have a witness neither was it necessary that inmate Walton be there. Since officer Austin did not record my requested witnesses, my questions. For Lt. Babers were disregarded and I had to make it my written statement in order to have it add to the record. (see exhibit (13)). Officer Washington only ask the man on the phone (allegely officer Holmes) three of plaintiff question at the hearing. (see exhibit (14)) (two sided. Form).

Page 4 of 29

Officer Hampton served plaintiff a Noticed of rescheduling of the disciplinary hearing. (see exhibit (12)). The defendants Fail to Comply with the rescheduling date November 23, 2004 and /or the due process procedure afforded to plaintiff according to the A.R. # (403), Section III. Procedure before hearing, (C)(F). Due to Plaintiff being indigent and having no access to a copy Machine plaintiff ask that this Court order defendants to produce a full and Complete Copy of the A.R. # (403) described to this Court and send plaintiff a Copy of this Complaint after it has been Clock Stamp With plaintiff exhibit (1) thur (26).

A ~~Complaint~~ R.I.W.W. Similar Complaint was sent to the United states district Court on March 3, 2005. Plaintiff Sent all exhibits (1) thur (26) to the United States district Court. Plaintiff has not been able to get a response From the United states district Court and for such reasons plaintiff is not able to send all exhibits listed in this Complaint until he retains them From the

Page 5 of 29

district court or copies from plaintiff prison file.

## Issue II.

The following individuals defendants took part and /or are a part of shown, cruel and unusual punishment, Breach of Oath, psychological injuries upon plaintiff, deprivation of plaintiff civil rights. In-Sufficient medical care / treatment and preventing plaintiff access to court.

## II.

IN November 2004, officer A. Rudolph cut plaintiff water off in Segregation cell eight (8) after calling the (Seg.) Cubical officer misleading him/her stating he was cutting the water off in the cell I was housed in because I was Flooding the cell. Plaintiff was cleaning the Floor in (8) cell. I ask officer A. Rudolph why was he going to turn the water off in the cell, no water was going under neath the door. He only laugh

Page 6 of 29

at me stating to the other officer, "he must think he can walk on water (it was as a joke to them). Due to plaintiff being subjected to this type of treatment I put the dung from my body into the sink to keep from having to smell dodo and pist all day long. Officer Parham came to the (Seg.) Unit One (1) or two (2) days later and cut the water back on for plaintiff after he would not take part with his co-workers actions (in the puscho-logical torture) administered by defendant A. Rudolph upon plaintiff.

Plaintiff is having trouble distinguishing exactly which defendants order plaintiff food to be reduce to two (2) meals daily, mattress taken from 7. A.M. until 4:30 p.m. and priviledge taken twice for a disciplinary infraction placed upon plaintiff in September 2003 which plaintiff challenge because it effected his liberty interest. (Civil Action No.

2:04 - CV - 675· F),

    Defendants and defendant's Co-Workers directly and indirectly, intentially and willingly, diregarded plaintiff due process rights as prescribed in the A.R.# (403). This use of power and Force has gone beyond the prison officials scope of duty. I sent request Slips, gave up meals For about Fourteen(14) days in order to talk with one of the Wardens higher than Captain Nettles, but all such requests Were being intercepted and/ or intentially being given to defendant Captain Nettles. I thought When he was out For approximately two (2) or three (3) weeks things would have gotten better Concerning plaintiff being permitted to receive a visit From his Family, and plaintiff requested to be place in protective Custody along with his phone priviledges restored. For no determiniable reasons outside retailitory motives plaintiff has suffered physical and psychological pains and remain subjected to defendant's

harsh treatment.

Plaintiff has sent several sick call slips by officer Ruffin and office Foster to the infirmary (which has went un-answered for weeks). Due to officer Ruffin and officer Foster involvement Plaintiff were told by the nurses (during medication delivery) they did not get my sick call slips. After plaintiff saw the substituting doctor (in december) the Medication for head aches which were prescribe by him (had a different effect upon plaintiff) than the Medication Dr. Siddiq pre-scribe prior to this doctor visit. Due to the nurses [ which were es-corted by officer Bailey and officer Ruffin ] (having no identification tags) and unwilling to give their names. Plain-tiff ask that these defendants be noted as Ms. Jone Doe II and Ms. John Doe III. Officer Bailey and officer Ruffin has on many occation intervene into plaintiff Conversation with the nurses and closed the tray door which plaintiff

Page 9 of 29

receives the medication stating I refuse medication.

The nurse on 3rd shift (Ms. John Doe IV) escorted by officer Hampton on Feb. R.W.W. February 11, 2005 verbally stated that I would get my prescribe Medicine if she could bring it back, (which she never did). Ms. John Doe IV claim I have to tell the officers, before she comes if I want my medication. This puts me at a disadvantage and at the Mercy of the on duty officer(s) (which are officers M. Austin, officer Hampton, officer Bailey, officer Foster, and officer Ruffin concerning my health and present suffering. Plaintiff is constantly, being placed under a great amount of stress and seek help from the court to relieve plaintiff from such stress placed upon plaintiff by defendant(s).

Plaintiff has been purposely seperated from his legal work Forbidden on many occation access to

Page 10 of 29

to law books and helpful litiga-
tion Materal (while restrain in
the Segregation Unit). Officer Ruffin
and officer Foster are directly in-
volve in this intervention under
the direct Supervision of Captain
Nettles. I have question officer
Ruffin action Several times Concerning
things am intitled to where in his
responses was he don't make the
rules he just Follow them.

ON February 11, 2005 officer
McCall brought plaintiff the store Slip
Plaintiff Sent Captain Nettles. This
was a request to receive Stamps,
lotion, and three (3) Food items, From
the Canteen Clerk in which Captain
Nettles rejected. These action are
administered in a Malicious and Ca-
pricious manner. Plaintiff brings these
Complaints unto this Court to curb
defendant Nettles action in pre-
venting plaintiff From Contact with
the Courts and his Family with
Wrongful intention of harming Plain-

Page 11 of 29

tiff Pyscologically and physically, Continually.

IN Conclusion plaintiff needs the assistance of an attorney and/or law student to help him filed the needed Motion to obtain Copies of plaintiff Medical Files, Rules and Regulation governing these prison officials, discovering names of unknown defendants, filing the proper motion to Keep plaintiff safe From any further harm from defendants, obtaining affidavits From witnesses, receiving documents (Mental health files, medical records, incident reports, etc.) in which defendant(s) refuse to allow plaintiff because he is incarcerated. And to filed the necessary injuction/restraining orders on defendants For plaintiff Plea For his life. To have other doctors to examine plaintiff to access plaintiff damages and determine the cause of plaintiff illnesses.

## III. ISSue

Page 12 of 29

The Following individuals defendants has shown cruel and unusual punishment. Involuntary Force medication 8-20-02; 8-21-02, plaintiff suffers psychological injuries, Breach of Department of Corrections polices, plaintiff suffers personal injuries, excessive Force and assualt on plaintiff. No justification of Mental health status, excessive and inapproiate use of pyschotropic medication administered into plaintiff body. Psychotropic Medication prescribed For disciplinary purposes, § 5.35 medical code. Deprivation of the U.S. Constitution (14) amendment afforded unto plaintiff.

## III.

ON August 3 2001, I was sent to Bullock Correctional Facility (here after (B.C.F.)) From Kilby Correctional Facility (here after (K.C.F)) as a result of excessive and inappropiate use of pyschotropic Medication which was administered into my body. By defendants. Dr. Bell, Ms. Crenshaw, Captain (John Doe V) Nurses (Ms. John Doe VI) and Certain Correctional officers

Page 13 of 29

(which names are not Known which were present) directly or indirectly under the orders of the above listed individuals/defendants. These Course of actions was initiated at Draper Correctional Facility (here after (D.C.F)). By defendants Captain Patterson, officer Gordon, Sergeant Highthorn, Warden Cummings, Ms. Robbin and Ms. Jomson. Once plaintiff arrived at (B.C.F) Ms. Gormon under the Supervision of Dr. Smith and Dr. Sanders Continued to placed demands upon plaintiff involuntary administered psychotropic Medication against Plaintiff will. (see exhibit (I)). Plaintiff requested (after this hearing recommending force medication [psychotropic] into plaintiff body with milicious intent), to receive the involuntary medication reveiw Committee's written decision, this request was denied by officer Ruffin, Ms. Gormon, and Dr. Smith. (see exhibit (I)). .. You have the Following rights. I was told before per mitted a visit with my Family (on two (2) Separate occation) by Ms. Gormon and

Page 14 of 29

Dr. Smith if I fail to comply with their recommendation concerning psycho-tropic medication I would be placed in a lock up cell (quiet room) or strip cell or the Segregation unit at (B.C.F) as I was placed in one (1) at (K.C.F)-- (P-1)) unit.

ON October 3, 2001 I was sent back to (K.C.F) from (B.C.F) under the influence of involuntary administered psychotropic medication, for an evidentiary hearing against several Alabama Department of Correction (A.D.O.C.) officials. Plaintiff has good reasons to believe defendant(s) directly/indirectly order and adminitered involuntary psychotropic drugs through doctor food and intimidation at (K.C.F) by defendants Dr. Bell, Ms Crenshaw Captain (John Doe I) and intimidation, threats at (B.C.F.) by defendants Ms. Gormon, Dr. Smith, Dr. Sanders, Captain Nettles and officer Ruffin, all under the supervision of Captain Nettles.

ON June 3, 2002 after plaintiff was arguing with another inmate in

(19) dorm. Sergeant Strickland told me I would be placed in segregation for a few hours but he did not put inmate Gallaway in segregation for investigation only me. This was done because they wanted to place me in mental health status with recommendation to force medication (mind altering drugs). Office Scott (arresting officer indicated no physical contact was made. Sergeant Strickland disregarded plaintiff safty and re-arranged the purpose for me going to segregation (see exhibit (4)). It is clear in plaintiff mind now defendant(s) motives are intended to injure plaintiff directly or indirectly any way possible. Plaintiff never sign a living agreement with inmate Gallaway, due to Sergeant Strickland malicious motives. Sergeant Perry (the bed/work roster placement personel) after release from mental health dorm plaintiff were assigned (in the bunk) over

Page 16 of 29

inmate Gallaway under the super-vision of Captain Nettles. This incident / information was forwarded to Keith Armagost plaintiff (Classification Specialist) and Charles Black-ledge (classification specialist supervisor) as a result of defendant (s) Sergeant Strickland malicious behavior and Captain Nettles approve of such action Plaintiff institutional progress and eligibility to go to a lesser restricted Comp was hindered. See exhibits (23) and (24). Time after time by the Mental health staff / member (s) team recommendation were made For plaintiff to be release From any and all Mental health holds, but defendants Mr. Armagost, Ms. Seals, Captain Nettles, and Mr. Blackledge Created other holds / restraints to hinder Plaintiff liberty interest and Subject plaintiff to physical and psychological pains and injuries.

ON August 15, 2002 Sergeant Strickland assualted plaintiff in the

Page 17 of 29

infirmary lobby because plaintiff refused to report for recommended pyschotropic / mind altering drugs. I inform officer White (Mental health dorm assignment) this day August 15, 2002. I did not need to go to the affirmary for a pyschotropic shots as requested because I sign several re-fusual forms in rejecting mind altering drugs. Officer White left and return Shortly after stating his Supervisor (Sergeant Strickland) instructed him to send me to the infirmary immediately. Upon my arrival at the entrance door of the infirmary Sergeant Strickland (while holding a clip board with the recommended shot list) used derogatory language because he emphsized my unwillingness to report the first time officer White came to me After I attempted to explained the refusal Forms I sign repeatly in the past to take pyschotropic Medi-cation (shots or pills) I did not need Sergeant Strickland refuse to stop

Page 18 of 29

Using derogatory language mixed
with orders For me to shut my
fucking mouth and listen to what the
fuck he had to say. I commence to
explain the reason For my delay
after entering the infirmary lobby. I
ask him how could I explain if I
have to shut my fucking mouth. He
told me to go stand on the wall and
shut my fucking mouth. Once I
stood on the wall Sergeant Strickland
come within three feet of me while
pointing his finger at me and order
me to come to him in a harsh manner.
Once I got within arms lenght of
him he drop the clip board and papers
and grab my shirt tring to throw
me down on the Floor in which I was
able to prevent him From doing. He
then release my shirt and commence
to bend over while reaching down to pull
my leg From under me. I bent over
his back in order to try and break my
Fall before the back of my head hit
the Floor. Moments later I felt ~~someone~~ R.W.W

Page 19 of 29

tremendious pain in my left leg while he stood over me standing on my knee. As I attempted to get up while turning side ways to relieve the pain in my left leg he slam my head into the floor and told me not to move. Officer James open the door of the infirmary at which time Sergeant Strickland order for me to turn over, while you're on my leg. After he got off my leg Sergeant Strickland put the cuff's on me and took me into the infirmary to receive a body chart.

Captain Nettles allowed Sergeant Strickland to conduct his own investigation. (See Exhibit (2)). Which plaintiff never was afforded a chance to see Captain Nettles or one of the wardens (Holt or Boyd). After wards Lt. Miller did an extension for pending investigation. (See exhibit (3)). Plaintiff never understood why Captain Nettles place a mental health label upon plaintiff at that time and why Sergeant Strickland was not discipline for the assualt on

Page 20 of 29

Plaintiff. Captain Nettles had officer Ruffin to harrass me then because I refuse to sign the notice of involuntary Medication hearing. (see exhibit (I)).

Plaintiff has been forbidden to transfer to any other prison since defendant Captain Nettles and/or (agents) officer Ruffin, Sergeant Strickland, Charles Blackledge, Keith Armagost, and Sherry Seals until they could create the right situation to apply their False label again (Mental Health) upon Plaintiff. Plaintiff now understand better (why) the defendant(s) has conspired together to inflict torture upon plaintiff and subject plaintiff into physical and R.W.W psycho-logical injuries. Plaintiff is being held at this institution (B.C.F.) purposely until the New Mental Health Facility is complete and the defendants and/or agents are able to put plaintiff out there and induce him with psychotropic drugs.

Page 21 of 29

Plaintiff has met the criteria for a lesser restricked camp but Paul R.W.W. Whaley has used defendant sherry Seals and her Supervisor Charles Blackledge to frighten plaintiff by threatening to send me to a level II to subject me to inmates which are ~~R.W.W~~ easily influence or persuade to take plaintiff life because of the hopelessness of their situation. There is no where in the policy which govern these prison officials where in defendant Mrs. Seals should have threaten plaintiff with such classification which was arbitrary or capricious or that is constituted a clear abuse of discretion. (See Exhibit (6)(7) and (8).

Defendant Mrs. Seals has repeatly placed a hold upon plaintiff from being transfered to another institution. Plaintiff went to the mental health counselor Ms. Biven-tutt and ask her to inform Mrs. Seals plaintiff is not in a mental health

Page 22 of 29

status (which she did). Due to plaintiff present state of being (separated from his law material and needed) plaintiff is unable to send these documents at such time. Plaintiff ask that this court make note that plaintiff will send these documents as soon as he can get out of the defendants harsh treatment and receive his legal material which defendant Captain Nettles purposely separated from him. Plaintiff did not realize when defendant Armagost placed those label upon him this was the reason plaintiff would not be able to leave this institution. (see exhibits (23), (24), and (25)). Defendant Mrs Seals has decided to join • these individuals and conspire with defendants Captain Nettles., Mr. Blackledge, Mr. Whaley and defendant Nettles agents,-- officer Foster and officer Ruffin. Mr. Whaley has maximized plaintiff's custody outside the scope of the classification manual for which I am being bared from level III's, II's and

Page 23 of 29

I's and or lateral transfer institutions, nor a honor camp / work release and label plaintiff as a dangerous violent predatory which has cause his oppertunities / eligibility for parole denied. (See exhibits (25)). The Defendant Segerest and/or parole board members has not indicated in writing to plaintiff why they denied plaintiff eligibility for Parole. Now all these labels placed upon plaintiff is thought to be the cause for which plaintiff is being forbidded to be grant parole. These defendants indeed has created this liberty interest and interrupted his chances for parole.

Defendant Captain Nettles has ordered defendants officer B. Austin, officer / sargeant Smith, sergeant Lieutenant Hicks to accuse and find plaintiff guilty for a rule violation # (38) in September 2003 plaintiff was presently addressing defendants Malicious act in Court (Bullock Circuit Court CVV-14.-12.60, CR-03-0931). Defendant

Page 24 of 29

Captain Nettles has allowed his a-
gents officer B. Austin, officer/sergeant
Smith and sergeant/Lieutenant Hicks
to construct a disciplinary and vio-
lated plaintiff due process rights.
Ignored plaintiff wittnesses statement
to keep plaintiff from leaving this
institution. Plaintiff can not at this
time send the Courts these exhibits
due to the exhibits were sent to
the United Stated district Court and
plaintiff only obtain one copy of
Certain document he sent to them.
Plaintiff sent the Court a complaint
but the Court stated they did not
receive plaintiff complaint in september
2004 (see exhibits (15) and (16)). Plaintiff
will send the Court what documents
he posses w.w. copies of and plaintiff
is attemping to regain the exhibits he
sent to the United states district Court
on March 3, 2005.

   Plaintiff did report to defendant
Captain Nettles how defendants officer
Brenda Austin, Lieutenant Janet Hicks

Page 25 of 29

did willingly and knowingly dis-
regard plaintiff due process right
in order to placed said disciplinary
infraction in september 2004 upon
plaintiff to prevent plaintiff from
transfering, for retalitory, ill and
malicious intentions. Alter plain-
tiff paper work in order to con-
tinue this said disciplinary infrac-
tion process. Plaintiff made these
defendants action known to defen-
dant Captain Nettles but he took
no concern to such notice. (see
exhibit (17) and (26)).

## Relief Sought

Plaintiff hopes he has presented
the proper evidence for this Court
to issue a restraining order upon
defendants to perserve his life,
liberty, and property as afforded
by the United States Constitution
Amendment Fourteenth (14). Excessive
and inappropiate use of psycho-

Page 26 of 29

tropic drugs with intent to Con
Spirer to Commit Murder. Criminal
Charges Violation 18 USC 242. Cruel
and unusual Punishment (6-11-20)
(3,000,000). Punitive damages in
the amount of (3,000,000). Pupensitory
damages in the amount of (3,000,000)
Monatory damages in the amount of
(#3,000,000), Personal injuries (#3,000,000)
psychological Manages (#3,000,000).
Deliberate indifference (#3,000,000)
Injunction For denying P.C. (6-6-500)
to (6-6-503). 42 USC 1985 Conspiracy.
42 USC 1997 Violation of an institu-
tionlize person. Plaintiff ask that this
Court grant attach motion For appointment
of Counsel and/or law student(s), Motion
For a Complete physical examination by
health care personel not presently paid
by Alabama Department of Correction through
(P.H.S.) Prison health services. Plaintiff ask
that this Court Clerk Send plaintiff
R.W. a Front page, Clock stamp Copy
once it is processed For Further pro-
Ceeding and grant plaintiff time

Page 27 of 29

to retrieve the exhibits mention (but not accompanied) in support of this Complaint From the United States district which I sent them. Any and all other relief that is deemed by the Court.

Done this the <u>30</u> day of <u>April</u>, 2005.

Respectfully Submitted,

Richard W Wright, Sr.

Richard W. Wright, Sr. #187140
Plaintiff, Pro-se.

<u>Plaintiff Address</u>

Richard Wayne Wright Sr, #187140
Ventress Correctional Facility
Dorm 9-B (seg.)
P.O. Box 767
Clayton, Ala. 36016

<u>CERTIFICATE OF SERVICE</u>

This is to Certify that I am the

Page 28 of 29

Petitioner in the above / attach encamptioned Matter and I have this the 30 day of April, 2005, sent this Complaint to the clerk of this court, properly address and mailed by way of U.S. Mail with pre-paid postage.

Done this the 30 day of April, 2005.

Respectfully Submitted

Richard Wayne Wright, Sr.

Richard Wayne Wright, Sr. # 187140
Petitioner, Pro-se.