IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| AIS #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-439-A |
| ) | |
| SYLVESTER NETTLES, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On April 20, 2005, the plaintiff filed a complaint in which he seeks to challenge actions which occurred from June of 2001 until the present date.[1] However, all claims arising from actions which occurred prior to April 30, 2003 are barred by the limitation period applicable to 42 U.S.C. § 1983 actions filed in this court. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for section 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Alabama law directs that the general statute of limitations for personal injury actions is two years. *See Ala. Code* § 6-2-38(l). Thus, the claims Wright seeks to present with respect to actions which occurred from June

---

[1] Although the complaint was stamped "filed" in this court on May 11, 2005, the plaintiff signed the brief attached to his complaint on April 30, 2005. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Wright] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The court therefore considers April 30, 2005 as the date of filing.

of 2001 until April 29, 2003 are barred by the applicable two-year period of limitation. Additionally, the plaintiff lists several "John Doe" defendants. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties ..."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court). Accordingly, it is

ORDERED that on or before July 11, 2005 the plaintiff shall file an amended complaint which:

1. Presents claims relative to actions that occurred **on or after** April 30, 2003.

2. Lists specific claims for relief in separate counts. The plaintiff is advised that these claims must arise from actions which occurred **on or after** April 30, 2003.

3. Asserts with clarity those factual allegations that are material to each specific count.

4. Provides the **true names** of the fictitious defendants who he believes have violated his constitutional rights.

5. Specifically describes how each defendant violated his constitutional rights. In responding to this directive, the plaintiff should set forth short and plain statements showing why he is entitled to relief. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*.

6. States the precise relief he seeks from this court.

The plaintiff is advised that this case will proceed solely on those claims presented in

the amended complaint and only against the defendants who are properly named in the amended complaint. The plaintiff is **cautioned** that if he fails to properly respond to this order this case will be dismissed for such failure.

Done this 27th day of June, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE