IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| AIS #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-439-A |
| ) | WO |
| ) | |
| SYLVESTER NETTLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Richard Wayne Wright, Sr. ["Wright"], a state inmate, challenges the constitutionality of actions taken against him and the adequacy of medical treatment provided to him during his confinement at the Bullock County Correctional Facility and the Ventress Correctional Facility. He also complains that a parole officer placed false information in his presentence investigation report and that such information has been used to deny him fair consideration for parole.

Upon review of the amended complaint, the court concludes that the plaintiff's challenge to his custody classification, the assertion of entitlement to a transfer and his claims of receiving threats from correctional officers be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous,

## I. DISCUSSION

### A. The Classification Claim

Wright contends that defendants Seals, Nettles, Blackledge and Holt deprived him of due process when they undertook actions which resulted in an increase in his classification level from minimum to maximum. This claim entitles the plaintiff to no relief.

An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, a prisoner has no constitutional right to a particular security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Because Wright has no constitutionally protected interest in the degree of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, the decision to increase Wright's custody classification did not violate his constitutional rights and this claim is due to be dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

### B.  The Transfer Claim

Wright complains that defendant Seals refused several of his requests for a transfer from the Bullock Correctional Facility.  This claim provides no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981).  The law is well settled that the Constitution does not confer any right upon an inmate to confinement in a particular correctional facility.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Consequently, prison officials may assign an inmate to any correctional institution without implicating the prisoner's constitutional rights.  *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).  Wright's confinement in a correctional facility more secure than one of his choosing is completely "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  The plaintiff's challenge to the denial of his request for a transfer is therefore subject to summary dismissal under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  The Threats Claims

Wright contends that defendants Nettles, Specks, Bruton, Holland and Cargle

3

threatened him with various adverse actions causing him to fear future retribution from these officers. As previously noted, in order to state a viable claim for relief, the conduct about which a plaintiff complains must allege a denial of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). The statements about which the plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Moreover, the plaintiff's supposition that prison officials **may** at some time in the future act unfavorably towards him is insufficient to state a claim on which relief may be granted in this § 1983 action. *See Conner v. Sticker*, 801 F.2d 1266 (11th Cir. 1986). "[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened." *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979). The law is well settled that jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Thus, Wright's claims of subjection to threats from correctional officers and his trepidation of possible future adverse actions are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as these assertions are without constitutional implication.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's classification, transfer and threats claims be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2.  The remaining claims for relief against the defendants be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before August 17, 2005 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of August, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE