IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

Richard Wayne Wright, Sr.,  \*
   Plaintiff,  \*
   -VS-  \* CASE NO.
Selvester Nettles, etc.,  \* 2:05-CV-439-A
   Defendants.  \*

## Motion To Object The Recommendation of The Magistrate Judge

Plaintiff claim concerning defendants Seals, Nettles, Blackledge, and Holt was actions perform maliciously to increase his Security level (S.L.) From Minimum to Maximum to cause

Page 1 of 13

plaintiff physical harm. Plaintiff made known such action ( in his complaint) to this Court in hopes this Honorable Court would grant plaintiff such relief ( as protection) which is affordable by this Court to implement according to the Laws of this state and Country. Mrs. Seals used such tactic ( under the supervision of Mr. Nettles, Mr. Blackledge, Mr. Holt and Mr. Boyd) to frighten plaintiff into futher submission. Mrs. Seals has "impose an" atypical and significant" hardship on the plaintiff by taking plaintiff off the squad, wherein, plaintiff was able to go out of the fenches at Bullock Correctional Facility

Page 2 of 13

(here after refered to as (B.C.F.)) and work around civilians on several days each week. Plaintiff met the criteria as prescribed in Mrs. Seals Classification Manual yet, she made sure plaintiff did not leave (B.C.F.) to exercise even more liberty in the sense of prison terms. Plaintiff knows from past experiences the prison officials will do whatever they can (if they believe they can get away with it) to interfere with plaintiff ability to function mentally and physically. Plaintiff is aware defendants Mr. Holt, Mr. Boyd, Mr. Nettles, Mrs Seals and Mr. Blackledge partaked in unappropiate, dangerous be-

bavior / practices in order to interfere with plaintiff ability to think clearly and inform this Court of (their) actions, which could and did cause plaintiff physical and mental harm. When plaintiff filed a 1983 civil suit Case No. 99-D-1405-N) against defendants Holt, Blackledge and several other prison officials concerning violations of [his] civil rights defendants showed plaintiff first hand what they would do to him whenever they wanted to (force pyschotropic drugs into plaintiff body with out Court order and/or affording plaintiff a hearing). Plaintiff often fears defendants and their

associates (other prison officials) will try to subdue plaintiff with force, excessive pyschotropic drugs again as in 2001, three (3) months prior to the evidentiary hearing Case No. 99-D-1405-N). Plaintiff knows first hand through experience defendants will go to extremes to disorient plaintiff again to make it difficult and impossible for him to properly declare the facts and present the issues clearly to this Court with/by the use of pyschotropic drugs. Plaintiff has good reasons to believe Mrs. Seals, Mr. Blackledge conspired with Captain Nettles and Lt. Babers in order to create such situation with

Page 5 of 13

plaintiff in order to place him in the mental health Facility which is being presently built at (B.C.F.). Plaintiff understands the equal protection clauses implements" when one inmate is intitled to certain benefits through criteria, etc., all other inmates which met that criteria must be afforded the same oppertunities regardless of race, gender, or national orgin, etc."

Plaintiff did his best to explain to the Court in his complaint defendants refusual to place plaintiff in protective custody while in the seg. Unit at (B.C.F.). Defendants willingly

discriminated against plaintiff because he is Considered a Afro-American desented and does not have the resources available to him to afford Counsel. Plaintiff truely believes if he was afforded Counsel by the Court the Counselor would incourage and/or insist the defendants detour From any and all Futher motives/acts of retaliation. Plaintiff thinks he understands the Court's View of (him) not having a protective interest concerning also the procedures/criteria effecting [his] classification level. Plaintiff attempts to Manifest defendant Seals Motives which were imple-

mented to expose plaintiff to a level five (5) prison/maximum, wherein, it is easier for defendants and/or their associates to influence other inmates to harm plaintiff physically. Plaintiff knows inmates at maximum prisons often times developing an attitude (which they may believe) they may never live their lives outside the prison walls. If this Honorable Court would afford plaintiff the bare minimum of relief by granting the plaintiff motion for protection order this within itself would relieve some of plaintiff anxieties and fears of being harm at the hands

of these angry defendants.

Plaintiff was denied protective custody (here after referred to as (P.C.)) at (B.C.F.) by defendants Blackledge, Nettles, Holt, Boyd Foster, Ruffin, Bailey, Specks, Jackson, Babers, Williams and M. Austin. Plaintiff sent many request slips to Warden Boyd and Warden Holt by the hands officer Foster, officer Ruffin officer Bailey and other prison officials which work the seg. Unit at (B.C.F.) All such request slips went unanswed. Plaintiff was permitted to talk with ( which has the Authority as a prison officials to change his status to protect him) Captain

Nettles. Plaintiff stayed in the Seg. unit at (B.C.F.) from November 2004 to March 3, 2005. Plaintiff was never afforded the oppertunity to talk with either Warden Holt or Warden Boyd. Plaintiff has good reason to believe if he had, had oppertunity to talk to Warden Holt and/or Warden Boyd plaintiff would have been placed in a single cell as white inmates are placed in single cells for their safety. Plaintiff told/explain how he had been assualt, nevertheless, defendant Babers, Jackson, Blackledge, Bailey and Nettles disregarded plaintiff complaint knowing

(he would be the only prison official with the authority to make the change) in which, plaintiff would be permitted to talk with.

Done this the 17th day of August, 2005.

Respectfully Submitted,

_Richard W. Wright Sr._

Richard Wayne Wright Sr. #187140
Ventress Correctional Facility
Dorm 101B Bed 55IB
Post Office Box 767
Clayton, Ala. 36016

## Certificate of Service

This is to Certify that I am the petitioner in the above en Captioned Matter and I have this 17th day of August 2005. Sent this Motion to object the Magistrate Judge Recommendation to the Clerk of the Court. by way of the U.S. Mail with pre-paid Postage.

        Submitted Respectfully,

        *Richard W. Wright, Sr.*

        Richard Wayne Wright, Sr.
        Petitioner, Pro-se.

## NOTARY STATEMENT

STATE OF ALABAMA )
COUNTY OF BARBOUR )

CONFIRMED TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL ON THIS THE 17th DAY OF August, 2005.

_____
PLAINTIFF, Pro-Se.


_Carolyn R. Abercrombie_                My Commission Expires August 16, 2007
NOTARY PUBLIC                           MY COMMISSION EXPIRES

Page 13 of 13

NAME: Richard Wright AIS #187140 DORM #L0/B Bed 55
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Legal Mail

MIDDLE DISTRICT OF ALABAMA
UNITED STATES COURT HOUSE
15 LEE STREET POST OFFICE
BOX 711
MONTGOMERY, ALABAMA 36101-E