IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD WAYNE WRIGHT, Sr.,
    Plaintiff,

Vs.                  Case #2:05-CV-439-A

SYLVESTER NETTLES, et al.,
    Defendants.

**SPECIAL REPORT OF**
**WILLIAM SEGREST**

Comes now William Segrest, Executive Director for the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

**The Complaint**

Wright pleads various claims under §1983 against various current and former employees of the Department of Corrections and its health care provider. The claims

1

relating to health care do not appear to be directed toward Segrest or toward Carolyn Miles-Pruitt.

Wright contends that Miles-Pruitt, a State Probation & Parole Officer, made statements in a pre-sentence investigation that he contends are false. He contends that he had no opportunity to rebut those statements. He further contends that the report adversely affected his eligibility for prison programs and interfered with his chance for parole.

Wright also raises certain claims against Keith Armagost, who is currently employed as a Probation & Parole Officer. However, at the time of the events complained of, Armagost was employed by the Department of Corrections as a Classification Specialist. The averments against Armagost are directed against him in that capacity.

## Status of the Defendants Listed Above

William Segrest is the Executive Director for the Alabama Board of Pardons & Paroles. He is a merit system employee. He has no authority to grant or deny paroles. When the Board acts to grant relief, he issues

certificates in the Board's name verifying that the order was entered.

Carolyn Miles-Pruitt is retired from State service. She has not been served with process. The papers were served at her former office. The employees of this agency are not authorized to accept service on behalf of retirees.

Ms. Miles-Pruitt was employed as a Probation & Parole Officer. She is being sued for statements made in a pre-sentence investigation.

Keith Armagost is currently employed as a Probation & Parole Officer. At the time of the events giving rise to this suit, he was a Classification Specialist employed by the Department of Corrections. To the best of our knowledge, he has not been served with process. If he is served, we understand that the Department of Corrections will defend him.

### Defenses

Carolyn Miles-Pruitt is absolutely immune from suit for statements contained in a pre-sentence investigation, *Hughes vs. Chesser,* 731 F.2d 1489 (11th

Cir. 1984.) She is not alleged to have performed any act that a reasonable probation & parole officer would believe violated clearly established law, so she is entitled to qualified immunity. She submitted her report in 1996. The statute of limitations bars any claims arising from this transaction. Miles-Pruitt has not been properly served with process. These claims are barred by the judgment in *Wright vs. DeLoach, et al.,* CV-99-D-1405-N, U.S. Dist. Ct, M.D. Ala[1].

    The Complaint fails to state a claim against Segrest. He cannot grant or deny parole, and he is not alleged to have taken any action that deprived Wright of any right, privilege or immunity protected under the Constitution or laws of the United States.

    To the extent that Wright contends that the pre-sentence investigation contains inaccurate information, it fails to state a claim under *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001.) There is no basis for inferring that the decision-makers relied on the allegedly false information, or that they knew that it was false.

---

[1] This agency has long ago closed its file on that case. It appears that the agency's litigation file was purged several years ago. We believe that the case was closed by judgment.

Segrest is not alleged to have performed any act that a reasonable official would believe violated clearly established law, so he is entitled to qualified immunity. Even if Segrest were a person authorized to decide whether to grant or deny parole, an officer in that position would be absolutely immune from suit for making that decision.

Wright's claims for psychological damages arising from the pre-sentence investigation or the denial of parole are barred by statute, as the psychological injury is not accompanied by physical injury.

In any event, Wright does not enjoy a liberty interest in his desire to be paroled. He is not entitled to notice, hearing, explanation or any other procedural protection under the Due Process Clause. His averment that he was denied due process when he was denied parole fails to state a claim against anyone.

## Conclusion

The claims against Segrest are due to be dismissed as frivolous. Although Miles-Pruitt has not been

properly served, the claims against her are also due to be dismissed as frivolous.

```
                         Respectfully submitted,
                         TROY KING
                         ATTORNEY GENERAL

                         GREGORY O. GRIFFIN, SR.
                         CHIEF COUNSEL



                         s/STEVEN M. SIRMON
                         ASSISTANT ATTORNEY GENERAL
                         State Bar#: ASB-5949-S61S
                         Ala. Bd. Pardons and Paroles
                         P.O. Box 302405
                         Montgomery, Alabama 36130
                         Telephone: (334) 242-8700
                         Fax: (334) 353-4423
                         steve.sirmon@alabpp.gov



                         s/HUGH DAVIS
                         DEPUTY ATTORNEY GENERAL
                         State Bar#:  ASB-4358-D63F
                         Ala. Bd. Pardons and Paroles
                         301 South Ripley Street
                         P.O. Box 302405
                         Montgomery, Alabama 36130
                         Telephone: (334) 242-8700
                         Hugh.davis@paroles.alabama.gov
```

**CERTIFICATE OF SERVICE**

I hereby certify that on 9-27-05, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **RICHARD WAYNE WRIGHT, SR.**
> **AIS# 187140**
> **VENTRESS CF**
> **P.O. BOX 767**
> **CLAYTON, AL  36016**

Done this **27**$^{th}$ day of **September**, 2005.

> Respectfully submitted,
>
> s/ STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> 301 South Ripley Street
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> steve.sirmon@alabpp.gov