IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


RICHARD WAYNE WRIGHT, Sr.,
    Plaintiff,



Vs.                          Case #2:05-CV-439-A



SYLVESTER NETTLES, et al.,
    Defendants.



SUPPLEMENTAL
SPECIAL REPORT OF
WILLIAM SEGREST


Comes now William Segrest, Executive Director for
the Alabama Board of Pardons & Paroles, pursuant to
Order dated 30 September 2005, and shows unto the Court
as follows:


**False Information Claim**

The Complaint alleges that Carolyn Miles-Pruitt
knowingly included information in a pre-sentence
investigation that Wright contends is false. As has

1

been previously stated, she is absolutely immune, even if the averment is true.

Wright correctly asserts that he was convicted of burglary first degree and assault second degree. He also correctly asserts that Miles-Pruitt reported that Wright had previously raped and harassed his ex-wife, the sister of the assault victim, and that the victims were afraid of him.

Segrest does not know that these statements in the PSI are false. For what it is worth, he believes the statements to be true. Segrest does not know that these statements were relied on by the Board when it made its decision. For all he knows, the Board would have denied parole because of the underlying convictions. Segrest has taken no action in reliance on that information.

The Complaint is insufficient, according to *Jones vs. Ray,* 279 F. 3d 944 (11th Cir. 2001,) to state a claim for knowing reliance on false information.

## Conclusion

The averment in the Complaint fails to state a claim against Segrest.

Respectfully submitted,
TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 10-11-05, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Gregory Marion Biggs and William Richard Lunsford, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **RICHARD WAYNE WRIGHT, SR.**
> **AIS# 187140**
> **VENTRESS CF**
> **P.O. BOX 767**
> **CLAYTON, AL   36016**

Done this **11**th day of **October**, 2005.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov

4

STATE OF ALABAMA
MONTGOMERY COUNTY

## AFFIDAVIT

Before me, the undersigned authority, personally appeared William Segrest, who is know to me, and after being duly sworn, deposed and said as follows:

"My name is William Segrest. I am employed by the Alabama Board of Pardons & Paroles as its Executive Director. Among my other duties, I supervise the Probation & Parole Officers who manage the various divisions of the agency; I serve as custodian of the agency's records; and I certify the official acts of the Board. I do not have a vote in the decision to grant or deny parole. By statute, that power is vested solely in the Board.

"Carolyn Miles-Pruitt is a retired probation & parole officer, formerly employed by the Alabama Board of Pardons & Paroles. This action arises from a report she submitted in 1996, when she was employed in that capacity. That report contains a detailed description of the prosecution's version of the offenses and surrounding circumstances. That report also contains a statement by Wright regarding the offenses.

"Wright has previously challenged the content of that report in court. He has also had numerous opportunities to explain his position to the Board through letters.

"I have no reason to doubt the truth of any statement contained in the referenced report. For what it is worth, I believe the statements made in the report. However, I have taken no action in reliance on the challenged statements in the report.

"I have no reason to believe that the Board relied on the challenged statements. The Board does not explain why it withholds discretionary relief. It explains why it grants relief. I have no reason to believe that the Board would have granted parole in the

absence of those statements. The nature of Wright's convictions could very well have suffced to persuade the Board that Wright did not present an acceptable risk.

"I am prohibited by statute from producing a copy of any document in the Board's files."

William Segrest

Sworn to & subscribed before me this 11th day of October, 2005.