IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED

2005 OCT 27  A 11: 18

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., | * |
| PLAINTIFF, | * |
| VS. | *  CIVIL CASE NO. 2:05-CV-439-A |
| SYLVESTER NETTLES, et. al. | * |
| DEFENDANT'S. | * |

MOTION IN RESPONSE TO WILLIAM SEGREST

SPECIAL AND SUPPLEMENTAL REPORT

Defendant Segrest would have this Honorable Court to believe that defendant Pruitt is absolutely immune, this would be a premission to allow her to write anything she desirers, without any determining or supporting facts. By defendant Pruitt inserting the false and misleading information into the Pre-Sentence Investigation ( hereafter refered to as (P.S.I.)) report ( concerning the allege rape and harrassment) has harm plaintiff by the stigma attach to alter any and all favorable decision which would give (him) ' limited liberty' in means of prison terms. Through defendant Pruitt report (P.S.I.) in which plaintiff was not aware (during plaintiff sentencing) that defendant Pruitt had design such a report (P.S.I.) that insinuated plaintiff had rape his wife/ex-wife two (2) days prior to the said Burglary I and Assault II. Plaintiff was not allowed or given oppertunity to contest such information because defendant Pruitt privately and secretly inserted said information without properly infroming or notifying plaintiff, plaintiff's counselor or the sentencing Judge. It was not untill approximately two (2) years into plaintiff incarceration for the said Burglary I and Assualt II in which plaintiff was confronted by Mrs. William (Classification Specialist here after refered to as (C/S)) at Draper Correctional Facility (hereafter refered to as (D.C.F.)) with such allegation. Plaintiff was then told by Mrs.

PAGE 1

Williams (C/S) that [she] received information where by [she] prepared said (P.S.I.) report stating plaintiff had rape [his] wife/ex-wife two (2) days before [he] committed the said Burglary I and Assualt II in which [he] was sentence for. Mrs. Williams (C/S) waso opinionated(by the (P.S.I.) report)) and made such insertion that plaintiff did commit the said acts of rape and harrassment and was able to get away with it because plaintiff wife/ex-wife refused to prosecute. Defendant Pruitt must (according to law) inform plaintiff of any inserted information/language which was to be placed in the said P.S.I. report, during the sentencing hearing defendant Pruitt fail to do so. By such acts perform against plaintiff it has placed (him) at a greater disadvantage and stigmatize him in the greatest negative way "look at" in prison and in society.

Defendant Segrest is the Executive Director of the Alabama Board of Pardon and Paroles (hereafter refer to as (Ala. Bd. Pd. & Pr.)) and should have know'why'plaintiff was denied parole. It is understoood Defendant Segrest ((Executive Director) hereafter refered to as (E/D)). Defendant Segrest must ensure Administrative Regulation and Rules are known too and enforce by those under (his) supervision to ensure and/or avoid infringing on the rights of others and to ensure those under (his) supervision are properly train for such reasons. If defendant Segrest is not the sole power (in his official capacity), plaintiff humbly ask defendant segrest to inform plaintiff and this Honorable Court "who" are the said person or persons concerning the decision making to grant or denied parole, so that, plaintiff can properly and quickly address said individuals. defendant Segrest stated, (he) issues certificates in the Board's name (within his report) verifying any order(s) entered granting or denying parole and plaintiff believes defendant Segrest has plaintiff records at (his) disposal, at which time (he) issued said certificates based on the

Board decision.

defendant Segrest has the interest of defending defendant Pruitt actions and claims statute of limitations bars any claims arising against (her) from (her) report (P.S.I.) in 1996. These claims must not be barred by the judgement in Wright-VS-Deloach et. al., CV-99-D-1405-N.

Defendant Pruitt suppose to had prepared and submitted such (P.S.I.) report for the sentencing Court which (she) fail to do. Defendant Pruitt and tje (Ala. Bd. Pd. & Pr.) officials knows or should have known (by reading plaintiff prison file) plaintiff never was given opportunity to refute such language to astablish it has "no" reliability. In Burgress-VS-State 1998 WL 881173 (Ala. Crim. App. 1998), the Court cited United States-VS- Gilter, 889 F.2d 1004, 1007 (11th) Cir. 1989), which held that Courts are permitted to consider heresay testimony at sentence but that due process requires both that the defendant be given an opportunity to refute it and it bear minimal indicia of reliability. As a result of such information being inserted into the P.S.I. report which is used in determining to deny or to grant plaintiff parole, plaintiff was denied parole on August 16, 2004. Plaintiff was "Set Off" five (5) years for the next parole consideration date. This five (5) year postponement created a situation for plaintiff where in (he) was taken off the squard that allowed plaintiff to go out side the fenched in perimeter at Bullock Correction Facility (hereafter refered to as (B.C.F.)). Further more, plaintiff should have been (according to the classification manual and his convicted crime) allowed to earn wages on a job within the community through prison job assignments. Due to defendants malicious and capricious motives (he) has not even been given adequate evaluation to satisfy the requirements set out by the Alabama Department of Correction (hereafter refered to as (A.D.O.C.)).

The Court could not have known intutively the effect the P.S.I. report/

inserted information would have a barring on plaintiff parole hearing consideration before the parole hearing took place, which defendant Segrest referred to in (his) special report. Now the plaintiff understood through general knowledge the said information/P.S.I. report would have a lasting impact on (him) in terms of being considered for parole because (he) had been labeled as a rapist from the start of (his) incarceration. General knowledge shows by society response's and state's within the general public rapist is believe to posses an inward impluse that drives them to violate women or children sexually. Plaintiff reputation had been damage "greatly"" by (his) actions concerning the said Burglary I and Assault II which (he) committed and plead guilt to, never did [he] know prior to 1997 defendant's had inserted "rape language" which were attach to plaintiff domestic dispute(s) [he] and [his] wife/ex-wife had been having prior to plaintiff committing the said Burglary I and Assault II. Plaintiff had never been confronted or address with questions or statements by a law enforcement officer(s) concerning the allegation made to harm [him], yet, these statements and allegation has been put into the said P.S.I. report and insinuated to the readers this was an on going event which lead up to the said Assault II and Burglary I. Defendant Pruitt even went so far as to make up an statement listed "subject statement" which in fact it was rightfully stated in the same P.S.I. report plaintiff did not want to make any statement(s).

## CONCLUSION

Plaintiff ask that this Honorable Court to grant plaintiff attach motion for a show cause order to be issued upon defendant Segrest and/or Board members. Plaintiff further ask that defendant Segrest name the said Board member(s) individually that took part in the decision making process denying plaintiff parole. Plaintiff seeks to Know [who] works in the position, at

which, defendant Pruitt work prior to [her] retirement. Plaintiff ask that this Honorable Court order defendant to expunge the false and misleading information/allegation refering to the allege rape and harrassment, which were submerge into the said P.S.I. report "as" details of the offenses plaintiff plead guilt to, not knowing such language/allegation against [him] existed.

DONE THIS THE 19th DAY OF October, 2005.

RESPECTFULLY SUBMITTED,

RICHARD WAYNE WRIGHT, SR. #187140
VENTRESS CORRECTIONAL FACILITY
DORM 10/B BED 55B
POST OFFICE BOX 767
CLAYTON, ALABAMA 35016

CERTIFICATE OF SERVICE

This is to certify that I am the petitioner in the above encaptioned matter and I have this the 20th day of October, 2005, sent this response to the clerk of this Court and the following defendant's Counsel(s):

DAVID B. BLOCK
WILLIAM R. LUNSFORD
BALCH & BINGHAM LLP
POST OFFICE BOX 18668
HUNTSVILLE, ALABAMA 35804-8668

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
ALABAMA BOARD PARDON AND PAROLES
POST OFFICE BOX 302405
MONTGOMERY, ALABAMA 36130

KIM T. THOMAS
GREGG ,M BIGGS
ALABAMA DEPARTMENT OF CORRECTION
    LEGAL DIVISION
301 RIPLEY STREET
MONTGOMERY, ALABAMA 36130

by placing same in the United States mail box at Ventress Correctional

facility, ( Ventress Legal Mail Box ) first class postage prepaid and properly address this on the 20th day of October, 2005.

RESPECTFULLY SUBMITTED,

_____
RICHARD WAYNE WRIGHT, SR., #187140
Plaintiff, Pro-Se.

NOTARY STATEMENT

STATE OF ALABAMA)
COUNTY OF BARBOUR)

Confirmed to and subscribed before me and given under my hand and official seal on this the 20th day of October, 2005.

_____
RICHARD WAYNE WRIGHT, SR., #187140
Plaintiff, Pro-Se.

_____          My Commission Expires August 18, 2007
NOTARY PUBLIC                             _____
                                          MY COMMISSION EXPIRES