IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05-CV-439-A |
| ) | |
| SYLVESTER NETTLES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO ORDER TO SHOW CAUSE

COME NOW Defendants TAHIR SIDDIQ, MD ("Dr. Siddiq"), KATHERINE TAYLOR, LPN ("Nurse Taylor"), SAMUEL RAYAPATI, MD ("Dr. Rayapati"), NETTIE BURKS, HSA ("Ms. Burks"), CELESTE HUNTER, LPN ("Nurse Hunter") and PRISON HEALTH SERVICES, INC. ("PHS," collectively with Dr. Siddiq, Nurse Taylor, Dr. Rayapati, Ms. Burks and Nurse Hunter, the "PHS Defendants"), and submit this response to the Court's Order dated October 14, 2005, requiring all Defendants in the above-styled action[1] to show cause why the Court should not grant the Motion for Preliminary Injunction[2] filed by Plaintiff Richard Wayne Wright ("Plaintiff"). In response to Plaintiff's Motion for Preliminary Injunction, PHS Defendants state as follows:

---

[1] In his Amended Complaint, Plaintiff identifies the following individuals as Defendants in this case: Tahir Siddiq M.D., Williams Sanders, Sherry Seals, Selvester Nettles, Larry Ligon, Paul Phillips, Walton Solomon, Mose Foster, Dr. Hammer, Alberta Williams, Gwendolyn Babers, Officer Rudolph (B/F), Prison Health Services (P.H.S.), Brenda Austin, Robert Washington, Elizabeth Laseter, Anthony Jackson, Melvin Austin, Mrs. Biven-tutt, Sgt. Davis, Mrs. Gormon, Dr. Smith, Nurse Taylor, Alex Rudolph, Keith Armagost, Harvey Ruffin, Sgt. Specks, Officer Ellis, Officer Franklin, Charles Blackledge, Eric Williams, Timothy Holmes, Brian Hampton, Johnny Bailey, Micheal Strickland, Janet Hicks, Mark Bruton, Sharon Holland, Camella Cargle, Nurse Hunter, Dr. Rayapati (M.D.), Mr. Jenkins, Kenneth Cargle, Veronica Stringer, John Dowling, M.L. Monk (COS II), N. Burks (HAS), Carolyn Longmire, Lt. Taylor, Officer Pullum (B/M)(COI), William C. Segrest, Carolyn Miles-Pruitt (collectively, the "Defendants").

[2] Plaintiff titled this document a Motion for Injunction Preventing the Use of Psychotropic Drugs Implement Upon Plaintiff. This Court properly construed Plaintiff's document as a Motion for Preliminary Injunction.

85083.2

1. A review of the salient facts pertaining to Plaintiff's requested injunctive relief and the applicable burden upon Plaintiff in moving for such injunctive relief demonstrates that Plaintiff's Motion for Preliminary Injunction is due to be denied.

2. The undisputed evidence presented in support of this Response demonstrates that (1) Plaintiff has not received any psychotropic medications since June of 2003 (See Affidavit of Nettie Burks ("Burks Aff.") at ¶¶ 8-9, Ex. A & B);[3] (2) Plaintiff does not have any current prescription for any psychotropic medications (Id.); and (3) Plaintiff has a documented history of violence against others, which may require the prescription and administration of psychotropic medication in the future to protect himself as well as the correctional officers, staff members and other inmates at Ventress. (Id. at ¶ 10, Ex. C, D & E). Based upon these facts alone, Plaintiff's Motion for Preliminary Injunction is moot.

3. Before a preliminary injunction may be issued, the individual seeking the injunction must demonstrate each and every one of the following elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened harm to the plaintiff outweighs any harm that the injunction may cause the defendant; and (4) the public interest will not be disserved by the grant of a preliminary injunction.

Laube v. Haley, 234 F. Supp. 2d 1227, 1230 (M.D. Ala. 2002); Alabama v. United States Army Corps of Eng'rs, No. 03-16424 & 05-11123, 2005 U.S. App. LEXIS 20058, at *22 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). As demonstrated in the supporting Memorandum of Law, Plaintiff fails to establish any of these four required elements for the issuance of injunctive relief.

---

[3] A true and correct copy of the Affidavit of Nettie Burks is attached as **Exhibit "A"** to the Memorandum of Law in Support of this Response.

4.  According to 18 U.S.C. § 3626(a)(2), any preliminary injunctive relief granted by this Court should not extend beyond ninety (90) days from the date of such order. There is no basis for any factual findings which would allow such relief to extend beyond this ninety (90) day period.

WHEREFORE, PREMISES CONSIDERED, PHS Defendants respectfully request that this Court declare Plaintiff's Motion for Preliminary Injunction as moot, or in the alternative, that the Court deny Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted on this the 28th day of October, 2005.

/s/ William R. Lunsford
One of the Attorneys for PHS Defendants

**OF COUNSEL:**

David B. Block
William R. Lunsford
BALCH & BINGHAM LLP
Post Office Box 18668
Huntsville, AL 35804-8668
Telephone: (256) 551-0171
Facsimile: (256) 512-0119

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected by email to the CM/ECF participants or by postage prepaid first class mail to the following this the 28th day of October, 2005:

Richard Wayne Wright, Sr.
AIS# 187140
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

Gregory Marion Biggs
Department of Corrections
P.O. Box 301501
301 Ripley Street
Montgomery, AL 36130

Steven Mallette Sirmon
Alabama Board of Pardons & Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, AL 36130

Hugh Davis
Alabama Board of Pardons & Paroles
P.O. Box 302405
Montgomery, AL 36130-2405

                                            /s/ William R. Lunsford
                                            Of Counsel