# Exhibit "B"
# to Memorandum of Law
## Wall v. Ferrero

LEXSEE 2005 U.S. APP. LEXIS 15769

**MARCIA WALL, CONNIE BRUCE, SONYA BEAUFORD, CHARLOTT GARRISON, ANGLEA M. GOURLEY, DONNA MADDOX, Plaintiffs-Appellants, CAROL SUE ROBERSON, Movant-Appellant v. JOE FERRERO, JAMES DOCTOR, DR. JOSEPH PARIS, ALEXIS CHASE, OFFICER CUNNINGHAM, LT. ABRAM, LT. COLEMAN, DR. DALRYMPLE, Defendants-Appellees, OFFICER ADAMS, et al., Defendants**

**No. 04-16516 Non-Argument Calendar**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

*142 Fed. Appx. 405; 2005 U.S. App. LEXIS 15769*

**July 29, 2005, Decided**
**July 29, 2005, Filed**

**NOTICE:** [*1] NOT FOR PUBLICATION

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of Georgia. D. C. Docket No. 03-02463-CV-BBM-1.

**DISPOSITION:** AFFIRMED.

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
*Civil Procedure > Trials > Judicial Discretion*
[HN1] The decision to grant or deny a preliminary injunction is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion.

*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN2] The court of appeals reviews the district court's legal conclusions de novo.

*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN3] Findings of fact are reviewed for clear error.

*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
*Evidence > Procedural Considerations > Burdens of Proof*

[HN4] The well-established four-factor test for preliminary injunctive relief requires a movant demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.

*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN5] A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites.

*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN6] A grant of a preliminary injunction is the exception rather than the rule, and the movant must clearly carry the burden of persuasion.

*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN7] The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim for a preliminary injunction, regardless of the party's ability to establish any of the other elements.

142 Fed. Appx. 405; 2005 U.S. App. LEXIS 15769, *

*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*

[HN8] The absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.

**COUNSEL:** For Marcia Wall, Appellant: McNeill Stokes, ATLANTA, GA

For Carol Sue Roberson, ATLANTA, GA, Appellant: McNeill Stokes, ATLANTA, GA

For Connie Bruce, Appellant: McNeill Stokes, ATLANTA, GA

For Soyna Beauford, Appellant: McNeill Stokes, ATLANTA, GA

For Charlotte Garrison, Appellant: McNeill Stokes, ATLANTA, GA

For Anglea M. Gourley, Appellant: McNeill Stokes, ATLANTA, GA

For Donna Maddox, Appellant: McNeill Stokes, ATLANTA, GA

For Joe Ferrero, Appellee: George Weaver, HOLLBERG & WEAVER, LLP, ATLANTA, GA

For Alexis Chase, Appellee: Kevin Thomas McMurry, Hollberg & Weaver, LLP, Atlanta, GA

For Officer Cunningham, Appellee: Kevin Thomas McMurry, Hollberg & Weaver, LLP, Atlanta, GA

For Lt. Abram, Appellee: Kevin Thomas McMurry, Hollberg & Weaver, LLP, Atlanta, GA

For Lt. Coleman, Appellee: Kevin Thomas McMurry, Hollberg & Weaver, LLP, Atlanta, GA

For Dr. Dalrymple, Appellee: Kevin Thomas McMurry, Hollberg & Weaver, LLP, Atlanta, GA

**JUDGES:** Before HULL, MARCUS and WILSON, Circuit [*2] Judges.

**OPINION:**

Plaintiffs, eight current and former state prison inmates, pursuant to *42 U.S.C. § 1983*, sued the Georgia Department of Corrections ("GDOC"); three GDOC officials; and the warden, two medical doctors, and six corrections officers at Washington State Prison, a division of the GDOC, alleging violations of the *First, Eighth,*

and *Fourteenth Amendments*. More specifically, Plaintiffs asserted they were subjected to poisonous spiders and contracted staphylococcus infections from prison conditions; received inadequate medical attention; were victims of discrimination based on race; and suffered retaliation after filing grievances. In this interlocutory appeal, Plaintiff Marcia Wall appeals the district court's denial of her Motion for Equitable Relief. n1 Construing this Motion as a request for preliminary injunctive relief (as the district court did), since we would lack interlocutory jurisdiction over an order denying permanent relief, we affirm. See *28 U.S.C. §§ 1291, 1292(a)(1)*.

n1 In its order, the district court also: granted in part the Defendant's motion for summary judgment; dismissed the claims of Plaintiffs Bruce, Garrison, Beauford, Gourley, Maddox, and Roberson; dismissed Defendants Ferrero, Doctor, and Paris from the case; and denied or overruled pretrial motions. On March 10, 2005, we dismissed this appeal as to the other issues based on our lack of jurisdiction to review those portions of the order on an interlocutory basis. Accordingly, in this opinion we address only the denial of Wall's motion for equitable relief. To the extent Wall raises other claims in her brief, we again note that we do not have jursisdiciton to review those aspects of the district court's order.

[*3]

[HN1] The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002)*. [HN2] We review the district court's legal conclusions de novo. *Cumulus Media, Inc. v. Clear Channel Communications, Inc., 304 F.3d 1167, 1171-72 (11th Cir. 2002)*. [HN3] Findings of fact are reviewed for clear error. *Id. at 1171.*

In denying Wall's motion, the district court applied [HN4] the well-established four-factor test for preliminary injunctive relief. Wall must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Wall outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer, 287 F.3d at 1329*. [HN5] "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. See *McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)* [*4] (internal citations and quotations omitted); see also *Texas*

142 Fed. Appx. 405; 2005 U.S. App. LEXIS 15769, *

*v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)* [HN6] (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). [HN7] The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)*; see also *Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)* (noting that [HN8] "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The district court denied Wall's Motion, finding that Wall "only conclusorily asserts that the four factors are met" and noting that, "although the bulk of the Motion [for Equitable Relief] could be interpreted as a thirty-four page discussion of Plaintiffs' likelihood of success on the merits, the Motion barely addresses the questions of irreparable harm, balancing on the equities, and whether the issuance of an injunction **[*5]** would be in the public interest." In her brief, Wall essentially makes the same argument she made below. She does not apply the four-factor test nor does she suggest how she has satisfied each factor. On this record, we find no clear abuse of the district court's broad discretion in its decision on Wall's Motion, as she did not satisfy her burden of persuasion on each of the four elements that are prerequisites for the entry of such extraordinary relief. Accordingly, we affirm the district court's denial of Wall's Motion.

**AFFIRMED.**