IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| AIS #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-439-A |
| ) | WO |
| ) | |
| SYLVESTER NETTLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Richard Wayne Wright, Sr. ["Wright"], a state inmate, asserts various violations of his constitutional rights. On October 6, 2005, the plaintiff filed a document (Court Doc. No. 55), which the court construed as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. In this motion, Wright requests issuance of an injunction "restricting and forbidding [the defendants] use of psychotropic drugs into plaintiff body to further interrupt his thought pattern." *Motion for Preliminary Injunction - Court Doc. No. 55* at 1. In response to this motion, the medical defendants assert that Wright has not been prescribed nor received any psychotropic medication since June of 2003. *See Medical Defendants' Response - Court Doc. No. 62* at 2. They further maintain that the court should not issue a preliminary injunction because Wright's "documented history of violence against others . . . may require the prescription and

administration of psychotropic medication in the future to protect [Wright] as well as the correctional officers, staff members and other inmates at Ventress." *Id*. The evidentiary materials submitted by the medical defendants support their arguments.

Upon consideration of the motion for preliminary injunction and the response to this motion filed by the medical defendants, the court concludes that the motion for preliminary injunction is due to be denied.

## DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Wright must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Wright outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry

the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Wright fails to present any evidence of a substantial likelihood of success on the merits, *see e.g. Washington v. Harper,* 494 U.S. 210, 229 (1990) (while "[t]he forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty," the State's policy as to administering unwanted antipsychotic medication comported with due process requirements as it was reasonably related to the State's legitimate interest in preventing harm to the inmate and others and was in the inmate's medical interest) or that he will suffer irreparable harm absent issuance of a preliminary injunction. He also fails to address balancing the equities of the parties or whether the issuance of an injunction would be in the public interest. The pleadings before the court therefore fail to establish that Wright meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction filed by the plaintiff on October 6, 2005 be DENIED.

It is further

ORDERED that on or before November 14, 2005 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 31st day of October, 2005.

/s/Charles S. Coody
CHARLES S. COOODY
CHIEF UNITED STATES MAGISTRATE JUDGE