IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE WRIGHT, <br> AIS # 187140 | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-439-A |
| SYLVESTER NETTLES, et al.; | ) <br> ) <br> ) | |
| Defendants. | ) | |

## SPECIAL REPORT

**COMES NOW** the Defendants, by and through counsel, and files this Special Report by submitting the following:

## PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Richard Wayne Wright (AIS#187140) is an inmate in the Ventress Correctional Facility located in Clayton, Alabama. Wright had been an inmate housed in the Bullock Correctional Facility. During the majority of the time made the basis of the Plaintiff's allegations, Wright was housed at Bullock Correctional Facility in Union Springs, Alabama. He is presently housed at Ventress Correctional Facility in Clayton, Alabama.

2. The Plaintiff seeks injunctive relief and monetary damages (See Amended Complaint).

3. As directed, the Defendant has undertaken a review of the Plaintiff Wright's claims to determine facts and circumstances relevant thereto. At this time, the Defendant is submitting this Report, which is supported by the following:

## Bullock Correctional Facility

Affidavits of Correctional Officer Supervisor II, Sylvester Nettles (See Exhibit "A"), the Affidavit of Correctional Officer, Alfonso Franklin (See Exhibit "B"), the Affidavit of Correctional Warden III, Arnold M. Holt (See Exhibit "C"), the Affidavit of Classification Specialist, Sherry Seals (See Exhibit "D"), Affidavit of Correctional Officer II, Larry Ligon (See Exhibit "E"), Affidavit of Correctional Officer I, Paul Phillips (See Exhibit "F"), Affidavit of Correctional Officer I, Janet Hicks (See Exhibit "G"), Affidavit of Correctional Officer I, Johnny Bailey (See Exhibit "H"), Affidavit of Correctional Officer I, Eric Williams (See Exhibit "I"), Affidavit of Correctional Officer I, Bruce Hampton (See Exhibit "J"), the Affidavit of Classification Specialist Supervisor, Charles S. Blackledge (See Exhibit "K"),  Affidavit of Correctional Officer I, Julia Ellis (See Exhibit "L"), Affidavit of Correctional Officer II, Cedric Specks  (See Exhibit "M"), Affidavit of Correctional Officer I, Harvey Ruffin   (See Exhibit "N"), Affidavit of Correctional Officer I, Alex K, Rudolph (See Exhibit "O"), Affidavit of Correctional Officer II, Billy Davis  (See Exhibit "P"), Affidavit of Correctional Officer I, Melvin Austin  (See Exhibit "Q"), Affidavit of Correctional Officer II, Anthony Jackson (See Exhibit "R"), Affidavit of Correctional Officer I, Elizabeth Laseter (See Exhibit "S"), Affidavit of Correctional Officer I, Robert Washington (See Exhibit "T"), Affidavit of Correctional Officer I, Brenda Austin (see Exhibit "U"), Affidavit of Correctional Officer I, Linda Rudolph (See Exhibit "V"), Affidavit of Correctional Officer II, Alberta Williams  (See Exhibit "W"), Affidavit of Correctional Officer Supervisor, Gwendolyn Babers (See Exhibit "X"), Affidavit of Correctional Officer I, Mose Foster (See Exhibit "Y"),

**Ventress Correctional Facility**

Affidavit of Correctional Officer II, Carmelia A. Cargle (See Exhibit "Z"), Affidavit of Correctional Officer I, David Pullom, (See Exhibit "AA"), Affidavit of Correctional Officer I, Veronica Stringer, (See Exhibit "BB"), Affidavit of Psychological Associate II James G. Jenkins (See Exhibit CC"), Affidavit of Correctional Officer II, Carolyn Longmire (See Exhibit "DD"), Affidavit of Correctional Officer Supervisor I, John S. Dowling (See Exhibit "EE"), Affidavit of Correctional Officer Supervisor II, Marshal L. Monk (See Exhibit "FF"), Affidavit of Correctional Officer Supervisor I, Mary R. Taylor (See Exhibit "GG"), Affidavit of Correctional Officer Supervisor I, Sharon McSwain-Holland (See Exhibit "HH"), the Affidavit of Classification Supervisor, Mark S. Burton (See Exhibit "II"), and Administrative Regulation # 403 of the Alabama Department of Corrections (See Exhibit "JJ").

**DEFENDANTS**

1. Michael Strickland, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

2. Alfonso Franklin, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

3. Larry Ligon, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

4. Paul Phillips, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

5. Mose Foster, Bullock Correctional Facility POB 5107, Union Springs, Alabama.

6. Alex J. Rudolph, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

7. Sylvester Nettles, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

8. Melvin Austin, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

9. Brenda Austin, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

10. Alberta Williams, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

11. Gwendolyn Babers, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

12. Robert Washington, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

13. Elizabeth Laseter, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

14. Anthony Jackson, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

15. Billy Davis, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

16. Harvey Ruffin, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

17. Charles Blackledge, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

18. Eric Williams, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

19. Bruce Hampton, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

20. Janet Hicks, Frank Lee Youth Center, P.O. Box 220410, Deatsville, Al. 36022

21. Julia Ellis, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

22. Eric Williams, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

23. Johnny Bailey, Bullock Correctional Facility, POB 5107, Union Springs, Alabama.

24. Mark Burton, Ventress Correctional Facility, POB 767, Clayton, Alabama

25. Shan Holland, Ventress Correctional Facility, POB 767, Clayton, Alabama

26. Carmelia Cagle, Ventress Correctional Facility, POB 767, Clayton, Alabama

27. Jones T. Jenkins, Ventress Correctional Facility, POB 767, Clayton, Alabama

28. Kenneth Cargle, Ventress Correctional Facility, POB 767, Clayton, Alabama

29. Veronica Stringer, Ventress Correctional Facility, POB 767, Clayton, Alabama

30. John Dowling, Ventress Correctional Facility, POB 767, Clayton, Alabama

31. Marshal Monk, Ventress Correctional Facility, POB 767, Clayton, Alabama

32. Carolyn Longmire, Ventress Correctional Facility, POB 767, Clayton, Alabama

33. Mary R. Taylor, Ventress Correctional Facility, POB 767, Clayton, Alabama

34. David Pullom, Ventress Correctional Facility, POB 767, Clayton, Alabama

## DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Amended Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and avers it is clear from the face of the Amended Complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Amended Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Edu. of Escambia County, 880 F. 2d 305, 309 (11th. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence, assumption of the risk, and statute of limitations.

17. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The Plaintiff's claims are moot.

## ARGUMENT

The Plaintiff (hereinafter referred to as "Wright") sues a host of defendants with the Alabama Department of Corrections assumingly on a potential § 1983 theory. Of course, it is difficult to precisely outline the remaining potential claims, but the Defendants will attempt to identify each purported claim and make their arguments.

Accordingly, the language of 42 U.S.C. § 1983 requires proof of a causal connection between the purported actions or omissions of the defendants and any constitutional deprivation. Jones v. Pruett & Mauldin, 851 F. 2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of these defendants, a policy or custom established by these defendants that resulted in a deliberate indifference to the plaintiff's decedent's rights or breach of a duty imposed by state or local law. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). Wright's Amended Complaint fails to specifically allege that any of these defendants had the ability to establish a custom or policy in regards to the alleged actions or omissions of the personnel at the facility. Further, the Amended Complaint fails to allege a causal connection between the purported custom or policy and alleged damages of Wright. Finally, Wright's Amended Complaint is styled naming several defendants at Bullock

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

Correctional Facility, Frank Lee Youth Facility, and Ventress Correctional Facility but there are no allegations contained in the Amended Complaint addressing what, if anything, they may have purported to have done. Wright's Amended Complaint is plagued with conclusory allegations having no basis in fact or law and all should be dismissed in their entirety.

Further, to the extent that Wright has sued any of the defendants in their official capacities, they are all employees of the State of Alabama and cannot be held liable in damages in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has said:

> [T]here can be no doubt, however, that suit against the Sate and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed. 2d 662(1974); Ford Motor Co. v. Dept. of Treasury, 323 U. S. 459, 65 S. ct. 347, 89 L. Ed 2d 389 (1985).

To the extent that Wright has sued these defendants in their official capacities; the suit is against the state. These defendants are absolutely immune from suit. The defendants are entitled to qualified immunity from all claims asserted by Wright in this case. If Wright was able to show in someway that any defendant was acting in his discretionary authority, the burden then shifts to Wright to show that the defendant violated clearly established law based upon objective standards. See Eubanks v. Gerwin, 40. F. 3d 1157, 1160(11th Cir. 1994). Clearly, Wright has not done so. Wright must allege that any or all defendant violated a right clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F. 2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part , rec'd

in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S, Ct. 3034, 3039(1987)

Therefore, to defeat summary judgment Wright must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F.3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1151 (11th Cir. 1994).There is no case law from the United States Supreme Court , the Eleventh Circuit Court of Appeals, or District Court sitting within the Eleventh Circuit showing under the facts of this case, it was clearly established that these alleged actions violated Wright's constitutional rights.

### Due Process, "False" Information, and "Holds"

Initially, Wright claims that the Medical Review Committee (MRC) recommended treatment based upon "false and misleading" information (see Amended Complaint, pp. 3-5). Wright further alleges that he "believes" (without any basis in fact) that MRC ruled that forced medication should be forbidden (Id.). Wright further claims

that after "repeated" requests of Defendants Nettles, Ruffin, and Gorman of the MRC reports that he purportedly was denied these in violation of his "due process" (Id.). Wright later claims Defendants Seals and Aramagost placed into his file information suggesting that he was mentally ill (Id.). Wright ends this particular claim with allegations that Defendants Nettles and Blackledge created "holds" "hindering" a liberty interest (Id.).

Two of the defendants have responded to the unfounded conclusions of Wright. In sum, Wright asked to receive a report concerning purported forced medication (See affidavit of Ruffin, exhibit "N"). Wright was advised to seek access from the mental health professional by Defendant Ruffin who indicates that Wright simply could ask them as they visit (Id.). The mere failure of these defendants to immediately react to the demands of Wright to a "report" does not arise to a denial of due process. In <u>Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 109 S. Ct. 1904,1908,105 L. Ed. 2d 506 (1989),</u> the Supreme Court stated "types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; the interest must arise to more than 'an abstract need or desire' and must be based on more than a unilateral hope." Wright does not demonstrate a legitimate right to the "report" (if it exists) and thus, he can not claim a denial of due process.

Additionally, Defendant Blackledge states that he denies placing any holds or restraints upon Wright and also denies subjecting him to any so-called pain and injury (See affidavit of Blackledge, exhibit "K"). Further, defendant Seals emphatically denies that she has wrongfully placed any information in his file to cause anyone to believe that he is mentally ill (See affidavit of Seals, exhibit "D"). Seals suggest that if she did place

any information in a file that it was at the direction of the mental health staff (Id). Seals also denied any purported holds being placed upon Wright (Id.).

### **Allegation of False Charges**

Wright continues to make other unfounded assertions against defendant Brenda Austin suggesting she had made false charges against him for the act of masturbation (See Amended Complaint pp. 5-7). Wright further suggests that he was wrongfully found guilty by defendant Smith (Id.). Wright concludes this section of allegations claiming that defendant Hicks, under supervision of defendant Nettles, ignored administrative regulations that forbid her from sitting as a hearing officer (Id.). Here, Wright's claims are misplaced because the hearing officer was a Cedric Smith (See affidavit of Arnold Holt, exhibit "C").

The underlying facts supporting the disciplinary charges and findings are found in records attached to the affidavit of Arnold Holt, exhibit "C", and the affidavit of Brenda Austin, exhibit "U". On August 16, 2003, Defendant Austin observes Wright masturbating in his dorm (Id.). As a result, Austin charges Wright with indecent exposure (Id.). Wright was served copies of the charges and the hearing was set for September 17, 2003. Hearing Officer Smith found Wright guilty of the charges and recommended punishment.

During the above process the initial date had to be canceled and rescheduled. Wright claims "fraud" because of the second service of the rescheduling notice (See affidavit of Janet Hicks exhibit "G"). Defendant Hicks explains that she served a rescheduling notice upon Wright because Defendant Brenda Austin was sick and could not (Id.). The initial disciplinary was *nol prossed* and it was recommended that the

disciplinary be reinitiated (Id.). This was done in compliance with the guidelines of the administrative regulations (Id.) (See Administrative Regulation 403 of the Alabama Department of Corrections, exhibit "JJ").

**Assault on Inmate Walter Solomon**

Wright further asserts claims arising out of an alleged assault between Wright and another inmate, Walter Solomon, on or about November 2, 2004 (See Amended Complaint pp. 11-12). Again, in summary fashion, Wright makes bald assertions that a number of defendants did something to him. Wright claims that defendants Babers, Davis, Jackson, Holmes, and E. Williams "doctored a statement" that expressed Wright's confession to the assault (Id.). Defendant Babers states that Wright indeed admitted to his assault of the other inmate (See affidavit of Gwendolyn Babers, exhibit "E" and affidavit of Holt, exhibit "C"). Wright offers no factual support to the accusations of any "doctoring", and thus, these claims are truly have no merit.

Wright further suggests that there was some irregularity concerning his disciplinary that arose from the allegations of assault on Solomon occurring on or about November 3, 2004 (See Amended Complaint pp.11-12). In this regard, Wright was properly served with charges of violating rule # 31, Assault on Another Inmate (See affidavit of Holt, exhibit "C" and Rule 31 of Administrative Rule 403 of the Alabama Department of Corrections exhibit "KK"). The hearing Officer Robert Washington ultimately found Wright guilty and recommended 30 days loss of store privileges, visiting privileges, phone use privileges, and confined to segregation for 21 days (Id.). The recommended punishment was approved by the prison's warden on December 1, 2004 (See attached affidavit of Arnold M. Holt, exhibit "AA", pages 20 to end). Wright

is not entitled to due process protection since his punishment was only loss of privileges. See <u>Wolf v. McDonnell,</u> 418 U.S. 539 (1974). Regardless, any claim that Wright was denied due process is without any foundation as he has not been denied any liberty interest in his resulting punishment.

### Claims of Staged Assaults on Other Inmate

Wright further states allegations in regards defendants Nettles and Specks, either actually or faking beatings of another inmate on the other side of a closed door (See page 13-15 of Complaint). Assumingly, this was to cause Wright emotional distress (Id.). Specks indicates that he has no idea about this accusation (See affidavit of Cedric Specks, exhibit "M"). Nettles suggests that Wright has a mental problem and was placed in segregation for his assault upon another inmate (See affidavit of Nettles exhibit "A"). Nettles states that Wright refuses to get treatment (Id.). Nettles cannot comment on any hallucination and/or false statements made by Wright in regards to any alleged beatings of any other inmate (Id.).

### Shaving Profile

Wright claims that he was threatened by defendants Holland and Cargle in regards to his shaving profile (See Amended Complaint pages 19- 22). Defendant Holland (McSwain-Holland) states that she monitors the appearance of all inmates entering the dining hall to ensure their compliance with departmental and institutional policies (See affidavit of Sharon McSwain-Holland exhibit "HH"). Having their own medical profiles, each inmate is expected to be in compliance with its specifications (Id.). In the event that an inmate is not in compliance, he is directed to the infirmary for the medical staff to orientate or validate the profile as necessary (Id.). In fulfilling this directive, Holland

never threatened violence towards Wright (Id.). Holland states that there is no incident where she has acting in anyway but professional towards Wright, and clearly, reassures that Wright is safe from any unwarranted action (Id.). The statements of defendant Cargle are basically the same as McSwain Holland (See affidavit of Cargle exhibit "Z").

### Claims of Failure to Provide Protective Custody

Wright also claims that defendants Dowling and Monk allowed him to be placed in a dangerous environment by putting him in population with an inmate Jones (See Amended Complaint pp.15-16). In response, defendant Dowling states that Wright had claimed an enemy situation at Ventress, and he referred the matter to classification. In sum, there was no verification of this enemy situation. (See affidavit of Dowling exhibit "EE"). Defendant Mark S. Burton states he is Classification Supervisor at Ventress and he is charged with looking into the purported enemy situation of Wright (See affidavit of Burton exhibit "II"). When advised of a potential enemy situation, Burton placed Wright into segregation for his protection (Id.). Burton further states that after a thorough investigation, there was nothing to validate the purported enemy situation (Id.) Thus, there were no facts supporting any need for protective custody.

Even if taken as true the statement of facts by Wright, these defendants are entitled to have the case dismissed. When officials are aware of a danger to an inmate's health and safety ….it does violate the constitutional proscription against cruel and unusual punishment to fail to afford that inmate reasonable protection. Gullatte v. Potts, 654 F. 2d 1007at 1012 (5th Cir. 1981). To establish a deprivation of Eight Amendment rights, a prisoner must show deliberate indifference on the part of the prison officials to the prisoner's need for reasonable protection from violence. Williams v. Bennett, 689 F.

2d 1370, 1380 (11th Cir. 1982), *cert denied,* 464 U.S. 932 (1983). Thus, the law only requires that the prison officials who are aware or who should be aware of a threat to an inmate must act reasonably to provide that inmate protection from the danger. In this case, there was no real indication to any of the defendants that Wright was in immediate danger from any inmate. Even if there was evidence of a "threat", there is no evidence that any of the defendants made a subjective decision to be deliberately indifferent to this supposed "threat." These claims have no merit as well.

Pursuant to the Court's August 4, 2005 Order, the defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The defendants have demonstrated through their evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that the defendants are therefore, entitled to a judgment in their favor as a matter of law. Wright's submissions clearly fail to meet his required burden.

## CONCLUSION

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, the defendants requests that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in their favor.

    Respectfully submitted,

    KIM T. THOMAS
    DEPUTY ATTORNEY GENERAL
    GENERAL COUNSEL

    /s/GREG BIGGS
    GREG BIGGS (BIG004)

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages

                ASSISTANT ATTORNEY GENERAL
                ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Dept. of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL  36130
(334) 353-3885

## CERTIFICATE OF SERVICE

     I do hereby certify that on the 14th of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

     And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

     Inmate Richard Wright
     AIS # 187140
     Ventress Correctional Facility
     P.O. Box 767
     Clayton, AL.  36016

               /s/GREG BIGGS
              GREG BIGGS
              ASSISTANT ATTORNEY GENERAL
              ASSISTANT GENERAL COUNSEL