IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RICHARD WAYNE WRIGHT, A 10: 09          *
    PLAINTIFF,Pro-se.,          *
                                       *
                                       *
      -VS-          *    CIVIL ACTION NO. 2:05-CV-439-A-WO
                                       *
                                       *
SYLVESTER NETTLES, ET. AL.,          *
    DEFENDANT.          *
                                       *

<u>MOTION FOR OBJECTION TO THE MAGISTRATE JUDGE</u>
<u>RECOMMENDATION TO DENY PLAINTIFF MOTION</u>
<u>FOR INJUNCTION PREVENTING THE USE OF PYSCHOTROPIC DRUGS</u>

    Plaintiff earnestly ask this Honorable Court to protect him from defen-
dents (listed employees) within the Alabama Department of Correction (hereafter
refered to as (A.D.O.C.)) power to use pyschotropic drugs on plaintiff for
'WHATEVER' cause (without) properly bring plaintiff before a probate Judge
for a properly order evaluation as prescribe due process of law. Defendant
Burks has asserted that plaintiff has a documented history (failing to present
such documented history) of vilence against [others] (others is described as a
broad statement) in which defendant burks seeks to justify another assault
(use of psychotropic drugs showing [her] willingness to assist the other(s)
in [their] attempt) upon plaintiff, as plaintiff has described within his
original complaint, amended complaint and motion for an injunction (Court
DOC. NO. 55). As a result of defendant Burks associate's excessive, inappro
priated use of psychotropic drugs plaintiff is presently having many health
problems in which defendant Burks and the other medical care (staff) defendants
'have not' mention, nor presented sick call slips, doctor prognosis, nurse
assessment, ect. Plaintiff did not Know prior to defendant Burks response that (she)
is the proxy for the mental health management. Neither did defendant Burks

PAGE <u>1</u> OF <u>21</u>

clarify [she] is trained to properly instruct this Honorable Court in matter

concerning mental health issues. If defendant Burks and the other midical care

defendants are train in maental health issues and are able to function in both

[feilds] plaintiff ask that [they] not only indicate this fact to this Honor-

able Court, but also present the mental health evaluation forms and discribe

to this Honorable Court [their]use of psychotropic drugs in relation to the

initial use of those drugs upon/into plaintiff, as well as the reasons for

[their] use each time 'they' were used in [there] intervals. Defendant Burks

as the "'proxy" for the mental health management has failed to produce the

proper prison files records concerning plaintiff health issue for this Honor-

able Court to see. In  order for plaintiff to astablish facts (as best [he]

can) by defendant presenting essential documents concerning his health care

history and the lack of care/treatment [he] was denied due to malicious,

capricious and arbitrary motives.

        Defendant Burks would have this Honorable Court to believe [they] may

have to administer psychotropic medication/mind altering drugs to protect

plaintiff Wright this is far from the truth. Plaintiff Wright has been expose

to other inmates which had made verbal threats (inmate Gallaway Walton Solomon,

Julio Marques, Samual Jones, Marshal Jones and Elisha Sims). Some of these

inmate excuted physical force in which plaitiff had to defend him self until

D.O.C. OFFICIAL CAME AND CONCERNING OTHER TIMES PLAINTIFF WAS ABLE TO BE

seperate from them just to find himself place back around these inmate inten-

tionally to cause plaintiff harm. When plaitiff was able to inform prison

officials (defendants) of [his] concerns of being further harm [they] attempt

to force (using verbally thrats and by placing plaintiff 'directly' around

individual inmates named (inmate Gallaway, inmate Elisha Jones and inmate

Marshal Jones.)) When plaintiff refused to sign a living agreement/waiver

PAGE **2** OF **21**

form defendants named in complaint which work the segregation unit (here-
after refered to as the (Seg. unit))they use psychological torture to cause
plaintiff severe pain for coercion at Bullock Correctional Facility (here-
after refered to as (B.C.F.)) and under the direct supervision of captain
Nettles. And at ventress Correctional Facility (here after refered to as
(V.C.F.)) under the direct supervision of defendant Mark Bruton and
captain M.L.Monk (supervisor of said defendant at (V.C.F.)).

   Plaintiff Wright has been expose to other inmates which made verbal
threats and physical assaulted by Correctional officer at Kilby Correctional
Facility (here after refered to as (K.C.F.)) and (B.C.F.). Sergeant
Strickland and inmate's (Gallaway, Walton Solomon, Julio Margues, Samual
Jones, Marshal Jones and Elisha Sims). Not once in any one of these isolated
incidents was plaintiff Wright properly protected but in each incident plain-
tiff Wright has been label as the perpetrator (never the victim) no matter
what extent of injuries [he] faces. Plaintiff prison file should and will
verify these facts ( if they are order by this Honorable Court) and have
"not" been alter by the said defendants. To better substantiate plaintiff
claims not only does documents relevant to plaintiff claims within [his]
prison file some of the A.D.O.C. logs for the Seg. unit at B.C.F. and V.C.F.
must be submitted. When plaintiff refuse to sugn the living agreements as
design by defendants Lt. Babers and Sgt. Ligon at B.C.F. and defendant
Sgt. Seals, Sgt. Carter and Mark Bruton at V.C.F., [they] became abusive in
their official capacity and refuse to grant the necessary protection (Protec-
tive Custody here after refered to as (P.C.)) as afforded by laws to plain-
tiff and similar situated individual as Citizens of the united States.
These defendants named and not named which had and have power to protect
plaintiff at V.C.F. and B.C.F. abuse  [their] discretion by conspiring
and committing the same acts Knowingly and willingly at both SEG. unit

at each institutions. Plaintiff knows of some of defendants clever plots
( to take care of what is called a smart nigger) from [his] ten (10) years
of incarceration, yet [he] awaits [their] next design assault and prepares to
defend himself. Plaintiff earnestly ask temporary protection not only forbidding
pyschotropic drugs to interrupt his (limited) ability to litigate his clams,
but as well protect him from death executed at the hands of mischievous,
malicious defendants.

Plaintiff Wright object to the recommendation of the Magistrate Judge. If
plaintiff Wright is not protected by this Honorable Court (through preliminary
injunction during the litigation portion of the said complaint) than this
Honorable could should (now) take note that if plaintiff motion is denied as
recommended by the magistrate Judge [the] defendant are being license and
permitted to act maliciously again (by forcing pyschotropic medication as [they]
(A.D.O.C.) officials and employees did prior to the evidentiary hearing against
them on October 16, 2001. Defendants violated other civil and human rights of
the plaintiff and was able to dismiss all further proceeding (at that time)
with the use of inducing plaintiff with mind altering drugs. Plaintiff ask
that this Honorable court take away said license from defendants and [their]
agents, so that, what [they] done against plaintiff in the past concerning
[their] use of administering excessive an inappropriate psychotropic drugs in
to plaintiff Wright's body to effect plaintiff litigation process.

Defendant Burks has jailed to submit "all" relevant records within plain-
tiff prison file, D.O.C. institutional logs, employee(s) roster 'clarifing'
medical care/staff names 'who""' participated in willful neglect concerning
plaintiff health care issues. Furthermore, defendant Burks have not submitted
pertinent documents which would indicate each isolated incident (details of
incident involving plaintiff where in [they] recommended force psychotropic
drugs: living agreements--signed or unsigned; Administrative Reguflation index

/rules; disciplinary placed on plaintiff Wright with disciplinary hearing proceedings; Alabama Department of Correction (here after refered to as (A.D.O.C.)) Adminstrative Regulation index form 0001 thru 0999; all document official and unofficial--where in recommendation were made to force psychotropic drugs into plaintiff body; classification specialist semi annual, annual and special reviews specifing status (for plaintiff) to exercise the least amount ofliberty/freedom from restraint; medical records-- sick call slips with nurse's and plaintiff request/ information for health care treatment;ect.)

Defendant Burks has intentionally 'left out' the evaluation analisis forms performed upon/involving plaintiff Wright's by the mental health personel/ management here at Ventress Correctional Facility, recommended(as mention in plaintiff Wright"Motion For Injunction Prevendting The Use of Psychotropic drugs Implement upon/into plaintiff) by Dr. Jenkins and Dr. Rayapati which are and were recommended for malicious/arbitrary motives.

Plaintiff gracefully ask that this Honorable Court instruct defendant Burks to present said forms concerning (said) evaluations and the person(s) full names which perform said evaluation. Defendant Burks intentionally omitted said forms as well as the evaluation forms completed by defendant(s) Dr. Hammer and his associate Mr. Stave _?_ . By defendant Burks submitting said forms would reveal pertenant claims/facts to support plaintiff claims in the original complainti, amended complaint and the motion for injunction ( Court Doc. No. 55).

Defendant Burks has failed to submit any and all relevant records within plaintiff prison file to this Honorable Court which would indicate each isolated incident and the details, living agreements, rule violation injuries obtain by that of plainitff wright's and the allege victims to support [her] claim

(in the stead) of the mental health management team at Kilby Correctional
Facility ( here after refered to as (K.C.F.)); Bullock Correctional Facility
(here after refered to as (B.C.F.)); Draper Correctional Facility (here after
refered to as (D.C.F.)); and Ventress Correctional facility (here after refered
to as (V.C.F.)). Defendant Burks has step into the place of the mental health
management team(s) ( to speak for them all) but [she] has failed to presented
any supporting documents which will substatiate [her] claims/allegation that
plaintiff is in danger to him self, correctional officers, staff members and
/other inmates at V.C.F. or any other institution/prison affiliated with
A.D.O.C. The only protection plaintiff can look forward to and expect is that
given by this Honorable Court outside of this expectation (or dependant upon
defendants) plaintiff is doom to ruination or death. Not granting (said) in-
junction whether permanent or temporary would be to these defendant(s) which
directly of indirectly, voluntarily violated plaintiff Wright rights or par-
ticipated directly or indirectly in violating plaintiff wright's rights as
afforded by the said constitution of the United States of America would
be the same as issuing a license to the defendants to further harm plaintiff.

Further more, plaintiff seeks such protection (as to) said defendant(s)
not being permitted to prescribe and/or administer any psychotropic drugs
force fully or (said0 voluntarily, without going before a probate Judge (as
due process requirements) to submit (said) 'cause' properly ( before) [their]
use of psychotropic drugs upon/into plaintiff wright's body. Plaintiff has fore
warned his family concerning members (as to) the possibility he could loss [his]
life under the hands of [these] involved individuals/defendants in the event
or in any event plaintiff should die for "whatever" cause plainitff's should Body
be perserved with (all) attach or detach body parts to be given to [his] known
family may have So they another autopsy perform to certify and assure [them] plaintiff's
Wright's death (in any event) was not cause by [these] malicious defendants

PAGE 6 OF 21

named who intended to silence plaintiff by any means [they] deem necassary. Plaintiff is in the process of preparing and writing several motion in accord to [this] objection to the magistratrate Judge recommendantion. Reasons for such additional motions are to ensure plaintiff is protected under the color of law of this Country.

Plaintiff fourteenth (14) Amendment right to be free of involuntary commitment was violated when he was transfered to a mental facility or hospital without notice or hearing or trail by jury in violation of section 22-52-37 Alabama Code (1975); Fourteenth (14th) Amendment. (See Lynch -VS- Baxley 386 F.Supp 378 (M.D.Ala 1974). Defendant has encourage arbitrary and discrimatory enforcement of rules regulations and laws. and (further--abuse) as pointed out here in above.

The actions of defendants put light on the subject that Bullock Correctional Facility (B.C.F.) is indeed a behavior modification "mind control" unit in the guise of a prison. Defendant Seals (classification specialist) refered to as (C/S)). The plainitff is in imminent danger in violation of the Bill of Right, thriteenth (13th) and Fourteenth (14th) Amendments.

Plaintiff has extensively noted chronicled instances of events and practices that could in essences only have been preformed by defendant acting in their individual or official capacities; because all of the defendants knew or should have known that the plaintiff had been denied due process of law, involuntary commitment, subjection to paychiatric treatment/medication and labeling the plaintiff as mentally ill, in violation of the Eighth (8th) Amendment or due process Clause.

The transfer or a prisoner from a prison to a mental hospital [in the instant situation a behavior modification unit or a mind control Facility] must be accomplanied by appropriate procedural protections.Involuntary comitment, to a mental hospital is not within the range of condition of confinement

to which a prison sentence subject an individual while a conviction and

sentence extinguish an individuals right to freedom from confinement for the

term of his sentence " this" <u>do not</u> authourize the state or other eminent group

associated with and/or the (A.D.O.C.) to 'classify' [him] to "involuntary psy-

chaiatric treatment" without affording him additional due process profection.

Here, the stigmatizing consquence of a transfer to a mental hospital for

"Involuntary" psychaiatric treatment coupled with the subjection of the prisoner

to "mandatory" behavior modification (drugs) as a treatment for mental illness,

constitutes the kind of deprivation of liberty that requires procedural protec-

tion Vitek -VS- _____ 63 L.Ed 2d. at 557.

Minimum requirements are a matter of Federal law and are not diminished

by the facts that the state(or other eminent groups associated with and/or of

the A.D.O.C.) may have specified its own procedures that it may deem adequate

for determining the preconditions to adverse official action.

Due process is not accorded by a hearing on necessity for civil commitment

in which the subject though physically present, has no meaningful opportunity

to participate because of incapacity cause be excessive or inappropriate

medications. Cited <u>Lynch -VS- Baxley</u> 386 F.Supp 387. This happen to plaintiff

at the hacns of defendant(s) on and prior to October 16, 2001--Evidentiary

hearing which was to be held plaintiff was so sedated with defendant drugs

(to the effect) [I] could not even explaint to the Judge--[I] did not under-

stand the defendants motion for suggestion of mootiness. Nor could [I] think

clear enough to tell the Judge about the Psychotropic drugs in my body at

that time, it was a major task for approximately a year after (that major dose

of drugs) I could stay up one (1) entirer hour without having to lay down

because of feeling tired. Now defendant(s) are ploting another attach to in-

terfer with plaintiff litigation process with the use of [their] psychotropic

drugs.

This Honorable Court shall now proceed to set forth those standards and safe guards which, at a minimum, the due process clause, requires for the protection of person whose liberty is placed in jeopardy as a consequence of [their] becoming the subject of Civil Commitment proceeding against [their] will.

([26]) Consequently in order to deprive a person alleged to be a danger to himself alone of the right to choose between treatment and liberty, the state must first demonstrate that because of his mental illiness, he lacks the capacity to weight for himself the risks of freedom and the benifits of hospitalization. Cited 386 page 391 ([28]) paragraph and ([23]). The destruction of an individual's personal freedoms effected by civil commitment is scarcely less total than that effected by confinement in a penitentiary. Indeed Civil Commitment because it is for an indefinite term may in some ways involve a more serious abridgement of personal freedom than imprisonment for commission of a crime ususlly does. Civil commitment involves stigmatizing the affected individuals, and the stigma attached though in theory less severe than the stigma attached to criminal conviction, may in reality be as severe, or, more so. Donaldson-VS-O'Connor 493 F.2d.507,520 (5th Cir. 1974).

At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed. (Summary deprivation of liberty without due process of law) mental illness classification implicates a liberty interest under the due process clause. Additionally being classified as mental ill makes plaintiff ineligible for certain work release programs and community custody programs.

There is no iron curtain drawn between the Constitution and the prisons of this Country and a prisoner is not wholly stripped of Constitutional protection when [he] is imprisoned for crime. Id. 195 F.3rd 1291(11th Cir. 1999) paragraph [16-17].

The Court concluded that the liberty interest encomplassed both the labeling of the inmate as mentally ill as well as the transfer to the mental hospital Id. at 487-88. 100 S. Ct. at 1260-61 more over the Court recognized that the prisoners associated with mental illness Id. at 492, 100 S. Ct. at 1263.

The supreme Court under took a thorough examination of the liberty interest implicated by the statute. The Court first held that the State law created an "objective expectation" that a prisoner would not be transferred unless he suffered from a mental illness that could not be adequately treated in prison. This objective expectation gave the prisoners a liberty interest entitling them to appropriate procedures in determining the condition which would warrant a transfer to a mental hospital Vitek 445 U.S. at 489-90, 100 S. Ct. at1261-62.

## IN CONCLUSION

Plaintiff Wright's has proclaim his nationality RICHARD WAYNW WRIGHT,SR., --BEY, a Moorish American in which [he] has dual citizenship in the United States of America, by birth right in this said Country. For such reason [he] is a part and partial of this said government and do not "fall" under the titles which are/were Negroes, Colored Folks, Black people or Ethiopians because these names were given to slaves by slave holders in 1779 and lasted until 1865 during the time of slavery. Plainitiff Wright's descendants has been and are those of the ancient Moabites, whom inhabited the North Western and South Western shores of Africa. Because plaintiff has participated in religous srevices with those of his descendant (Moorish Science Temple of America institution (V.C.F.) branch number Fourty-three (#43)) plaintiff has been discrimated against by the chaplain at V.C.F. (MR. Dainel Rieben--Chaplain) for [his[ participation and attends (of) all Islamic Services, plaintiff has

been single out as he was on two (2) isolated incidents by chaplain Rieben.

The first (1st) one (1) occurred on October 28, 2005, Friday one of the religous services I was attending (Moorish Science Temple of America). The second (2nd) incident occurred on November 4, 2005, Friday, the following week. On this second (2nd) noted incident Chaplain Rieben first (1st) stated, "He was going to call an officers". I agreed [he] should but [he] then stated [he] was not going to call them but, I insisted, and he did. Teason plaintiff have brought up these incident is to clarify the danger not only of defendant use of psychotropic, but to show this Honorable Court that defendants and their agents has decided to go to any measure [their] implication of [their] polices, rules, regulation, to keep order and control. Defendant's agent(s) (mental health management team/Mr.Mike Haynes ΨΠ ,Mrs. Perry) prepared a form (A.D.O.C.) Mental Health Consulation form for disciplinary processing. Plaintiff Wright is aware the defendant Mr. Mike Haynes (due to his association with an organize secret society) has left a sign or symbol on this said form as indicated above which is an attemp to try to detour/deter the structure of government (this Honorable Court) from properly exercising it''s discretion. Plaintiff will attemp to express this document more (when) and if [he] is able to funish [his] response to defendant's Burks without facing another attack by an officer or officers of (A.D.O.C.) officials or an inmate(s) [they] Coerce or attempt to intimidate or coerce or threaten with the purpose to interfering with any right or privilege secured by law to plaintiff. (See Exhibit "E" to affidavit of Nettie Burks "Referral to Mental Health date November 3, 2004). Plaintiff would like to note for such records [there[ are defendant(s) which would like for defendant Burks to take responsibilities by acting (outside) of her official Capacity (in their stead) so that [they] won't be responsible for their own individual responsibility.

For those individuals [who] acted out in [their] prior deliberate racial descrimination at (V.C.F.) by placing plaintiff in harms way (taking

away his right to safty) by walking plainitff through inmate(s) population
on numerious occation (taken throught (SAP) dorm (six(6)dorm) full with in-
mates, sometimes I was walked through the midst of group (inmates) circles--
inmates some time within two(2) to three (3) feet of me. Plaintiff was escorted
through the yard full of inmates with only two (2) officers--sometimes the
officer(s) did not even have a stick, to protect me, it I came ender attack.
Once I was excorted by sergeant Carter alone [he] escorted me staraight through
the middle of the yard full with inmates, while my hands were bond (behind my
back) with hand cuffs. These are only a few of the incidents mention here by
plaintiff in which he was hand cuff, so that if I was attack [I could not defend
myself and would have to be totally dependant on the excorting officers which
(some of them) had shown me (that) protecting me from physical and psychological
harm was as implrtant to them as the grains of sand that fell from the bottom
of the boots as [they] walk along and alone. Plainitff plans to bring more
(times/incidents),(the people involved) and (the dates) in which plaintiff
was subjected to such cruel and usual punishment/torture these defendants
have subject plaintiff to time and time again. Shortly following this response
plaintiff plans to ~~writ~~ write/type and submit to this Honorable Court a "motion for
production of documents" with some supportive reasons (verify the facts) for
whatever plaintiff affirms to this Honorable Court, (if [he] lives long enough
without further physical harm or grave mental torture, even through the use of
defendants and/or agents (use of) psychotropic drugs ( again) to silence,
plaintiff. Furthermore, plaintiff earnestly ~~adk~~ ask this Honorable Court to issue
temporary protection order on behalf of (said) plaintiff as mention in the
relief portion of this (said) response.

   Defendants failed to properly protect plaintiff through and/or by the
remedial  provision of the Courts. The Courts has adopted remedial provision
of the Courts, The Courts has adopted remedial provision in efforts to eradicate

effects of past deliberate discrimination. Some of the documents submitted
by defendant Burks is so complex that plaintiff can not full grasp the full
interpretations of the documents. The officials involved and responsible within
these (said) institution (V.C.F.) ,( B.C.F.) and (K.C.F.) defendant Burks (here)
along with the medical staff has discriminated against [him] because he is con-
sidered black and has automatically waived plaintiff right to request other
remedies in which he could be kept from another out break out in sores or
subject plaintiff to positive test reading (given a falce$^{False}$ reading) due to
defendants excessive use of Aplisol (Tuberculin PPD, diluted). Defendants
have place plaintiff in direct contact with inmates who have tested plsitive
and presently taking T.B. medication at B.C.F. while in the Seg. unit and in
the dorms and working in the kitchen at B.C.F. Plaintiff does not know what
stage some of these inmates are in or was in when [he] was expose to them and
are expose to now, which are receiving treatment for tuberculosis (T.B.).
Plaintiff believes [he] is being used as a guinea pig for defendants testing
purposes. The defendants records show a great tatio$^{ratio}$ as to the [Blacks] taking
(I.N.H.) (T.B. medication) to that of [Whites] inmates about fifteen (15)
[blacks] to every one (1) [White] inmate. This disproportionated impact on
[Blacks] and plaintiff (because [he] is classified as black) was and is clearly
erroneous, despite meagerness of records on this subject. Defendants intention
are to cause plaintiff sickness knowingly and willingly by excexxive use of
T.B. injection (Aplisol).

Lastly word has gotten around at this prison that plaintiff Wright has
filed a Civil complaint against many D.O.C. officials and employees( health
care staff). Especially here at V.C.F. as a result since plaintiff (coming
here--V.C.F.) some of the prison officials has sent memorandums, made up
policies and restricted the use of law supplies and material which aid in
plaintiff access to this Honorable Court. Plaintiff shall only named a few

here, but does plan to present a more fuller datailed/explaination with

supporting documents. For example, See exhibits one (1), Two (2) and three

(3) (Administrative complaint Forms) plaintiff brought complaints to (noted)

prison personel which was minimized and ignored. Plaintiff wrote motion to

the Court concerning mail tampering yet it still continue, now defendants

here have gone so far as to opening plaintiff label legal outside of his

present and give in what papers [their] want him to have. (See Exhibit four
                    him

(4)). Here's one (1) of the policies Mrs. Abercrumbie stated [her] super-

visor (Sgt. Carter) instructed her to execute (See exhibit five (5)). Plain-

tiff Wright is subjected to face another attack from the defendants agents,

defendant's Husband(s) and/or defendants immediate family members (as a

correctional officer and/or D.O.C. employee's medical staff) of (Lt. Sharon

Holland, Sgt. Camella cargle, Veronica Stringer (COI.), Nettie Burks (H.A.S.),

Carolyn Longmire (Sgt): Lt. Taylor, Sherry Seals; Alberta Williams (Sgt.),

Nurse Taylor, Nurse Hunter. For such reasons (not only) should this Honorable

Court grant (at the least) a temporary preliminary injunction so that he is not

further injuried by [their use of psychotropic drugs both mentally as well as

physically further hindering plaintiff's ability to properly litigate this

said complaint. In addition that plaintiff Wright be move to a facility where

in none of these know defendant's and know family members could subject plain-

tiff to another assault directly (at their own hands) or indirectly (through

or by coercing another inmate to assault plaintiff) by or through intimidation,

threatening, or coerce, or attempting to intimidate threaten or coerce any

person with the purpose of interfering with any rights or priviledge secured

by section 201 and 202 [42 USCS §§2002.a, 2002(a)-1] or (c) punishing or

attempting to punish any person for exercising or attempting to exercise

any rights or priviledges secured by Sec. 201 or 202 [42 USCS §§2000(a),

2000(a)-1] Defendants would like to put plaintiff (again) in a state of

of agalgo--anaesthesy-- it lets ( them be relieved of said complaint) by
causing plaintiff to forget about his real condition.

§2000(a)-2 Progibition against deprivation of, interference with and
punishment for exercising rights and rights and priviledges secfured by
section 2000(a) or 2000(a)-1 of this title.

No person shall (a) withhold, deny, or attempt to withhold or deny, or
deprive or attempt to deprive any person of any right or any right of privi-
ledge secured by section 201 or 202 [42 USCS§§2000(a), 2000(a)-(1)] or (b)
intimidate, threaten, or coerce, or attempt to  intimidate, threaten, or
coerce any person with the purpose of interfering with any right or priviledge
secured by section 201 and 202 [42 USCS§§2000(a), 2000(a)-(1)] or (c) punish
or attempt to punish any person for exercising or attempting to exercise any
person for exercising or attempting to exercise any right or priviledge
secured by section 201 Or 202 [42 USCS §§2000(a), 20000(a)-(1)].

§ 2000(a)-1 Prohibition against discrimination or segregation require by
any law, statute, ordinance, regulation, rule or order of a state or state
agency.

All person shall be entitled to be free, at any establishment or place, from
discrimination or segregation or any kind on the ground or race, color,
religion or national origin, if such discrimination or segregation is or pur-
ports to be required by any law, statute, ordinance, regulation, rule, or
order of a state or any agency or lolitical subdivision thereof. (July 2, 1964.
P.L. 88-352, Title II § 202, 78 Stat. 244.).

§2000(a)-(3) Civil action for preventive relief.

(a). Person aggrieved; intervention by Attorney General; legal representa-
tion; commencement of action with out payment of fees, costs, or security.

Whenever any person has engaged or there are reasonable grounds to believe
that any person is about to engage in any act or practice prohibited by section

203 [42 USCS 2000(a)-2], acivil action for preventive relief including an
application for a permanent or temporary injunction, restraining order, or
other order, may be instituted by the person aggrieved and, upon timely appli-
cation the Court may in its discretion, permit the Attorney General to inter-
vene in such Civil action if he certifies that the case is of general public
importance
inportance. Upon application by the complainant and in such circumstances as
the court may deem just, the Court may appoint an attorney for such complainant
and in such circumstances as the Court may deem just, the Court may appoint an
attorney for such complainant and may authorize the commencement of the civil
action without the payment of fees, Costs, or security.

    (b) Attorney's Fees; liability of United States for cost. In any action
commenced pursuant to this title [42 USCS §§ 2000(a), 2000(a)-6], the Court ,
in its discretion, may allow the prevailing party, other than the United
States, a reasonable attorney's fee as part of the costs, and the United States
shall be liable for costs the same as a private person.

    (c). State of local enforcement proceedings; notification of state or
authority; stay of federal proceedings. In the case of an alleged act or
practice prohibited by this title [42 USCS §§ 2000(a)-2000(a)-6]  which
occurs in a state, or political subdivision of a state, which has a state or
                Prohibiting
local law progibiting such act or practice and establishing or authorizing a
state or local authority to grant or seek relief from such practice or to
institute criminal proceedings with respect there to upon receiving notice
there of, no civil action may be brought under subsection (a) before the
expiration of thirty days after written notice of such alleged act or practice
has been given to the appropiate state or local authority by registered mail
or in person, provide that the court may stay proceedings in such civil action
pending the termination or state or local enforcement proceedings.

    (d). References to community relations service to obtain voluntary

compliance; duration or reference extension or period. In the case of an
alleged act or practice prohibited by this title [42USCS§§2000(a)-2000(a)-6
which occurs in a state, or political subdivision of a state, which has no
state or local law prohibiting such act or practice, a civil action may be
brought under subsection(a); provided, that the court may refer the matter
to the community relations service establish by title X or this act [42 USCS
§§2000-(g), 2000 (g)-(3)] for as long as the court believes there is a reason-
able possibility of obtaining voluntary compliance, but for not more than sixty
days. Provided further, riod for an additional period, not to exceed a cumu-
lative total of one hundred and twenty (120) days, if it believes there
than exists a reasonable possibility of securing voluntary compliance. (July
2, 1864. P.L. 88-352, Title II, § 204, 78 Stat. 224) cross references-- This
section is referred to in [42 USCS §@)))(a)-(4)] (Pillegas-VS-Johnson  184
F. 3d. _____ time barred.)

## RELIEF SOUGHT

Plaintiff hopes this Honorable Court will with draw its recommendation
to dismiss plaintiff said motion grant Plaintiff "Motion For Injunction
Preventing The Use of Pyschotropic Drugs Implement Upon Plaintiff". These
facts listed within this responseshow a small portion of the facts plaintiff
will present to this Honorable Court "if he is able to do so (without being
induce with mind altering drugs--pyschotropic medication), at the hands of
said defendants. Plaintiff is allready face with threats and further attempts
by  officer Wright to provoke and promote Lt. Holland to assault plaintiff
on November 16, 2005, Two (2) days ago, but Lt. Holland did not allow him to
do so at that time (plaintiff Wright shall clarify this more in depth in the
near future if life permits). Plaintiff has plans ( if life permits) to submit
affidavits, other documents with supporting facts, and motion requesting recon-

sideration an attorney or law student ( after explaining and show these

complicated mattersTO litigate from in the custody and control of the A.D.O.C.

Officials. Plaintiff hopes this Honorable Court will issue a restraining order

upon defendants to preserve his life, liberty and property as afforded by

the United States Constitution Amendment Fourteen (14). Plaintiff also

would like to mention that [he] was clasified as a "sex offender" which

created the first filing of rights (according to law) which defendants

breach (See Civil Case: Richard Wayne Wright,Sr-VS- James Deloach, et. al,

No. CV-99-D-1405-N) by inducing plaitiff with the enormous amount of psycho-

tropic drug wherein, [he] could not litigate [his] case after [he] was schedule

for the/a evidentary hearing. Defendants attempt were successful at that and

now hopes they can get the Honorable Court to dismissed the (said) motion

requesting protection against such action again. Plaintiff request that the

case be reopen (for this a on going case/incidents) to complete the releif

[he] sought before the (said defendants commited such mischievous ) which

stop plaintiff complaint in its tracks. Plaintiff hope this Honorable Court will

grant plaintiff (said) motion to prevent further and inappropriate use of

psychotropic drugs with intent to conspirer to commit murder. Criminal  Charges

violation plaintiff desires to be served 18 USC 242. Monetary damsges for

Cruel and Unusual punishment (6-11-20) three (3) million dollars ($3,000,000);

Punitive damages in the amount of three (3) million dollars ($3,000,000);

Monetary damages for perssoal *Personal* injury in the amount of three (3) millon

dollars ($3,000,000); Monetary damages for psychological damages in the

amount of three (3) million dollars ($3,000,000); Deliberate indifference

damages in the amount of three (3) million dollars ($3,000,000); Injunction(s)

and protectionorders for intentially denying Protective Custody (P.C.)

(6-6-500) to (6-6-503)--   *18  USCS  5003*

Injunctions and protection order(s) for conspiracy 42 USC 1985. Injunctions

and protectionorder(s) for conspiracy to/for violation of an institutionlize
person [42 USC 1997]. Injunctions for defendant N. Burks or Captain Monk to
supply plaintiff with copies of documents plaintiff has in his possession
which are essential in the out come of this case, (due to plaintiff being
indigent) [he] ask that this Honorable court grant and/or submit such
requested order/injunction upon the requested defendants. Any other relief
that is deemed by this Honorable court. If this is not in its proper form
plaintiff ask as pro-se. litigant this motion/response to magistrate
Judge recommendation be construed into the proper form.

   A similar complaint was sent to the United States District Court on
March 3, 2005. Plaintiff sent all exhibit (1) thur (26) to the United States
District Court. Plaintiff has not been able to get a responsefrom the United
State District Court and for such reasons plaintiff is not able to send all
exhibits listed in this complaint until [he] retains them from the district
court or copies form plaintiff prison file. Plaintiff can not at this time
send the courts these exhibits  due to the exhibits were sent to the united
state district court and plaintiff only obtain one copy of certain documents
he sent to [them]. Plaintiff will send the court what documents [he] possess
copies of and plaintiff is attempting to regain the exhibits [he] sent to
the United States district court on March  3, 2005. Plaintiff ask that this
court grant [him ] an appointed counsel and/or law student(s) to help [him]
filed criminal charges against the proper people or person. Plaintiff will
need a complete physical examination by health care personel not presently
paid by Alabama Department of Correction through (P.H.S.) Prison Health
Services. Plaintiff ask that this court clerk send plaintiff a front page,
clock stamp copy once this arrives and is processed for further proceeding
and grant plaintiff time to retrieve the exhibits mention (but not accompanied)
in support of this complaint from the United States district which [i[ sent

them.

Lastly, Plaintiff ask for a protection order issue to preserve [his] life in the hands of these malicious defendants [18 USCS 5003].

DONE THIS THE _21st_ DAY OF _November_, 2005.

RESPECTFULLY SUBMITTED,

_Richd W. Wright Sr._

RICHARD WAYNE WRIGHT, SR., #187140
Plaintiff, Pro-Se.

PLAINTIFF ADDRESS
RICHARD WAYNE WRIGHT SR., #187140
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON, ALABAMA 35016

## CERTIFICATE OF SERVICE

This is to certify that I am the Plaintiff in the above encaptioned motion and I have sent this motion to the clerk of this Xourt and the following defendant's Counsel(s):

TROY KING (ATTORNEY GENERAL)
State Bar # ASB-5949-5615
ALABAMA BOARD PARDON AND PAROLE
POST OFFICE BOX 302405
MONTGOMERY, ALABAMA 36130

KIM T. THOMAS
GREGG M. BIGGS
ALABAMA DEPARTMENT OF CORRECTION
LEGAL DIVISION
301 RIPLEY STREET
MONTGOMERY, ALABAMA 36130

DAVID B. BLOCK
WILLIAM R. LUNSFORD
BALCH & BINGHAMLLP
POST OFFICE BOX 767
CLAYTON, ALABAMA 35016

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
ALABAMA BOARD PARDON AND PAROLES
POST OFFICE BOX 302405
MONTGOMERY, ALABAMA 36130

by placing this motion in the United States mail box at Ventress Correctional facility (Ventress Legal Mail Box)AND (Hand Deliver To Defendant Burks) at Ventress for first class postage prepaid (to be furnish by D.O.C. OFFICIALS at (V.C.F.)) and properly address this on the _21st_ day of _November_, 2005.

RESPECTFULLY SUBMITTED,

*Richard W Wright Sr.*

RICHARD WAYNE WRIGHT,SR.,#187140
Plaintif, Pro-Se.

## NOTARY STATEMENT

BEFORE ME, A NOTARY PUBLIC in and for said county, in said State, personally appeared Richard Wayne Wright,sr., Plaintiff. Pro-Se., whose name is signed to the foregoing motion. Who being first duly confirms, desposses on oath and says, that the information set fourth in the foregoing motion is true and correct to the best of [his] knowledge and belief.

RESPECTFULLY SUBMITTED,

*Richard W. Wright Sr.*

RICHARD WAYNE WRIGHT, SR.,#187140
Signture of Affiant

CONFIRMS TO AND SUBSCRIBED BEFORE ME ON THIS THE _21st_ DAY OF _November_ , 2005.

*Carolyn R. Abercrombie*

NOTARY PUBLIC

My Commission Expires August 18, 2007

MY COMMISSION EXPIRES

PAGE _21_ OF _21_

2:05 cv 439

Richard W Wright #871140
Ventress Correctional Facility.
Dorm 101B-55
Post office Box 767
Clayton, Ala. 36016

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON. THE
CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION

Legal Mail

Total # of roles: _____

Hours: _____

Debra P. Hatchet (Clerk)
United States Middle district
15 Lee Street
Post office Box 711
Montgomery, Alabama 36104