IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| AIS #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-439-A |
| ) | [WO] |
| ) | |
| SYLVESTER NETTLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on an amended complaint filed by Richard Wayne Wright, Sr. ["Wright"], a state inmate, on July 28, 2005. In this complaint, Wright challenges the constitutionality of actions taken against him and the adequacy of medical treatment provided to him during his confinement at the Bullock County Correctional Facility and the Ventress Correctional Facility. He also complains that a parole officer placed false information in his presentence investigation report and that such information has been used to deny him fair consideration for parole.

Upon a thorough review of the file, the court concludes that Wright's claims against inmate Walton Solomon are due to be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]  The court further concludes that the claims presented

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court

against Dr. Hammer, Dr. Smith, Mrs. Biven-Tutt, Keith Armagost, Timothy Holmes and Carolyn Miles-Pruitt should be dismissed without prejudice as service has not been perfected on these individuals. *See* Rule 4(m), *Federal Rules of Civil Procedure*

## I. DISCUSSION

### A. Inmate Walton Solomon

Wright asserts that inmate Solomon assaulted him. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). The conduct of inmate Solomon is not attributable to a person acting under color of state law. Thus, the claims asserted by the plaintiff against this defendant are frivolous and are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. Lack of Service

Wright filed the amended complaint on July 28, 2005. Although he names Dr. Hammer, Dr. Smith, Mrs. Biven-Tutt, Keith Armagost, Timothy Holmes and Carolyn Miles-Pruitt as defendants, service has not been perfected on these individuals. The court entered orders informing Wright of the failure to perfect service on these individuals, advising him of his responsibility to provide the court with correct addresses for service, and cautioning him that the failure to perfect service would result in the dismissal of his claims against any defendant on whom service was not perfected within the time allowed by Rule 4(m), *Federal Rules of Civil Procedure. See Order of September 14, 2005 - Court Doc. No. 35* and *Order of September 20, 2005 - Court Doc. No. 48*. In light of Wright's status as a *pro se* inmate plaintiff, the court entered an order requiring that counsel for the correctional and medical defendants furnish Wright with the employment address of any defendant not served who remained employed in a facility operated by the Alabama Department of Corrections. *See Order of August 31, 2005 - Court Doc. No. 24* at 1.

Under Rule 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.... [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." When a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause or establish sufficient

grounds for an extension of this time period. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (Absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process for either "good cause" or another sufficient ground). "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991).

The time allowed for perfecting service of process on the defendants expired on November 25, 2005. Wright asserts that his status as an inmate hinders his ability to obtain addresses for the defendants. However, this assertion, standing alone, fails to demonstrate either good cause or sufficient grounds for extension of the time period contained in Rule 4(m). Consequently, Wright's claims against Dr. Hammer, Dr. Smith, Mrs. Biven-Tutt, Keith Armagost, Timothy Holmes and Carolyn Miles-Pruitt are subject to dismissal without prejudice as service has not been perfected on these individuals within the 120-day period required by Rule 4(m).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against inmate Walton Solomon be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against Dr. Hammer, Dr. Smith, Mrs. Biven-Tutt, Keith Armagost, Timothy Holmes and Carolyn Miles-Pruitt be dismissed without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

3. The remaining claims for relief be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before December 13, 2005 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of November, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE