IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

Richard Wayne Wright, Sr.,        *
    Plaintiff, Pro-Se.,            *   Civil Action No.
        -vs-                       *   2:05-CV-439-A-WO
Sylvester Nettles, et. al.,        *
    Defendants.                    *
                                   *

## Motion For Production of Documents

I Richard Wayne Wright, Sr. Plaintiff, Pro-Se. Now Comes to this Honorable Court to ask that [it] order defendants and/or defendant's Counselor(s) to submit Copies of the following requested documents to this Court and plaintiff, which are relevant to this case and which plaintiff Wright needs to further substantiate the Facts in (his) Complaint. Plaintiff also ask that the defendants or defendant's Counselor(s) use identifing Markings, such as, numbers or letters, some where noticeable, on the requested documents. So that plaintiff can plainly refer this Honorable Court to such documents. By Submitting to this Honorable Court and plaintiff, as provided by law, the documents/records inserted in plaintiff prison File, to include the following:
   (1). All statements, written or oral, made

Page 1 of 15

by these defendants, defendant's agent(s) or any co-defendant(s) to any person, at the time of, before or after in which plaintiff was accused of, arrested for, and/or punish for, any and all disciplinaries involving in this case which was/were sent to the parole Board and its members to be used in deciding to grant and/or deny earlier release, including the name(s) and address of the person(s) to whom the statement(s) was (were) made, other R.D.W wise not allready noted, which are relevant to the following:

(A). Notice of Involuntary Medication Hearing

(B). Detention Notification (pending investigation Sgt. Strickland and incident report

(C). Detention Notification (pending an extension for investigation) Lt. Miller and incident report/reports after investigation.

(D). Notice of Involuntary medication hearing incident report/report(s) which would show [their] (M.H.M.) reasons requesting such action.

(E). After Notice of Involuntary medication/Force medication (psychotropic) recommendation hearing was excuted forms, documents, and reports of the Examiners (Dr. Hammer and (his) assistant, Mr. Steve ?;

## Production of Documents

Dr. Reeves, Dr. Smith, Dr. Sanders, Dr. Bell, ect.) Findings and recommendation denying the use of Force medication.

(F). Detention Notification (Mental Health observation) by Sgt. Strickland and incident/report(s) of Findings/Observation.

(G). Classification Appeal Form (Concerning defendant S. Seals recommendation in August 2004) after addressing by Warden.

(H). Twenty-Four (24) Hour advance notification of pending reclassification(s) by defendant S. Seals in August R.W.W. 2004.

(I). Progress Review/reclassification Form August 20, 2004 by defendant S. Seals.

(J). Progress Review/semi annual March 3, 2004 by defendant S. Seals

(K). Semi-Annual review Form September 9, 2002 by defendant Keith Armogost.

(L). Annual and Semi-Annual progress review Forms For the year 2003 by defendant K. Armogost and/or defendant S. Seals.

(M). Plaintiff Wright Request Slip Concerning Walton Solomon W/M, Juli Marquez W/M Robert ? W/M, Jimmy ? W/M, with Mr. C. Blackledge response.

(N). Twenty-Four (24) Hour advance Notification of pending reclassification by Mr. Blackledge.

(O). Plaintiff Wright Affidavit given to

Page 3 of 15

Mr. C. Blackledge with his response.

(P). Questions For Sergeant Ligon given to Mr. C. Blackledge with his response on Front and Back.

(Q) Reports made by Dr. Reeves after seeing plaintiff Wright.

(R). Dr. Rayapati prognosis and recommended treatment Forms/records.

(S). Dr. Siddiq prognosis and recommended treatment For plaintiff Forms/records.

(T) All waiver Forms (said) to be given to plaintiff on record whether sign by plaintiff or defendants.

(U). Written recommendation by warden or his designee concerning [their] or [his] assign hearing officer For all (said) rule violation plaintiff Comitted to included:

(i). Institutional Rule Violation (I.R.V.) (#) Thirty-eight (38) Indecent Exposure/Exhibition, dated -- September 22, 2003.

(ii). (I.R.V.)(#) Sixty-two (62) Creating Security/safety/Health Hazard, dated -- May 10, 2005.

(iii) (I.R.V.)(#) Thirty-one (31) Assault on another inmate, dated -- December 1, 2004.

(iv.) (I.R.V.)(#) Twenty-nine (29) Assault on persons assc. with D.O.C. officials,

## Production of Documents

dated -- December 1, 2005.

(v.) (I.R.V.) (#) Fifty-three (53) Inciting To riot or rioting, dated -- December 7, 2005.

(vi) (I.R.V.) (#) Fifty-six (56) Fail to obey a direct order of D.O.C. official(s) dated December 7, 2005.

(v). Segregation (seg.) unit roster/records of visitors and escorting officers whom came to see plaintiff at any time during (his) stay in the (seg.) unit at Bullock Correctional Facility (B.C.F.) From November 3, 2004 until March 3, 2005 or March 4, 2005 at which time plaintiff was transfered to Ventress Correctional Facility (V.C.F.).

  (i). Same/simular records while plaintiff were in (seg.) unit at (V.C.F.) From March 17, 2005 until/thru April 11, 2005
    (a). not to exclude the officer(s) which escorted plaintiff to and From infirmary each day (he) was to report for sick call screening

  (ii). Same/simular records while plaintiff were in the (seg.) unit at (V.C.F.) From April 26, 2005 until/through June 29, 2005.
    (a). not to exclude the officer(s) which

escorted plaintiff to and from in-firmary each day (he) was to report for sick call screening.

(iii). Same/similar records while plaintiff were in (seg.) unit at (B.C.F.) from November 3, 2004 until/thur. March 4, 2005.

    (a). not to exclude officers which escort plaintiff to and from in-firmary each day (he) was to report for sick call screening.

(iv). And the Cubicial officer(s) name(s), on duty "who" or "whom" recorded such documentation concerning the above section and subsection of this (said) motion in reference to monitoring all (seg.) unit activity/movement on the days in question.

(W) Administrative Regulation (A.R.)(#) 404 Due Process Hearing procedures

(X) Administrative Regulation (A.R.)(#) For protective Custody (P.C.) inmates not to exclude the following:

(i). Parts inserted in the inmate classification manual which deals with handling (P.C.) inmate(s), enemy Validation Committee's duties and responsibility, proper notification (duties of inmate(s)), ect.

(ii). Orientation information/sheets given

## Production of documents

inmates prior to entering Segregation in (P.C.) status and due to there being some variation from (that) orientation sheet/information of those at (V.C.F.) to those of (B.C.F.)(P.C.) status plaintiff ask both institution submit [their] version's.

(Z). Documentation showing at specific times and/or dates "what" (type/named) psychotropic medication administered into plaintiff body, how much was given (amount), "how" was it administered (Pills or injection) (not to exclude any "side effect" medication(s) to counteract the psychotropic medication(s) effects and by "whom" was it given on such dates and time's.

(i). Any and all reports by (M.H.M.) Counselor(s) assign to plaintiff Wright describing reasons/incident(s) for (such) use of medication

(ii) Any and all reports by (M.H.M.) ~~psychotropic~~ R.W.W. psychologist(s) assign to plaintiff Wright describing reason(s)/incident for (such) use of (psychotropic) medication.

(iii). Any and all reports by (M.H.M.) psychiatrist(s) describing reason(s)/incident for (such) use of psychotropic medication.

(iv.). Any and all reports by (M.H.M)

Sociologist(s) describing reason(s)/ incident For (such) use of pyschotropic medication

(V.) Any and all other report by (M.H.M.) team/person R.W.W. ~~which~~ were not covered in the above section and subsections which ~~R.W.W. R.W.W. R.W.W.~~ described, recommended or prescribe psychotropic medication, and/or submitted report(s)/ incident of any type for (such) use of psychotropic medication, ect.

(AA). Yearly Health Yearly Health Evaluation Forms For the Following years 2000, 2001, 2002, 2003, and 2004.

(BB). Synopsis For disciplinary hearing concerning (I.R.V.) # Thirty-one (31) Assault on another inmate, dated -- December 1, 2004.

(CC). Any and all written or oral statement(s)/Report(s) made by any person(s) (A.D.O.C.) officials or other wise) "whom" prepared documents concerning the alleged (I.R.V.) plaintiff Wright was accused of and subsequently Found R.W.W. guilty of which are to preceed as Following, not to exclude (said) incident(s)/report(s) For each (said) disciplinary, synopsis report(s) For each (said) disciplinary, and any other

documentation / Report(s) recommending additional punishment and/or charges (so named) which took part in the disciplinary hearing(s) on any of the two (2) dates/times listed below, also any person(s) involved "outside of" these (said) disciplinary hearings recently designed on December 1, 2005 and December 7, 2005 which are:

(i). (I.R.V.) (#) Twenty-nine (29) Assault on person(s) associated with (D.O.C.) official(s) dated -- December 1, 2005.

(ii). (I.R.V.) (#) Fifty-six (56) Fail to obey a direct order of (D.O.C.) officials, dated -- December 7, 2005.

(iii). (I.R.V.) (#) Fifty-three (53) inciting to riot or rioting dated -- December 7, 2005.

(DD). Any and all other disciplinary(s) and/or report(s) or statement(s) submitted and/or showing in plaintiff's Wright prison file, disclosing favorable or unfavorable evidence/reports in respect to plaintiff's Wright Conduct or misconduct while incarcerated both in the County Jail and the (A.D.O.C.) concerning the Burglary I and Assault

Page 9 of 15

II, which [he] was sentence for in 1996, wherein, (such) statement(s) and/or report(s) or disciplinary(s) are in plaintiff prison file, could and did develope such views of misconduct on behalf of plaintiff on the issue of guilt, bias, and/or prejudice or prejudgment by agency(s) and/or person(s) affiliated and/or associated with the (A.D.O.C.) including, but not limited to:

(i). Those using favorable and/or unfavorable evidence with respect to plaintiff Wright conduct or misconduct in considering him for early release from prison through (such) agencies and/or person(s), Parole Board Member(s), Warden(s), ect.

(ii) Any and all information/statement(s) or report(s) made by any person or persons which are exculpatory with respect to plaintiff be made available as well.

(FF). Concerning the assault plaintiff Wright suffered on November 23, 2005, by the hands of sgt. Carter and his assailant(s). Supply plaintiff with medical records which transpired are to be in plaintiff prison

## Production of Documents

File as a result of the assault plaintiff encountered on November 23, 2005. These medical records are to include any and all reports suggesting needed medical treatment and assessment(s), recommended therapy, ect., as a result of plaintiff injuries. Emergency transportation reports, notes and/or Form(s) to include any and all medical professional reports, notes and/or Form(s). If any treatment recommend by any and all medical professional for plaintiff and it was not provided, please submit the written report with explanation(s). Other documents, reports and Forms which are relevant too: (R.w.w.)

(i). Any forms or reports "mental Health Consulation to disciplinary process.

(ii) Any referral Forms or report(s) made/written including oral statements to mental Health Management (M.H.M.) team at (V.C.F.).

(iii). Any notes/reports oral or written suggesting and/or stating plaintiff having symptoms of mental or behavioral disorder(s) by psychiatrist, psychologist, psychotherapist, ect.

(iv). Any and all progress notes written by medical personel, Prison Health

Services (P.H.S.) providers/employee's pertaining to plaintiff injuries.

(v). Prison Health Services (P.H.S.) medication administration records:

   (a). Sick call slip(s) with nurse's assessment notes.
   (b). Body chart(s).
   (c). Waiver Form(s).
   (d). Release of responsibility Form(s).
   (e). Medical equipment/appliance Form(s).
   (F). Segregation/infirmary unit record's sheet(s).
   (g). Prison Health Services (P.H.S.) Segregation/Infirmary log(s).
   (h). Patient assessment Form(s).
   (i). physicians orders/Form(s).
   (j). X-rays with doctor(s) notes of assessment/problems:
      (i). X-rays taken at Bullock County hospital on 23 Nov 05.
      (ii). X-rays taken at (V.C.F.) on 17 Dec 05.
   (K) Laboratory status report for blood specimen taken on or about 16 Dec 05.
   (L) Any and all oral or written reports, note and/or assessment by medical personel (P.H.S.) employee's which indicates positive or negative reading of (Lab.) work

Page 12 of 15

Production of Documents

Subsection (K):
(i). Hepatitis A, B, or C. diagnosis
(ii). Herpes or herpes Simplex diagnosis

Wherefore, the plaintiff request that the defendants and/or defendant's Counselor(s) comply with such motion prior to a hearing in this matter, to the effect plaintiff can give a more definite statement with supporting documentation.

Done this the 28th day of December, 2005.

Respectfully Submitted,

_Richard W. Wright, Sr._
Richard Wayne Wright Sr. #187140
Ventress Correctional Facility
Infirmary Room #103
Post Office Box 767
Clayton, Alabama 36016

Certificate of Service

This is to Certify that I Richard Wayne Wright, Sr. am the plaintiff, Pro-Se., in the above encaptioned motion

Page 13 of 15

and certify I have sent this motion to the Clerk of this Court and earnestly ask due to plaintiff indigent status that this Honorable Court and/or Clerk Forwarded a copy of this (said) motion "Motion For Production of Documents" to defendant's Counsel(s) which are as Following:

Troy King (Attorney General)
State Bar # ASB-5949-S61S
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB 9928-S81H)
Balch & Bingham LLP
Post Office Box 18668
Huntsville, Alabama 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Corrections
Legal Division
301 Ripley Street

Page 14 of 15

Production of Documents

Montgomery, Alabama, 36130

by placing this motion in the hand of the on duty officer to be (hand delivered) to the United States Mail Box at Ventress Correctional Facility with First Class postage prepaid and properly address this on the 28th day of December, 2005

Done this the 28th day of December, 2005.

Respectfully Submitted,

_Richard W Wright, Sr._
Richard Wayne Wright, Sr., #187140
Plaintiff, Pro-Se.,
28 USC 1746

Page 15 of 15