IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

Richard Wayne Wright, Sr.          *
     Plaintiff, Pro-Se.,           *
          VS-                      *   Civil Action No.
Sylvester Nettles, et. al.         *   2:05-CV-439-A-WO
     Defendants.                   *
                                   *

## Motion For A More Definite Statement

Comes Now, I Richard Wayne Wright, Sr., Plaintiff, Pro-Se., in the above style to demonstrate to this Honorable Court as best he could the Facts he made Known in his complaint and amend complaint. Plaintiff did not have his complaint in the Form of defendant's Counsel(s) most professional forms and manners. For such reasons plaintiff shall make this attempt for a more define or definite state-ment based on those Facts plaintiff made in (his) "initial complaint", "amend complaint" and "Motion To prevent the use of psychotropic medication upon plaintiff." Plaintiff shall show the ele-ments as following:

1). A Substantial likelihood on Success on the merits;
     Plaintiff could not possibly show the

Page 1 of 22

Success and/or the likelihood of such success without receiving certain documents within [his] prison files (e.g. documents from doctor diagnosis, documents showing what treatment they recommended and/or the actual treatment given by mental Health Managment (M.H.M.) team, ect.). Defendants must clearly show by and through [their] documentation written and (said) orally which clearly states the reasons [they] used psychotropic medication upon plaintiff at (said) times. Defendants has fail to submit all said documents. The documents should show, what specific psychotropic medication was recommended, that which was given, the amount given, how often it was given, all such times it was given the dates such Medication was given and the form (pill(s) or injection(s)) at such (said) time(s) [they] were given to plaintiff. Some of these documents plaintiff Wright has receive and some of them [he] has not, which are pertinent to the support of plaintiff claims and for such reasons plaintiff has filed for "production of documents" for those specific documents defendants and/or defendant counsel(s) left out. Plaintiff is very concern for his well being and life for plaintiff knows not when Defendants shall execute another attack

to prevent [him] From litigating this
case. Stress has become an every day
acquaint of Plaintiff, due to rememberance
of what [those] defendant(s) had done to
plaintiff in June 2001 prior to the evi-
dentiary hearing scheduled in October
16, 2001 of that same year of inducing plain-
tiff with mind altering drugs to stop(his)
ability to precede Farther (Well it is
plain to see) defendants were success-
Ful at that time. Apparently defendants
are not willing to take a chance on
the proceeding of this case getting that
Far and has begun to execute attacks,
[their] most recent one on November 23,
2005. It was not enough difficulties
defendant's Dowling, Sgt. Carter and
Sgt. Longmire had placed on plaintiff
by and through the use of Officer Aber-
Crombie (law library officer) and Some
of [her] workers. The attack plaintiff en-
countered on November 23, 2005 was approxi-
mately Seven (7) days after plaintiff receive
the main part of defendant response with
the Largest part of the documents plain-
tiff needed to substantiate (his) (lamb).
And to cover [their] actions as best [they]
could they placed three (3) disciplinaries
upon plaintiff with one (1), officer Levy
Richardson became willing to Falsify a
Statement ment alleging plaintiff assaulted

[him] before and after restraints were placed on plaintiff to shift the blame off [them] on to plaintiff WRIGHT. Surely, defendant(s) know's plaintiff success on the likelihood of success on the merits would be damage, if not demise if plaintiff was hurt in a way he could not possible litigate this case. Plaintiff is so greatful for (his) higher power "who" did not permit defendant's malicious acts and attack to be imposed upon plaintiff to the full extent defendant intended.

   (2) A substantial threat of irreparrable harm if the injunction is not granted;

      Plaintiff Wright's knows from past experience the effects (the inability to properly clarify his thoughts) from the psychotropic drugs [he] was given prior to the evidentiary hearing in October 2001. The psychotropic drugs administered into plaintiff body coupled with the short notice of defendants 'Motion' suggesting mootiness impared plaintiff significantly. Plaintiff receive defendant's 'motion' suggesting mootiness on October 14, 2001, evening, at legal mail call at Kilby Correctional Facility (K.C.F.), This short notice along with the drugs in [his] body made it impossible for plaintiff to under- stand the Motion, but most importantly

Definite Statement

PlaintiFF incompetency. The Judge ask some man (plaintiFF believes it was the defendant's counsel) which stood close to defendant's L.W. Robbins could [he] help [me] with what I was tring to say, I'm not sure what "that" man said but as a result of plaintiFF being incomprehensible plaintiFF evidentiary hearing was dismissed and the case alike. PlaintiFF efforts to show and assert the Fact left in array and none of the relief plaintiFF was seeking was granted. Now due to the defendant's acts implimented upon plaintiFF (induced with psychotropic medication) the contents or the information plaintiFF was challenging remains in plaintiFF prison File along with the other labels defendant(s) and defendant's agents has attach to plaintiFF. The languag, the label(s) and the disciplinary's along with these defendant's newly arrange labels / language / information, which appears unFavorable to plaintiFF in the eye's of such person(s) able to grant plaintiFF an earlier release date. That of his initial sentence (P.S.I. report) has been used to Forbid plaintiFF earlier release and plaintiFF believe's these label's / language and discipliniaries shall continue to be used to place PlaintiFF at a disadvantage against any

Fair or Favorable parole "granting".
Plaintiff was inform by Mr. M. Bruton
when [he] was taken to Mr. Bruton by
Lt. J. Dowling after plaintiff requested
Protective Custody (P.C.) as Mr. Bruton
put it "Im going to do what ever I can
to make sure you don't make parole".
It is impossible for plaintiff to reconcile
or appease these defendant's. This harm
thusfar, truely has gone irreparable and
plaintiff truely believes and knows from
defendant's past malicious and capri-
cious acts exhibited upon [him] that
as much effort plaintiff shall exert
to bring out and/or assert the facts
of [his] claims defendants will (if
not restrained in some manner by
this Honorable Court) use [their] means
of interrupting plaintiff litigation
process again. Defendant's past activi-
ties ( to cause plaintiff physical and
mental harm and/or promote and/or
allow plaintiff to be subjected to
potential harm) which began approxia-
mately June 2001 has intensified with in
this last year. The attack plaintiff faced
in the Segregation (Seg.) Unit at Kilby
Correctional Facility (K.C.F.) by the
(Seg.) officer 'who' force plaintiff
to signed the disciplinary. He came
into the Seg. cell after wards (because
p

Page 6 of 22

## Definite Statement

Plaintiff would not stop praising [his] higher "Power" For [His] protection and substaining power) with his co-worker. Plaintiff was greatful that [he] only substain minor injuries at the hands of the pursuer - inmate Samual Jones. Never theless Plaintiff was equally greatful For the assistance of the aggresive officer "Co-worker" Which stop him Foom hurting me or me From hurting him and escorted that officer out of the seg. cell without Further injuries to plaintiff. The attack plaintiff Faced by Sgt. Strickland in the infirmary lobby at Bullock Correctional Facility (B.C.F.) in August 2002 was minor in Caparison to that which plaintiff Faced at Ventress Correctional Facility on November 23, 2005 by the hands of Sgt. Carter (CO.II), officer R. Brown (CO.I), officer L. Richardson (CO.I) (assisted in placing restraint's) and the Forth (4th) officer not yet identified. Plaintiff mention in [his] Complaint "how" in brief description "those" past disciplinary came about Concerning him and briefly "how" the defendants and defendant's agents Swayed from the Administrative Regula-tion's (A.R.) #(403) and (404) in order to impose the said disciplinary's. The Ala-bama Department of Correction (A.D.O.C)

Officials are govern by the (A.R.) #
(403) and (404) and are to abide by
such procedures when there are in-
stitutional Rule's Violations (I.R.V.)
stated to have occured and a dis-
ciplinary Form was submitted. The ~~band~~ R.W.W.
harm defendants has cause plaintiff
can be seen at the bare sight of any
"Viewer" of plaintiff prison File Con-
cerning the disciplinary and evidence
of the set backs as well. Not to ex-
clude the label's defendant's has placed
on plaintiff (e.g. sex offence / offender
per ( pre-sentence investigation Report)
mentally ill / non-compliance with de-
fendants recommended medication "psy-
chotropic", ect.). Surely, as the past
has left record, once plaintiff begins
to attach his stated Facts with supported
documents and general logic of de-
fendants act's, conduct or misconduct,
neglect of plaintiff health care treat-
ment, conspiracy, breach of oath, shown
cruel and unusal punishment / treatment,
deliberate indifferent, equal protection vio-
lation, ect, plaintiff is very likely to Face
another attack by prison officials. Once
the Facts of plaintiff complaint begins to
unfold and it becomes more readily under
stood and obvious to this Honorable Court
that the defendant's did in Fact act accordingly,

Definite Statement

It is a "wonder" what the defendant shall do to plaintiff. Defendants and/or defendant's counsel(s) would have this Honorable Court to believe plaintiff thought's are only preconcieved and are not possible and are not real. Then it must be equally said the attack(s) plaintiff has faced in the past along with the label's and language used against plaintiff are not real and are not possible as well as the effects and pain plaintiff encounter from such acts and actions. Any belief in this manner would be far from the truth. Plaintiff may appear paranoid and may even exhibits signs of paranoia at times, this is difficult to explain, impossible to avoid or pervent due to anxiety conflicting with uncertain expectation. Ultimately defendants seek to preserve [their] most known, undetectable means of control, if need (the use of psychotropic drugs) to prevent the plaintiff from revealing [their] injudicious and injurious acts of manifested injustice. Performed and exhibited by [them] and [their] remotest means of effecting plaintiff capacity to think for himself while litigating this case. Defendants would never willingly acknowledge intercepting plaintiff legal mail both out going and incoming, yet recently his legal mail has been open again upon arrival of the de-

livering officer while plaintiff is pre-
sently being housed in the infirmary
in disciplinary/seg. status. When plain
tiff mention this officer White inter-
jected [her] thought and emphasized [she]
did not open it, yet the delivering officer
never gave plaintiff a reason or cause
why the mail was open prior to [him]
receiving it. Plaintiff never question or
accused officer White of opening the mail
so I (R.W.W.) don't know exactly 'why' she answered
as she did. Plaintiff have learn from the
past prison health services (P.H.S.) employee(s)/
defendant(s) must obey the orders of the
officers to prevent [themselves] from appearing
to create a security hazard even when
it means plaintiff won't get the treat-
ment or medication needed for (his)
health care. Defendant J. Bailey, officer
M. Foster, and officer H. Ruffin impeded
into the need of plaintiff to receive his
medication while plaintiff was housed
in the seg. unit at Bullock Correctional
Facility (B.C.F.) approxiamately November 3,
2004 thur Febuary 2005. On numerous
occasion these named officer(s) had order
the nurses not to give plaintiff his
medication and by slamming the food
tray door which is the passage way [he]
had to receive such medication and told
them I refuse which are "their" justifing

## Definite Statement

remedy the officer's used so that the nurse's records in plaintiff File "refuse medication". officer Bailey, officer Foster and officer Ruffin are / were more concerned about the inmate's in the Seg. Cells looking through the sides of the lock cell doors at the Female nurse's rather than [they] were about me receiving the proper attention and treatment From the nurse's to plaintiff For the sake of "better health".

It is still puzzling to plaintiff which party makes mental health prognostication the Classification Specilist or the Mental Health Management (M.H.M.) team. Reason For plaintiff Confusion in this instance is basically the (M.H.M.) team prognostic decision was one thing and the Classification Specialist deFendant S. Seals was another. IF and once the document's are presented by the deFendant's in which plaintiff requested [he] then may show "how" deFendant S. Seals recommended / placed labels of "mental ill" that (M.H.M.) team annulled prior to [her] acts. Now not only do plaintiff still have these labels / information attach in [his] prison File (which are used) to grant parole, but in plaintiff case "they" used it to deny him parole, Forbid [him] transFers to lesser restricted camp,

take away even simple, yet meaning-
ful benefits that permitted plaintiff
to go out side the prison (fenched in)
perimeter by and due to the parole board
decisions of not only denying plaintiff
parole, but more so setting plaintiff
next parole consideration date/hearing
five (5) years away from the date
plaintiff was denied August 16, 2004.
At the time plaintiff was incarcerated
three (3) years were the set off date.
Defendant's has went beyond the parole
guidelines applied at the time of (his)
iniatial incarceration with out retro-
active respect.

Thus far, defendant have willingly
and knowingly violated plaintiff equal
protection rights. These prison officials
are govern as a government agency and
knows or should have know the equal
protection laws and clauses both local
(city, town's and/or counties) and state
side. Defendants and/or defendant's
counsel(s) would have this Honorable
Court to believe `there' is no substan-
R.w.w.
~~tial~~ tial ~~threat~~, the irreparable harm
`allready" plaintiff suffered and suffers
is not likely to ~~oc~~ re occur. Once these
R.w.w
defendant (take note again) that the
statements in plaintiff Complaint in
regard to all [his] claims are becoming

## Definite Statement

Self explanatory based on supporting documentation re-occurrance of ill treatment from defendants are likely to occur. Plaintiff claims are in fact self-evident -- revealed to this Honorable Court the defendants and defendant's agents are likely to force psychotropic medication upon plaintiff Wright again. Defendant's and their agents has force medication "psychotropic" upon plaintiff at Kilby Correctional Facility (K.C.F.) in June thur August of 2001 without affording plaintiff a due process hearing or a notice for such use of drugs. Defendants would have this Honorable Court to believe such reservation is for plaintiff safety and other inmate's and officials staff, this is far from the truth. It in reality maybe for the Security (Job Security) of the defendants to interrupt any further truth plaintiff may reveal of (their) malicious acts and retaliatory motives. For the safety of other inmate's "who" had plaintiff put in danger or threaten upon (their) first use of psychotropic drugs, no one. Allegedly for plaintiff safety, never!

Here Fore, plaintiff motion for the injunction which was denied be-cause of plaintiff lack of definite ex-

plaination is earnestly ask by plain-
tiff to be reconsidered and granted.
For the threatening harm to plaintiff
out weighs any harm or possible harm
cause by plaintiff upon defendants
in the past by this Honorable court
not granting plaintiff wright 'motion'
(forbiding defendant use of psychotropic
drugs) has even increase defendants
threat of psychotropic drug use upon/
into plaintiff body. The substantial
likelihood of more irreparable harm
being subjected to plaintiff for (him)
to suffer along with the threatening
harm (he) is now facing because of
this Honorable court denying plaintiff
'motion' for injunction. For such cause
plaintiff ask this Honorable court to
reconsidered its decision, consider
plaintiff 'definite statement' and grant
an injunction at the most earliest date
this Honorable court deems fit. This
cover elements two (2) and three (3).
    (4). the public interest will not
be deserved by the grant of a pre-
liminary injunction;
    This fourth (4th) element is the
most complex for plaintiff to describe
for one (1) simple reason it depends
upon two (2) principals yet it's one (1)
element " the public interest deserved "

## Definite Statement

and that depends mainly on what
side of the track one (1) individual is
standing on when this Fourth (4th) ele-
ment is to be applied. The two (2) prin-
cipal's (that of the defendant's prin-
ciples based on the public interest de-
served) or (that of the plaintiff's in-
terest deserved as a (part) of the public
in which such interest is deserved)
but plaintiff shall do (his) best to
demonstrate and/or described this
Fourth (4th) element. Plaintiff Wright's
believes (himself) to be part and par-
tial of this said public. The interest
plaintiff has as part of the public re-
lates to the right's of inmate (s), which
to include; we are not totally strip
of our rights to fair and humane
treatment, right's to petition the
Court's (absent of threats) without
fear of death or harm, right's to a hearing
before a probate Judge before person(s)
are force to psychiatric treatment, etc.
For there is no iron curtain drawn
between those which are incarcerated
and the constitutions of this (said)
goverment and country, yet plaintiff
understands (in part) the language of
such exercise of (his) right's may very
from situation to situations. This leads
plaintiff to the ultimate question he

must try and answer For this Honor-
able Court to Consider such a question.
And the answer that Follows in
[its] decision to reconsider and grant
plaintiff Wright's (said) 'motion' For a
preliminary injunction. To be issued
For the safety, security and stabi-
lity of the (said) plaintiff to substain
[his] right's. Question -- Does plaintiff
Wright deserve the public's interest
(which in the Case is [him] being
abled -- Continually to properly
litigate these Court proceeding) while
under the Care of the (A.D.O.C.)
officials? Answer-- Plaintiff believes
[himself] to be a part of the public,
and should have the same protec-
tion afforded available to [him] as
those "who" or "whom" are also in-
Corcerated and Comitted Crimes of
Violence. It is general Knowledge
many other inmates have been in
physical ConFrontation" Fighting"
even some have been Found with
prison made Knives, yet [they] have
Went without threats, Jestures
of intimidation, Coercion, ect. Due
to plaintiff petitioning the Courts
For violation of [his] Constitutional
rights (as describe in his Complaint)
[he] has been harm physically and

Page 16 of 22

Definite Statement

mentally by other inmates and
officers alike. How could plaintiff
Wright possibly continue to litigate
this case if [he] is induced again
(by defendants) with psychotropic
drugs, is a wonder unto him. Defendants
must be curved from [their] malicious
and arbitrary acts and action impli-
mented to stop plaintiff access to
the courts. If this Honorable Court
does not use some type of restraining
measures plaintiff is very likely
to face re-occurrances used (by
defendants) of psychotropic drugs,
fraud, assault by other inmates
and officers with out [them] being
responsible for what [they] have
done. As defendants most recent
~~retaliatory~~ R.W.W. retaliatory means to stop and/
or interrupt plaintiff ability to
respond to the defendants answer
was comitted on November 23, 2005
as mention in plaintiff motion to
this Honorable Court which said
motion was denied on January 5,
2006. Plaintiff for such reason(s) as
this Honorable Court has decided that
plaintiff file a new 42 USC 1983 for
defendant's agents / defendant(s) action
as an isolated incident when in R.W.W.
reality this act was an act of retaliation

by defendants to hinder and if
possible stop this suit plaintiff has
filed against them.

Here after, plaintiff awaits de-
fendants next strategic move R.W.W. and proceeds
with caution, but in like manner
plaintiff places [his] greatest amount
of expectation upon this Honorable
Court to set some type of stand-
ard for the defendant, to ensure plain-
tiff safety and life from physical
harm and perserved plaintiff right
to petition the Court with out in-
terruption on defendants part.

## Conclusion

Defendants have made evident (to
plaintiff) that they will stop at
nothing to bring suffering upon him
for initially challenging [their] Judge-
ment, but in essence that not what
plaintiff intended. Plaintiff only in-
tended to have information in a
(P.S.I.) report in his prison file with false
allegation in it abstracted and/or
expunge from [his] prison file, which would
and did prejudice [him] from any favor-
able benefits (e.g. lesser restricted
custody, earlier release - parole, etc.).
As a result plaintiff faced more re-

Definite Statement

taliation from defendants by [their] recent attack he suffered with injuries. More false allegation inserted in [his] prison file from disciplinary's placed on [him] as a consequence of [their] acts on November 23, 2005, along with other newly arrange labels applied to further incriminated him. Plaintiff ask according to Fed. R. Civ. Proc., Rule (21) defendant S. Carter, Roosevelt Brown and Levy Richardson be served and proceeded with separately. As a result of most recent assault plaintiff faced on November 23, 2005 Rule 24(a) Fed. R. Civ. Proc. should be applied due to plaintiff failure to file a objection to Magistrate Judge recommendation to dismiss defendants in its order pass down on <u>30th</u> day of November 2005. Due to plaintiff injuries [he] encounter on November 30, 2005. It was an oversight on [his] part do to the pain [he] was suffering and Rule 6 should apply. In accord to Rule 9 (b) (c) plaintiff should be allowed to file an objection R.w.w. to Magistrate Judge order listed above pass down on <u>30th</u> day of November 2005. If this motion is not in proper form plaintiff ask that this Honorable Court Construed it into its proper form for processing.

## Relief Sought

Plaintiff seeks this Honorable Court appliance of an injunction forbidding psychotropic medication. Grant plaintiff a reasonable amount of time to file an objection to the magistrate Judge recommendation to dismissed the said defendant's in [his] order pass down November 30th 2005. Also the Senior Judge order maybe with drawn to permit such granting of time in which [his] order was pass down on the 4th day of January 2006, A protection order be placed upon S. Carter (C.O.II) and Ofc. R. Brown (C.O.I) those named who actually ingage pain and injury on plaintiff on November 23, 2005. Any and all other relief this Honorable Court deems approiate in which plaintiff has shown himself intitled to.

Done this the 9th day of January, 2006.

Respectfully Submitted,

Richard Wayne Wright Sr.
A IS # 187AO

Page 20 of 22

<u>Definite Statement</u>

<u>Certificate of Service</u>

I Richard Wayne Wright Sr. hereby Certify that on this <u>9th</u> day of January, 2006, I have Filed this Motion with the Clerk of the Court and ask due to plaintiff indigent status that this Honorable Court and/or Clerk Forwarded a copy of this motion "Motion For a more Definite Statement" to be Served upon the Following by placing a copy of the same in the United States Mail Box at Ventress Correctional Facility by (hand delivery) to the officer on duty First Class postage prepaid and properly addressed this 10th day of ~~December, 2005~~ R.W.W. January, 2006.

Gregory F. Yaghmai
ASB-2411-H67G
Attorney For Dr. William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB-5949-5615
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405

Page 21 of 22

Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-581H)
Balch & Bingham LLP
Post Office Box 18668
Huntsville, Alabama 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Correction
      Legal Division
~~Post Office Box~~ RWW.
301 Ripley Street
Montgomery, Alabama 36130

          Respectfully Submitted,

          ~~Richard W. Wright Jr.~~
          Richard Wayne Wright Sr. #187140
          Ventress Correctional Facility
          ~~In~~ Firmary Room #103
          Post Office Box 767
          Clayton Alabama 36016




          Page 22 of 22