IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED
JAN 18 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

Richard Wayne Wright, Sr., *
　　Plaintiff, Pro-Se., *  Civil Action No.
　　　-vs- * 2:05-CV-439-A-WO
Sylvester Nettles, et. al. *
　　Defendants. *

## Plaintiff Wright Motion In Objection To The Magistrate Judge Recommendation Denying Mental Examination

I Richard Wayne Wright, Sr., am the Plaintiff, Pro-Se., and Comes before this Honorable Court to object to the recommendation of the Honorable Charles S. Coody (Chief United States Magistrate Judge) order pass down on the 5th day of January, 2006, denying plaintiff Wright Motion for a Mental health evaluation. May this Honorable Court consider plaintiff objection motion and reverse its order and set a date at which time this Honorable Court shall order and prescribe a time, place and person to preform the mental evaluation upon plaintiff at such date this Honorable Court deems fit.

Defendants are playing both sides of the tables when the circumstances/ situation is not in plaintiff Wright favor [he] is considered competent for [their] occation and mental health status, nor administration of psychotropic medication need (not) be applied. Then at the time's the circumstances/situation (is) favorable to plaintiff defendants seeks to use the mental health label. When defendants desire (not) to apply mental health status, nor administrate psychotropic medication are times when [they] can affix a disciplinary to plaintiff as means of incriminating plaintiff further through means of his prison files. Then when defendants desire to inflict mental and physical anguish upon plaintiff and/or stop plaintiff in [their] form's, from transferring to a lower level prison, where in, he can exercise more liberty, a mental health hold/labels is applied to prevent such favorable benifit to plaintiff and psychotropic medication maybe needed for [their] states reasons. Plaintiff shall attempt to clarify these actual circumstances/situation defendants technique were used.

When plaintiff Wright was accused of an institutional Rule Violation (I.R.V.)

Magistrate Judge Denying Plaintiff Motion Mental Exam
---

Rule #38 (Indecent Exposure/Exhibitionist in August 2003 and Subsequently Found guilty by defendants and [their] agents in September 2003. It appears there were no need for defendants mental evaluation Consultant Forms For plaintiff Competency or the such like. One (1) reason being was the disciplinary itself would hinder plaintiff progress and any favorable transfer to a lesser restricted camp/worker release, etc. Until approximately ninty (90) to one hundred and sixty (160) days after (I.R.V.) applied. After that time expired defendant S. Seals decided to apply the mental health label/hold again as indicated on plaintiff progress Review Form date March 3, 2004. This was done intentionally to hinder and/or stop plaintiff progress and any favorable transfer to a lesser restricted camp and used as justification of forbiding plaintiff a transfer wheather lateral or a lesser restricted camp/prison. During defendant S. Seals recommendation as described on plaintiff progress review Form date March 3, 2004. This did indeed stop plaintiff progress.

R.W.W.

On November 3, 2004, approximately, plaintiff defended [himself] against inmate Walton Solomon attack and as such design of defendant (Lt.) Babers statement, plaintiff was charge with (I.R.V.), Rule #31 (assault on another inmate) and subsequently found guilty by defendant(s) and/or their agents. At the time defendant's submitted the allege Consulation Form for defendant's reason to express plaintiff being compentent to face their charge of the said (I.R.V.) noted above. Again no label of mental health illness needed nor their suggestion for psychotropic medication. This implementation of this (said) disciplinary for this said (I.R.V.) would serve defendant purpose, which would be to further incriminate plaintiff through his prison file and cause more mental and physical anguish upon him.

Repeatedly, plaintiff Wright has had to contend with defendants playing both sides of the table with [their] mental health label usage. In April, 2005, plaintiff was again charge of violating institutional Rule# 62 (Intentionally creating a security, safety, or health hazard) defendant's next disciplinary to be applied. In May,

Magistrate Judge Denying Plaintiff Motion Mental Exam.

2004, plaintiff Subsequently Found guilty. No mental health label, nor recommendation/ Suggestion of the administration of psychotropic medication plaintiff Compentent to be tried For [their] said charge.

Plaintiff wonders and awaits in distress and perplexity (For what) defendants shall do next unto him. While [they] contends they need to reserve their right/oppertunity to use Force/ involuntary psychotropic medication at which time they shall deem Fit. This plaintiff Knows From his pass experience with defendant use of psychotropic medication most like will be used at [the] time plaintiff Shall reveal defendants maniFested injustice and malicious intentions exhibited upon plaintiff.

## Conclusion

Plaintiff ask this Honorable Court to reconsider its order pass down on the 5th day of January, 2006, of denying plaintiff Motion For a mental health evaluation. For the reasons set Forth in this motion of objections to the Magistrate Judge recommendation. Due to the Defendants malicious acts

exercised in Bad Faith as described herein, Such mental health evaluation should be granted and it will not in any way prejudice the defendants in any manner, but will secure plaintiff Wright ability to exercise his rights as afforded through the United States laws, Constitution and Amendments of this said government. Plaintiff hopes this Honorable Court will construe R.W.W this motion (not) only as an objection to the recommendation of the Magistrate Judge, but, also construe it into the form of a motion for reconsideration of plaintiff initial motion filed on December 20, 2005, (Court Doc. No. 45), requesting a mental health evaluation at the earliest possible date this Court shall deem fit.

    Done this the 15th day of January, 2006.

        Respectfully Submitted,

        Richard Wayne Wright, Sr. #187140
        Ventress Correctional Facility
        Infirmary Room # 103

Magistrate Judge Denying Plaintiff Motion Mental Exam

Post Office Box 767
Clayton, Alabama 36016

## Certificate of Service

This is to Certify that I Richard Wayne Wright, Sr., am the petitioner, Pro-Se., in the above encaptioned motion and Certify (R.W.W) I have sent this motion to the Clerk of this Court and earnestly ask due to plaintiff (R.W.W) indigent status that this Honorable Court and/or Clerk Forwarded a copy of this (said) motion "Plaintiff Wright Motion In Objection To The Magistrate Judge Recommendation Denying Mental Examination" to defendant's Counsel(s) which are as Following:

Gregory F. Vaghmai
ASB-2411-H67G
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB-5949-S615
Steven Mallette Sirmon

(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S81H)
Balch & Bingham LLP
Post Office Box 18668
Huntville, Alabama 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Correction
   Legal Division
301 Ripley Street
Montgomery, Alabama 36130

by placing this motion in the United States mail box at Ventress Correctional Facility by (hand delivery) to the officer on duty with First Class postage (stamp) prepaid and properly address this on the 16th day of January, 2006.

Respectfully Submitted,

Magistrate Judge Denying Plaintiff Motion Mental Exam.

*Richard W. Wright, Sr.*
Richard Wayne Wright, Sr. #187140
Ventress Correctional Facility
Infirmary Room #103
Post Office Box 767
Clayton, Alabama 36016