IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 18 P 1:00
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

RICHARD WAYNE WRIGHT, SR.,     *
   Plaintiff, Pro-Se.,          *   Civil Action No.
      -vs-                      *   2:05-CV-439-A-WO
SYLVESTER NETTLES, et. al.,    *
   Defendants.                  *

## Plaintiff Motion To Object To The Magistrate Judge Recommendation For Autopsy

I Richard Wayne Wright, Sr., am the plaintiff, Pro-Se., in the above said motion. Plaintiff files his motion of objection of the recommendation of the Honorable Charles S. Coody (Chief Magistrate Judge) for the United States order pass down on the 5th day of January, 2006, denying plaintiff motion to preserve (his) body for Autopsy which was filed with this Court on December 20, 2005 (Court Doc. No. 96).

Plaintiff Wright has express as best he could to this Honorable Court (his) fears of being futher physically harm while in the care and control of the defendant(s)/Alabama Department of Correctional (A.D.O.C.) officials.

Page 1 of

Defendant's has shown plaintiff, when (he) express his fears of being harm by inmate Marshall Jones that they have little regard for plaintiff life and safety. The inmates classification manual has a part/section inserted in it, wherein, the enemy validation committee are suppose to take all necessary steps/measures to ensure the safety of each inmate once [he] has declared 'there' is an enemy situation. It was important enough for plaintiff to make known to sgt. Williams inmates Jones was making indirect threats at Bullock Correctional Facility (B.C.F.) while in the segregation (seg.) unit. To include within this same section of the classification manual 'the only one who can remove an enemy claim from the list is the one 'whom' makes the claim', but it must be done in writing. Plaintiff has never written any document to reverse (his) claim as inmate Jones being his enemy at the time plaintiff Wright was separated from inmate Jones by defendant (sgt.) Williams, later he was placed around inmate Jones again and transfered to Ventress Correctional Facility

Plaintiff Objection For Denying -- Autopsy

(V.C.F.) with him. Plaintiff had hope that he could be at peace with inmate Jones at (V.C.F.), yet inmate Jones, days after being around plaintiff started demonstrating aggressive behavior again, along with (his) statement's of reminder, of how plaintiff 'caught out' in the (Seg.) Unit at (B.C.F.). Defendant Bruton "saw" it was fessible to throw plaintiff back around inmate Jones despite of plaintiff express fears of being harm by inmate Jones. Inmate Jones had all ready express his boldness by striking an inmate in the face, in the shift office at (B.C.F.) with approximately four (4) on duty officers present in (his) rejection of signing a living agreement/ inmate peace treaty with the inmate he had, had a disagreement with. Mr. Bruton and Sgt. Seals decided my fears and safety was not enough to keep me separated from inmate Jones (potential harm) so [I] was thrown back around inmate Jones to fend for myself. Plaintiff had all ready witness (the blame) defendant (Lt.) Babers had express when plaintiff

Page 3 of

defendant [himself] against inmate Walton Solomon attack. Plaintiff did not want anything like that to occur again, involving him. Inspite of plaintiff complaint he made to defendant (Lt.) Dowling and the assessment of defendant Bruton and Sgt. Seals landed plaintiff Wright back in population "threw" back around R.W.[?] inmate Jones again.

   Plaintiff believes grave dangers awaits him. Defendant(s) would have this Honorable Court to believe all plaintiff fear's are frivolous and meaningless. For such reason's plaintiff filed the motion for an order to preserve (his body) in the event of wrongful death. Plaintiff believes 'there' are codes/statues this Honorable Court can apply to alert/warn defendant(s) if they should commit murder and/or further conspirer, wherein, the death of plaintiff occurs [some] of the defendant(s) (may) disassociate with the conspiring party and this disassociation maybe enough to preserve plaintiff life. Due to this Honorable Court recommendation to deny plaintiff said motion has left plaintiff without further

Plaintiff Objection For Denying-Autopsy

aid of protection by law and/or statue that could aid in his longevity.

## Conclusion

For such reason's plaintiff hopes this Honorable Court will reconsider its order of denying plaintiff motion on the 5th day of January 2006. And construe this motion of objection to the magistrate Judge order/recommendation as a motion (also) For a "Reconsideration" of plaintiff motion to perserve (his) body for Autopsy in the event of Wrongful death.

Done this the 14th day of January, 2006.

Respectfully Submitted,

Richard W. Wright Sr.

Richard Wayne Wright, Sr. #187140
Ventress Correctional
Infirmary Room #103

Certificate of Service R.W.W

Post Office Box 767
Clayton, Alabama 36016

## Certificate of Service

Same as that attach to the Motion "Plaintiff Wright Motion In objection To The Magistrate Judge Recommendation Denying Mental Examination" enclosed in this same envirlope. (See Motion)

Respectfully Submitted

Richard Wayne Wright Sr. #187140
Ventress Correctional Facility
Infirmary Room # 103
Post Office Box 767
Clayton, Alabama 36016

NAME Richard Wright   AIS # 187140 DORM # Inf Room # 105
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

36104+4055

United States District Court
Middle District of Alabama
Office of the Clerk
15 Lee Street
Post Box Office 711
Montgomery, Alabama 36104


