IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE WRIGHT, SR., | ) | |
| AIS # 187140, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-439-A |
| | ) | |
| SYLVESTER NETTLES, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ANSWER TO AMENDED COMPLAINT**

COMES NOW Defendant William Sanders (hereinafter referred to as "Defendant") and for answer to Plaintiff's Complaint, as amended, states as follows:

1. Defendant admits plaintiff filed this amended complaint pursuant to 42 U.S.C. § 1983. Defendant is without sufficient information to either admit or deny the remaining allegations contained in page one of twenty-nine of Plaintiff's Complaint. Thus, they are denied and Defendant demands strict proof thereof.

2. Defendant admits Plaintiff's claims are barred by the statute of limitations. Defendant denies all remaining allegations set forth on page two of twenty-nine and demands strict proof thereof.

3. Defendant denies that he participated, recommended, or had any other dealings with a forced medication hearing as alleged in pages three through five of twenty-nine and demands strict proof thereof. Defendant further denies all remaining allegations on pages three through five of twenty-nine and Defendant demands strict proof thereof.

4.	Defendant is without sufficient information to either admit or deny the remaining allegations contained in pages five through seventeen of twenty-nine of Plaintiff's Complaint. Thus, they are denied and Defendant demands strict proof thereof.

5.	Defendant denies that the psychotropic drugs prescribed by Dr. Sanders has caused Plaintiff to suffer "many unexplain physical ailments" as alleged by Plaintiff on page eighteen of twenty-nine and demands strict proof thereof. Defendant denies the remaining portion of the first paragraph of page eighteen of twenty-nine and demands strict proof thereof. Defendant is without sufficient information to either admit or deny the remaining allegations contained on page eighteen of twenty-nine. Thus, they are denied and Defendant demands strict proof thereof.

6.	Defendant is without sufficient information to either admit or deny the allegations contained on pages nineteen through twenty-six of twenty-nine. Thus, they are denied and Defendant demands strict proof thereof.

**PRAYER FOR RELIEF**

7.	Defendant denies all of the relief sought by Plaintiff in pages twenty-six through twenty-eight of twenty-nine.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

Defendant pleads not guilty to the charges in the Plaintiff's complaint.

## SECOND DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant for which relief can be granted.

## THIRD DEFENSE

Defendant affirmatively denies any and all alleged claims by the Plaintiff.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief requested in the complaint.

## FIFTH DEFENSE

Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

## SIXTH DEFENSE

Defendant is entitled to qualified immunity and it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that Defendant has violated any clearly established constitutional right.

## SEVENTH DEFENSE

Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Defendant did not act with deliberate indifference.  Estelle v. Gamble, 429 U.S. 97 (1976).

## NINTH DEFENSE

Defendant pleads sovereign immunity.

## TENTH DEFENSE

Plaintiff's claims are barred because he is seeking to question a medical judgement via injunctive relief.

## ELEVENTH DEFENSE

Defendant pleads the general issue.

## TWELFTH DEFENSE

This Court lacks subject matter jurisdiction due to the fact that even if plaintiff's allegations should be proven, the allegations against this Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.  See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

## THIRTEENTH DEFENSE

Defendant pleads qualified immunity.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## FIFTEENTH DEFENSE

Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

### SIXTEENTH DEFENSE

Defendant pleads the affirmative defense that the Plaintiff's complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

### SEVENTEENTH DEFENSE

Defendants pleads the affirmative defenses of contributory negligence and assumption of the risk.

### EIGHTEENTH DEFENSE

Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

### NINETEENTH DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997 e(2005).

### TWENTIETH DEFENSE

Defendant pleads the affirmative defense that Plaintiff has failed to mitigate his own damages.

TWENTY-FIRST DEFENSE

Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the Untied States Constitution.

TWENTY-SECOND DEFENSE

Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and §6-5-542, et seq.

TWENTY-THIRD DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a)(2005).

TWENTY-FOURTH DEFENSE

The Prison Litigation Reform Act, 42 U.S.C. § 1997 (e)(c)(1)(2005) mandates the dismissal of Plaintiff's claim herein as this action is "frivolous, malicious, fails to state a claim upon which relief can be granted."

TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff.  42 U.S.C. § 1997 e(c)(1)(2005).

TWENTY-SIXTH DEFENSE

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in Federal Court.

TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

TWENTY-EIGHTH DEFENSE

Defendant asserts that the Plaintiff's complaint is frivolous and filed in bad faith solely for the purposes of harassment and intimidation and requests this Court, pursuant to 42 U.S.C. §1988, to award this Defendant reasonable attorney's fees and costs incurred in the defense of this litigation.

TWENTY-NINTH DEFENSE

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved.  See Marie v. Nickels, 70 F. Supp. 2d 1252 (D. Kan. 1999).

THIRTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

THIRTY-FIRST DEFENSE

Plaintiff's claims are barred by the statute of limitations.

THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

THIRTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

THIRTY-FOURTH DEFENSE

The Court lacks subject matter jurisdiction over this dispute.

<u>THIRTY-FIFTH DEFENSE</u>

This Court is the improper venue in which to assert this action.

<u>THIRTY-SIXTH DEFENSE</u>

Plaintiff lacks standing to bring this action.

<u>THIRTY-SEVENTH DEFENSE</u>

Plaintiff's claims are barred by the doctrine of estoppel.

<u>THIRTY-EIGHTH DEFENSE</u>

Defendant reserves the right to assert other defenses as discovery proceeds.

Respectfully Submitted,

*/s/Gregory F. Yaghmai*
William A. Scott, Jr. (ASB-1539-073W)
Gregory F. Yaghmai (ASB-2411-H67G)
Attorneys for William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: wscott@sssandf.com
E-mail: gyaghmai@sssandf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David B. Block, Esq.
William R. Lunsford
Balch & Bingham, LLP
P. O. Box 18668
Huntsville, AL  35804-8668

Gregory Marion Biggs
Department of Corrections
P. O. Box 301501
Montgomery, AL  36130

Steven Mallette Sirmon
Alabama Board of Pardons & Paroles
P. O. Box 302405
Montgomery, AL  36130

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Inmate Richard Wayne Wright, Sr.
AIS # 187140
Ventress Correctional Facility
P. O. Box 767
Clayton, AL  36016

/s/Gregory F. Yaghmai
William A. Scott, Jr. (ASB-1539-073W)
Gregory F. Yaghmai (ASB-2411-H67G)
Attorneys for William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail:  wscott@sssandf.com
E-mail:  gyaghmai@sssandf.com