**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **RICHARD WAYNE WRIGHT, SR.,**  ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| vs. ) | **2:05-CV-439-WHA-CSC** |
| ) | |
| **SYLVESTER NETTLES,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT WILLIAM SANDERS' SPECIAL REPORT**

COMES NOW, Defendant WILLIAM SANDERS, M.D. ("Dr. Sanders"), pursuant to this Court's Order requiring Defendant to provide a Special Report and Answer, and submits the following Special Report addressing the allegations asserted by Plaintiff RICHARD WAYNE WRIGHT, SR. ("Plaintiff"):

**I.   NARRATIVE STATEMENT OF UNDISPUTED FACTS**

   **A.   SUMMARY OF AMENDED COMPLAINT & CURRENT ALLEGATIONS**

On or about May 11, 2005, Plaintiff, an inmate currently incarcerated at Ventress Correctional Facility ("Ventress"), filed a Complaint pursuant to 42 U.S.C. § 1983, which was subsequently amended on July 28, 2005, alleging that the many Defendants named in the above-styled action violated his constitutional rights. (*See* Complaint; Amended Complaint).

As directed, Dr. Sanders has undertaken a review of Plaintiff's claims to determine the facts and circumstances relevant thereto. **It should be noted that Dr. Sanders only**

**treated Plaintiff on two occasions, June 3 and June 4, 2002.** At this time, Dr. Sanders is submitting this Special Report, which is supported by Plaintiff's medical records that reflect the treatment Dr. Sanders provided to the Plaintiff (attached hereto as Exhibit "A") and the Affidavit of William Sanders, M.D. (attached hereto as Exhibit "B"). Defendant also incorporates by reference Plaintiff's medical records offered as exhibit by co-defendants in support of their Special Reports. These evidentiary materials demonstrate that Plaintiff has been provided appropriate medical treatment at all times by Dr. Sanders, and that the allegations in his Complaint are false and without merit.

### 1. CURRENT ALLEGATIONS

In his Amended Complaint, Plaintiff alleges numerous claims against Defendants including: (1) intercepting Plaintiff's outgoing mail (*See* Amended Complaint at 1-2); (2) denying Plaintiff's requests for a copy of the Involuntary Medication Hearing (*Id.* at 3-4); (3) falsely accusing Plaintiff of indecent exposure (*Id.* at 5-7); (4) falsely altering the crimes for which the Plaintiff is incarcerated, thereby hindering his attempts to be paroled (*Id.* at 7-9); (5) raising Plaintiff's security status from minimum to maximum (*Id.* at 9-10); (6) falsifying statements made by Plaintiff (*Id.* at 11-12); (7) harassing Plaintiff (*Id* at 13-16); (8) disregarding Plaintiff's complaints, causing him to develop dementia (*Id.* at 17-18); (9) prescribing psychotropic drugs that cause Plaintiff physical ailments (*Id.* at 18); (10) altering Plaintiff's shaving profile resulting in threats from Alabama Department of Corrections' ("ADOC") officers (*Id.* at 18-22); (11) disregarding Plaintiff's complaints concerning tuberculosis ("TB") skin tests (*Id.* at 22-26); (12) denying Plaintiff medical treatment on

specified dates (*Id.* at 24); (13) failing to check Plaintiff's blood-sugar level (*Id.* at 24); and (14) disregarding Plaintiff's complaints of sores on his legs, hands, back, head, and face (*Id.* at 25). These claims arise out of Plaintiff's incarceration at Ventress and his prior incarceration at Bullock Correctional Facility ("Bullock").

### 2.     ALLEGATIONS INAPPLICABLE TO DR. SANDERS

Dr. Sanders is not responsible for actions taken by ADOC's officers and/or other personnel. Particularly, Dr. Sanders does not engage in the processing and/or reviewing of an inmate's outgoing mail, applying and/or enforcing the ADOC's administrative rules, determining an inmate's eligibility for parole, and/or changing in any way an inmate's security status.

Similarly, Dr. Sanders is not responsible for the actions and/or inactions taken by Prison Health Services' ("PHS") physicians, nurse practitioners, and other medical personnel. Moreover, Dr. Sanders is not responsible for the making and/or altering of an inmate's shaving profile.

### 3.     ALLEGATIONS APPLICABLE TO DR. SANDERS

Based on the foregoing facts of Plaintiff's allegations, the only two (2) potential claims concerning matters over which Dr. Sanders has any responsibility or control are the allegations that Plaintiff was refused the Involuntary Medication Hearing report and Plaintiff's physical ailments caused by prescribed psychotropic medications. (*See* Amended Complaint 3-4, 18).

## II. DISCUSSION

### A. HEIGHTENED PLEADING REQUIREMENT

In an effort to defeat baseless claims at the earliest possible opportunity, the Eleventh Circuit requires that a Plaintiff in a civil action allege with necessary specificity facts which demonstrate a claim. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The purpose of this requirement is to allow a defendant to file an appropriate responsive pleading. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 777 F.3d 364, 366 (11th Cir. 1996). Plaintiff does not meet this heightened pleading requirement and for this reason Plaintiff's Amended Complaint, as it relates to Dr. Sanders, is subject to dismissal.

### B. PLAINTIFF FAILS TO SATISFY HIS BURDEN OF ESTABLISHING THE EIGHTH AMENDMENT STANDARD THAT DR. SANDERS ACTED WITH "DELIBERATE INDIFFERENCE."

It is unquestioned that "[c]onfinement in a prison...is a form of punishment subject to scrutiny under the Eighth Amendment standards" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986), and a violation of such standards may be actionable under 42 U.S.C. § 1983.

On numerous occasions, courts have attempted to clearly define the requirements for asserting and succeeding upon an Eighth Amendment violation claim under § 1983. In *Estelle v. Gamble*, the United States Supreme Court held that an Eighth Amendment claim exists only when a prison official engages in the "unnecessary and wanton infliction of

4

pain." 429 U.S. 97, 105 (1976); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). In the context of general prison conditions, this phrase has been interpreted to mean that prison officials must not act with "deliberate indifference." *See Farmer*, 511 U.S. at 387 (stating that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety...").

In order for a deliberate indifference claim to prevail, Plaintiff must prove both the "objective" and "subjective" components of the Eighth Amendment standard. Specifically, Plaintiff must allege and prove that he suffered from a serious medical need, that Dr. Sanders was deliberately indifferent to his needs, and that he suffered harm due to this deliberate indifference. *See Marsh v. Butler County*, 225 F.3d 1243, 1255 (11th Cir. 2000); *Palermo v. Corr. Med. Serv.*, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). It is well-established in the Eleventh Circuit that a serious medical need is a "condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). The burden falls upon Plaintiff to allege and prove the existence of such a condition. *See e.g. Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Plaintiff has the additional burden of proving deliberate indifference; that is, it is required of Plaintiff to establish that Dr. Sanders acted with "conscious or callous indifference." *See Daniels v. Williams*, 474 U.S. 327 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990). As such, Plaintiff's § 1983 claim cannot survive summary judgment unless he produces

5

evidence "of [Dr. Sanders'] subjective awareness" of the alleged medical condition and an "intentional refusal to provide...care." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).

Not every claim of poor medical treatment by a prisoner rises to the level of an Eighth Amendment violation. In fact, on numerous occasions courts have identified conduct that does not rise to the level of deliberate indifference. For instance, in *Chandler v. Crosby*, the Eleventh Circuit held that a prisoner's discomfort does not give rise to an Eighth Amendment violation. 379 F.3d 1278, 1295 (11th Cir. 2004). Moreover, a difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot create a cause of action under the Eighth Amendment. *See Estelle,* 429 U.S. at 106-108. Similarly, the Eighth Amendment does not prohibit or provide any remedy for any "accidental inadequacy...or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Dr. Sanders may only be liable if he had knowledge of Plaintiff's medical condition, acted intentionally or recklessly to deny and/or delay access to his care, or to interfere with treatment once prescribed. *See Estelle,* 429 U.S. at 104-105; *Hill,* 40 F.3d at 1191. Plaintiff has not, and cannot, meet this burden. The evidence submitted with this Special Report clearly shows that Dr. Sanders never intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. (Exhibit "B"). In fact, Dr. Sanders only saw Plaintiff on two (2) occasions during his incarceration at Bullock**.** *Id.* His initial contact with Plaintiff was on June 3, 2002, when Plaintiff was

6

brought in from the yard complaining of a lack of sleep and being off his medication. *Id.* At that time, Dr. Sanders prescribed two (2) low-level psychotropic drugs which were well within the accepted therapeutic range for Plaintiff's condition. *Id.* On June 4, 2002, Plaintiff returned to Dr. Sanders' office and stated that he was sleeping much better and would continue the medications Dr. Sanders had prescribed. *Id.* This June 4th visit was the last interaction Dr. Sanders had with Plaintiff; he had no further dealings with Plaintiff's mental health treatment. *Id.* Nevertheless, on both occasions, Dr. Sanders followed appropriate standards of care at all times. *Id.*

There is no record that Plaintiff was ever involuntarily medicated. In fact, after reviewing Plaintiff on or about August 20, 2002, the Involuntary Medication Committee determined forced medication would be an improper course of treatment. (Exhibit "A", page 2). It is important to note that at no time was Dr. Sanders involved with the Involuntary Medication Hearing. Dr. Sanders was not a member of the Committee, made no recommendation for forced medication, nor had any input whatsoever in the decision of the Committee. (Exhibit "B"). In fact, at the time of the hearing, Dr. Sanders was on medical leave for orthopedic surgery. *Id.* He did not return to Bullock Correctional Facility until September 2002, weeks after the Involuntary Medication Committee met and made its determination. *Id.*

Plaintiff further alleges in his Amended Complaint that he was repeatedly denied access to the Involuntary Medication Hearing report. (*See* Amended Complaint at 4).

7

However, at no time was it ever requested of Dr. Sanders to produce the paperwork associated with this hearing. (Exhibit "B").

In sum, there is no evidence to suggest that Dr. Sanders acted intentionally or recklessly to deny or delay medical care or to interfere with any treatment which was prescribed. Plaintiff's medical conditions were adequately and timely addressed by Dr. Sanders, and appropriate standards of care were followed at all times. (Exhibit "B"). As such, Dr. Sanders contends that Plaintiff's allegations are frivolous, malicious, and fail to state a claim upon which relief can be granted, thereby warranting dismissal.

### C. DR. SANDERS IS ENTITLED TO QUALIFIED IMMUNITY FROM ALL CLAIMS ASSERTED BY PLAINTIFF.

Dr. Sanders is entitled to qualified immunity from all claims asserted by Plaintiff in this action. If Plaintiff was able to show, which he has not, that Dr. Sanders was acting in his discretionary authority, the burden then shifts to Plaintiff to show that Dr. Sanders violated clearly established law based on objective standards. *See Eubanks v. Gerwin*, 40 F.3d 1157, 1160 (11th Cir. 1994). Plaintiff must allege that Dr. Sanders violated a right clearly established in a fact-specific, particularized sense. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 (11th Cir. 1989), *aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County*, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the

8

individual. *Vonstein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1989)).

In *Lassiter v. Alabama A&M University*, the Eleventh Circuit held that in order for qualified immunity to be defeated, preexisting law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." 28 F.3d 1146, 1151 (11th Cir. 1994). Dr. Sanders submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or a District Court sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that the alleged actions violated Plaintiff's constitutional rights.

### D. PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT ("PLRA") BECAUSE HE FAILED TO SHOW THE EXISTENCE OF A "PHYSICAL INJURY."

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005). Plaintiff's Complaint includes allegations that he now suffers many physical ailments as a result of taking the psychotropic medications prescribed by Dr. Sanders. (*See* Amended Complaint at 18). However, Plaintiff's allegation is conclusory at best. At no time has Plaintiff stated what his physical ailments are or that they are directly related to the low-level psychotropic drugs prescribed by Dr. Sanders. As such, Plaintiff's claims are due to be dismissed.

9

**E.   PLAINTIFF'S CLAIMS ARE BARRED BY THE PLRA BECAUSE PLAINTIFF FAILED TO ESTABLISH THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.**

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (2005).

Both the Bullock and Ventress Correctional Facilities have well-established grievance procedures for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at the facilities. As evidenced by Plaintiff's medical records as incorporated from exhibits filed by co-defendants in this matter, Plaintiff never filed a single informal or formal grievance while incarcerated at Bullock. As such, Plaintiff failed to exhaust his administrative remedies as is required under the PLRA and his claims are therefore due to be dismissed.

**III.   CONCLUSION**

The Plaintiff's Complaint is due to be dismissed on its face and is further disproved by the evidence now before the Court. Accordingly, Dr. Sanders requests that this Honorable Court either dismiss Plaintiff's Complaint, with or without prejudice, or, in the alternative, enter a judgment in his favor.

Respectfully submitted this 9th day of February, 2006.

*/s/Gregory F. Yaghmai*
William A. Scott, Jr. (ASB-1539-073W)
Gregory F. Yaghmai (ASB-2411-H67G)
Attorneys for William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail:  wscott@sssandf.com
E-mail:  gyaghmai@sssandf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David B. Block, Esq.
William R. Lunsford
Balch & Bingham, LLP
P. O. Box 18668
Huntsville, AL  35804-8668

Gregory Marion Biggs
Department of Corrections
P. O. Box 301501
Montgomery, AL  36130

Steven Mallette Sirmon
Alabama Board of Pardons & Paroles
P. O. Box 302405
Montgomery, AL  36130

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Inmate Richard Wayne Wright, Sr.
AIS # 187140
Ventress Correctional Facility
P. O. Box 767
Clayton, AL  36016

*/s/Gregory F. Yaghmai*
William A. Scott, Jr. (ASB-1539-073W)
Gregory F. Yaghmai (ASB-2411-H67G)
Attorneys for William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail:  wscott@sssandf.com
E-mail: gyaghmai@sssandf.com