IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD WAYNE WRIGHT, Sr.,
    Plaintiff,

Vs.                  Case #2:05-CV-439-A

SYLVESTER NETTLES, et al.,
    Defendants.

**SPECIAL REPORT OF**
**Sidney Williams, Robert Longshore, Steve McGill,**
**Cliff Walker & Don McGriff**

Come now Sidney Williams, Chairman, Robert Longshore, Member, and Steve McGill, Cliff Walker and Don McGriff, Special Members, of the Alabama Board of Pardons & Paroles, and show unto the Court as follows:

**The Complaint**

Wright pleads various claims under §1983 against various current and former employees of the Department

1

of Corrections and its health care provider. The claims relating to health care do not appear to be directed toward any Members of the Board of Pardons & Paroles.

The only averment we can find in the pleadings that related to these defendants is found at page 24 of the document entitled "Plaintiff's Wright Motion for Harmless Error," (Doc. 101.) The averment is as follows:

"The Defendant Segrest and/or parole board members has not indicated in writing to plaintiff why they denied plaintiff eligibility for parole. Now all these labels placed upon plaintiff is thought to be the cause for which plaintiff is being forbidded to be grant parole. These defendants indeed has created this liberty interest and interrupted his chances for parole."

### Defendants' Position

The Complaint has not been served upon Nancy McCreary, who retired from service as a Member of the Board before this action was filed, or Jennifer Garrett, who resigned from service as a Special Member

of the Board before being named as a Defendant. The Board's staff are not authorized to accept service of process on behalf of former employees of the State. In any event, neither of them had any part in considering Wright for parole in 2004.

Wright was considered for parole on 16 August 2004. The panel consisted of Sidney Williams, VeLinda Weatherly, and Steve McGill. Cliff Walker, Don McGriff and Robert Longshore did not participate in that hearing. A copy of the Board's order reflecting the action is attached to this Special Report as Exhibit "A".

These Defendants deny any knowledge of the factual averments regarding the conditions of confinement in prison. As a matter of law and as a matter of fact, these Defendants have no authority over the operation of the prison system. The Department of Corrections and the Board of Pardons and Paroles are separate and distinct agencies. These Defendants have no authority over the security staff or policies, rehabilitative programs, classification or disciplinary procedures, or

health and welfare programs of the Department of Corrections.

Wright was considered for parole in 2004. No Member voted in favor of granting parole. No Member stated reasons for favoring grant. No Member stated reasons for not granting. These Defendants deny any knowledge of the "labels" Plaintiff refers to in his conclusory allegation. These Defendants deny, as a matter of law, that Plaintiff enjoys a liberty interest in his desire to be paroled.

Segrest has no authority to grant or deny parole, or to explain the actions of the Board when it grants or denies relief. The Board's order speaks for itself, and Segrest would not know the undisclosed mental operations of the Members.

The Members of this Board are absolutely immune from suit arising from their decision to grant or deny parole. The Members of this Board are also protected by qualified immunity. They are not alleged to have done anything that a reasonable parole board member would believe violated a clearly established constitutional right. To the contrary, clearly established law holds

4

that prisoners do not enjoy a constitutionally protected liberty interest in parole consideration, and that there is no duty to explain why the benefit of parole is withheld.

If Wright intends to plead a *Monroe* claim, his pleadings are insufficient according to *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001.)

## Conclusion

The Complaint fails to state a claim against these Defendants upon which relief may be granted. Even if the well-pleaded averments are taken as true, they fail to set forth a claim that these Defendants have deprived him of a right protected under the Constitution or laws of the United States. He clearly does not enjoy a right to an explanation of the reasons that parole was not granted. His desire to be paroled is not protected by the Due Process Clause.

These Defendants are entitled to be dismissed from this action, as Plaintiff has not alleged that they did anything wrong, and he has shown no connection between

them and the acts he alleges that the other Defendants committed.

>
> Respectfully submitted,
> TROY KING
> ATTORNEY GENERAL
>
> GREGORY O. GRIFFIN, SR.
> CHIEF COUNSEL
>
>
> s/STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> steve.sirmon@alabpp.gov
>
>
> s/HUGH DAVIS
> DEPUTY ATTORNEY GENERAL
> State Bar#:  ASB-4358-D63F
> Ala. Bd. Pardons and Paroles
> 301 South Ripley Street
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Hugh.davis@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 2-17-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **RICHARD WAYNE WRIGHT, SR.**
> **AIS# 187140**
> **VENTRESS CF**
> **P.O. BOX 767**
> **CLAYTON, AL  36016**

Done this **17**[th] day of **February**, 2006.

> Respectfully submitted,
>
> s/ STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> 301 South Ripley Street
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> steve.sirmon@alabpp.gov