IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD WAYNE WRIGHT, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:05-CV-439-WHA-CSC |
| ) | |
| **SYLVESTER NETTLES,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant MENTAL HEALTH MANAGEMENT SERVICES INC. ("MHM"), and for its Answer to the Amended Complaint filed by Plaintiff RICHARD WAYNE WRIGHT, SR. ("Plaintiff"), states as follows:

## FACTUAL ALLEGATIONS

1. MHM admits Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. MHM is without knowledge or sufficient information to form a belief as to the truth of all remaining allegations set forth on Page 1 and, as such, the same are denied and MHM demands strict proof thereof.

2. MHM admits Plaintiff's claims are barred by the statute of limitations. MHM is without knowledge or sufficient information to form a belief as to the truth of all remaining allegations set forth on Page 2 and, as such, the same are denied and MHM demands strict proof thereof.

3. MHM admits an Involuntary Medication Hearing was held in August of 2002.

MHM further admits that the "Involuntary Medication Review Committee" determined not to forcibly medicate Plaintiff. MHM denies any and all remaining allegations set forth on Pages 3 through 5 and demands strict proof thereof.

4. MHM is without knowledge or sufficient information to form a belief as to the truth of the allegations set forth on Pages 6 through 17 and, as such, the same are denied and MHM demands strict proof thereof.

5. MHM admits Plaintiff was prescribed psychotropic drugs. MHM denies any and all remaining allegations set forth in the first paragraph on Page 18 and demands strict proof thereof. MHM denies all remaining allegations set forth on Page 18 and demands strict proof thereof.

6. MHM is without knowledge or sufficient information to form a belief as to the truth of the allegations set forth on Pages 19 through 26 and, as such, the same are denied and MHM demands strict proof thereof.

## PRAYER FOR RELIEF

27. MHM denies each and every prayer for relief set forth on Pages 26 through 28. Likewise, MHM states that Plaintiff is not entitled to any of the requested relief. To the extent the Complaint makes any allegations of material fact, MHM denies such allegations and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred by the statute of limitations.

**Third Defense**

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

**Fourth Defense**

Plaintiff's claims are barred by the doctrine of assumption of risk.

**Fifth Defense**

Plaintiff's actions are barred by the doctrine of waiver.

**Sixth Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Seventh Defense**

MHM avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom MHM is not responsible.

**Eighth Defense**

Plaintiff's claims are barred by the doctrine of qualified immunity.

**Ninth Defense**

Plaintiff's claims are barred by the doctrine of sovereign immunity.

**Tenth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense

This Court lacks subject matter jurisdiction over this dispute.

### Twelfth Defense

This Court is the improper venue in which to assert this action.

### Thirteenth Defense

Plaintiff lacks standing to bring this action.

### Fourteenth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fifteenth Defense

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

### Seventeenth Defense

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against MHM.

### Eighteenth Defense

Plaintiff's claims are barred because MHM did not breach any duty Defendant allegedly owed to Plaintiff.

**Nineteenth Defense**

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between MHM's actions and/or inactions and Plaintiff's alleged injuries and damages.

**Twentieth Defense**

Plaintiff's claims are barred because of the existence of superceding, intervening causes.

**Twenty-First Defense**

Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(a) (2005).

**Twenty-Second Defense**

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

**Twenty-Third Defense**

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

**Twenty-Fourth Defense**

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

**Twenty-Fifth Defense**

Plaintiff's claims are barred because MHM did not act with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

### Twenty-Sixth Defense

Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

### Twenty-Seventh Defense

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

### Twenty-Eighth Defense

To the extent Plaintiff seeks to recover attorney's fees, MHM objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### Twenty-Ninth Defense

Plaintiff's claims for punitive damages violate MHM's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### Thirtieth Defense

MHM reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted on this the 6th day of March, 2006.

> ***/s/Gregory F. Yaghmai***
> William A. Scott, Jr. (ASB-1539-073W)
> Gregory F. Yaghmai (ASB-2411-H67G)
> Attorneys for Mental Health Management.
> Scott, Sullivan, Streetman & Fox, P.C.
> 2450 Valleydale Road
> Birmingham, Alabama 35244
> Phone: 205-967-9675
> Facsimile: 205-967-7563
> E-mail: wscott@sssandf.com
> E-mail: gyaghmai@sssandf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David B. Block, Esq.
William R. Lunsford
Balch & Bingham, LLP
P. O. Box 18668
Huntsville, AL  35804-8668

Gregory Marion Biggs
Department of Corrections
P. O. Box 301501
Montgomery, AL  36130

Steven Mallette Sirmon
Alabama Board of Pardons & Paroles
P. O. Box 302405
Montgomery, AL  36130

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Inmate Richard Wayne Wright, Sr.
AIS # 187140
Ventress Correctional Facility
P. O. Box 767
Clayton, AL  36016

*/s/Gregory F. Yaghmai*
William A. Scott, Jr. (ASB-1539-073W)
Gregory F. Yaghmai (ASB-2411-H67G)
Attorneys for William Sanders
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail:  wscott@sssandf.com
E-mail: gyaghmai@sssandf.com