In The United States District Court
For The Middle District Of Alabama
Northern Division

RECEIVED
2006 MAR 30 A 9:43

Richard W. Wright, Sr.,         *
   Plaintiff, Pro-Se.,          *  Civil Action No:
       vs                       *  2:05-CV-439-A-WO
Sylvester Nettles, et. al.,     *
   Defendants.                  *

R.W.W.

Plaintiff Wright Written Response To Defendant's William Sanders and Mental Health Management Service, Inc. Special Report

COMES NOW, RICHARD WAYNE WRIGHT, SR., Plaintiff, Pro-Se., pursuant to this Court order requiring Plaintiff to Answer deFendant's Special Report.

Defendants are tring to Further causing bewilderment in plaintiff mind. in the Following manner. In defendant(s) mental Health Management Special report by [their] undersign Counsel Gregory F. Yaghmai' stated: (attached here to as Exhibit "A") and the affidavit of William Sanders M.D. (attached here to as Exhibit "B"); (see defendants Mental

Page 1 of

Health management's Special Reports); (see Page Two (2) paragraph one (1)). Plaintiff Wright did not get the medical records that reflect the treatment provide to the plaintiff until March 8, 2006 as it was [R.W.W.] log in [here] at Ventress Correctional Facility (here after refered to as (V.C.F.)), Defendant William Sanders M.D. affidavit was mixed in with the papers [he] sent plaintiff through [his] attorney on March 8, 2006. Plaintiff Wright was wondering where are these Exhibits "A" and "B" as were stated in [their] Special Report as listed above, when plaintiff Wright received the mail on March 6, 2006 and again on March 7, 2006. Plaintiff believes these defendants are collectively devising these type of mental games to agonize plaintiff. Plaintiff Wright wonders (is/or did) this Honorable Court receive this affidavit attach as (Exhibits one (1)) as plaintiff receive which had no notary public authorization and/or date in which defendant William Sanders sworn to and or subscribed before a notary public. Plaintiff also wonders does this Honorable Court possess copies of the medical records of

Page 2 of

plaintiff' so that' when plaintiff refers to the medical records and/or document(s) this Honorable Court may be able to look at such document(s) or does plaintiff need to send [his] only copy/copies in hopes this Honorable Court will send [him] a copy 'back' after Court filing. What ever makes [this] case less complicated for [this] Honorable Court plaintiff Wright will conform too, to the best of [his] ability.

Defendant's Sanders and M.H.M. Inc. allege plaintiff claims are with out merits because they are able (as 'they' have also done) by producing additional medical documents in which plaintiff Wright never had knowledge of. (See Exhibit two (2) and three (3)). Plaintiff Wright not only faced mail intercepting as in [his] complaint but continues to face that interception/entamperment of plaintiff legal mail possible out going (for I'm R.w.w not receiving any response back from the correspondent) and incoming legal mail has been open on two occations one time noted the other time in officer White presense while I was housed in the infirmary due to the assault I encounted

Page 3 of

on November 23, 2005. (See Exhibit Four (4) and plaintiff Wright Affidavit stating Legal mail tamperment by defendant(s)/agent(s) here at V.C.F.).

Plaintiff Wright shows this Honorable Court defendants scheduled for plaintiff. [Alabama Department of Correction Mental Health Service 'Notice' of involuntary medication Hearing.] (See Exhibit Five (5)). Plaintiff Wright did not see any part of the administrative records and many portion of the mental Health Subsection and medical Care subsection was absent at the time approximately Feburary 25th, 2006.) defendant N. Burks made available certain parts of plaintiff prison file and/or there after. In accordance with (Exhibit Five (5)) ~~Subsec~~ R.W.W Subsection listed," In this process you have the Following rights". Plaintiff Wright was not not afforded the Following rights as stated on Exhibit ~~R.W.W~~, Subsection # 2, # 3, # 5, # 6, # 7, # 8 and # 9. Due to the seriousness of the involuntary medication Hearing and understand (of Dr. Hammer and [his] assistance Mr. Steve ?) plaintiff explaination made reasonable sense (plaintiff Wright believes) because [he] was not again force with an injection and/or recommended for more psychotropic drugs by "whom ever" made such

Page 4 of

Suggestion, (Dr. Sanders, Mrs. Smith, Mrs. Gorman, MHM., ect. Defendants and/or (R.W.) Defendants Counsel For M.H.M Consist With /a of members / team (more than) Dr. Sanders but [he] is a part and partial of (said) M.H.M. Team in which collectively ordered psychotropic medication through an injection and by mouth For plaintiff Wright with mind altering drug which did alter plaintiff Wright thoughts. It appears that defendants and M.H.M. Team attempt to play hide and seek with plaintiff Wright by not including [their] names on numerous documents in which had major effects on plaintiff mind and health. It appears this plot of seek and find as designed by [these] prison officials and health care providers and M.H.M. team is a clever sceme to place upon plaintiff as a task with [its'] limitation impose by prison restrictions, and by not submitting all mental health records. Defendant M.H.M. is liable under the doctrine of respondeat Superior For Dr. Sanders actions and and lack of actions. When infact plaintiff Wright was induce and injected with more psychotropic drugs that that which Dr. Sanders takes claim For. In order For plaintiff Wright to meet the eleventh Circuit requirements that the necessary specific Facts which demonstrate plaintiff claims are supported

Page 5 oF

by some of the documents defendants has possession of in which defendant are not willing to allow plaintiff acesses to (absent of) an order by this Honorable Court. Plaintiff has attempt to notify this Honorable Court through the forms of motions "Production of documents"; "Appointment of Counsel"; "Protection orders", etc. Due to these motion "denied" plaintiff has limit documention to substantiate [his] claims with ~~proof~~ R.W.W proof [his] claims has merits and this too effects/damage the outcome of this case and also makes plaintiff subject to futher potential harms at the hands of the prison officials. Many of the defendants whom are directly involve and/or took part in [this] process of inducing plaintiff Wright with psychotropic drugs) were and are allowed to step clearly out of the way; along with the many other M.H.M team employess whom part taken in the mental health evaluation, involuntary injection of psychotropic drugs, as well as administered through food. ~~initially~~ R.W.W initially. Many other reports defendant's and/or defendant's co-workers and defendant's Counsel written has not been included (for example Dr. Reeves and Dr. Smith reports) in the medical/mental

health records sent to plaintiff. When defendant Burks called plaintiff Wright to the infirmary defendant Burks allowed plaintiff approximately three (3) and a half (½) (3½) hours to review his prison file and was prewarned by officer Person if I have to leave for any reason I will not be permitted to return orders of defendant Burks. Within these (3½) hours aloted only a portion of plaintiff prison file was made available to plaintiff to see, plaintiff written Warden J.C. Giles Three (3) letters and has not received any response as of yet.

Plaintiff Wright knows that the defendants -- M.H.M. team / employees work under the control of the Alabama Department of Correction (here after refered to as (A.D.O.C.)) official and must comply to [their] orders when safety is at risk. It is also common knowledge 'that' these defendants employed with M.H.M., Inc., must work in harmony with prison health services, Inc., and the D.O.C. officials. If this defendants M.H.M. and/or P.H.S. employees don't work harmoniously with D.O.C. officials a report to [their] employer's may cause a discontinue employment so as is these M.H.M. and P.H.S. employees best interest [they] go along with the

A.D.O.C. officials and/or remain silent even when these officials impede into and/or pervent (there of) the medical/mental care treatment needed for plaintiff Wright and other same situated inmate(s). Defendant Sanders talk with plaintiff Wright on three (3) different occation in the infirmary and at least two (2) times in the mental health unit/Dorms for interview/montoring. It is clearly simular that M.H.M. team interacts with P.H.S. health care providers where in M.H.M. Inc. employee(s) assign or prescribe psychotropic medication and P.H.S, Inc. employee(s) distribute the medication through the pill call line. Defendants Dr. Sanders and M.H.M., Inc. would have this Honorable Court to believe [they] act totally independant of each other but it is Factual that on many other interacting acts these defendant work hand and hand with each other under separate supervision but under on sole Authority-(D.O.C.).

    Plaintiff Wright still awaits Bobby Longshore, Sidney Williams, Nancy McCreary, Stephen McGill, Cliff Walker, Don McGriff and Jenifer Garrett.-- Parole Board Members response as defendants with respect to action under taken in the denial of parole

to plaintiff on August 16, 2004, based on false and misleading information inserted in a Pre-Sentence Investigation report (here after refer to as a (P.S.I.) report) by Carolyn Miles-Pruitt (probation and parole officer). It was stated by the Executive director of the parole Board William Segerest that mrs. C. Miles-Pruitt has ~~retai~~ R.W.W retired leaving plaintiff Wright holding the bag "the effects of her past acts" when she was a probation and parole officer. Which ~~she~~ inserted false, erroneous, and misleading information into a P.S.I. report alleging plaintiff Wright rape (his) Ex-wife (wife at that time) two (2) days prior to ~~him~~ ~~com~~ R.W.W. mitting the (said) Burglary I and Assault ~~II~~ in which inmate Wright plead guilty to with no knowledge defendant Pruitt had placed such information in the P.S.I. report as details of the (said) offenses which would cause any reader of his prison file to believe (without any determining facts to support such claims) plaintiff Wright ~~R.W.W~~ is not only labeled as being a violent person, a burglar but also a rapist. This information has cause plaintiff major set backs, many other difficulties in prison to the extent he has had to filed

Page 9 of

a civil suit involving violation of a liberty interest (absent due process) due to/and acts of retaliation. Plaintiff Wright was subjected to force psychotropic medications (in the absent of a court order) to dissolve said complaint (99-D-1405-N; Richard Wayne Wright Sr. -vs- James Deloach, et.al.) by chemically design medication (psychotropic drugs) prior to the evidentiary hearing by the presiding Judge, leaving these/those issue/claims vacated by disrupting plaintiff thought pattern. Which was said (as I recall) on one occasion it is or was to prerequisite to predict [that] (such) information would have a barring on any parole consideration in the future. Not only did it cause plaintiff Wright problems with classification criterias but also where used to set plaintiff Wright next parole consideration date off to five (5) years later after plaintiff Wright was denied parole on August 16, 2004. This five (5) year 'set off' date is a policy applied on him by the said parole board members which was/were no such policy at the time of the scheduling of the initial consideration date. Defendants Bobby Longshore, Sidney Williams Nancy McCreary, Stephen McGill, Cliff

Walker, Don McGriff and Jenifer Garrett Failed to respond to the Court order passed down on January 6, 2006 in which this Honorable Court [order] an answer to plaintiff Wright Complaint be Filed by Feburary 3, 2006 upon defendants, See (Exhibits (6) and (7)

Plaintiff Wright has petition this Honorable Court through the Forms of many motion Concern [his] safety, (First and Far most) which consist of the preservance of his life. Next plaintiff Wright health which must be both perserved For any practise of liberty. Plaintiff Wright had hope this Honorable Court would do some thing to ensure the slightest Form implemented For [his] safety. Plaintiff Wright has lost several hundred dollars through the expense of Court Cost, Medical Co-payment designed by P.H.S., Inc. and expense of stamps and Copies Fee's. It has already been establish (see Exhibit Five (5)) that Department of Corrections does not have specfic legal authority to charge these Fees. The report recommends that in the Future, the department charge inmates only Fees authorized by law. These defendants whom work For P.HS. Inc. Mrs. Burks

Dr. Rayapati, M.D., ect. It appears this department of Correction V.C.F. and staff collects these Fee's through P.H.S., Inc. It common knowledge that if inmates working are prohibited for medical co-payment charges of ($3) surely inmate's unable to get payed for their labor should be prohibited as well. When in fact plaintiff Wright receives money periodically ~~For~~ R.W.W. from family members whom already pays state taxes and again been tax through P.H.S., Inc, ect. because they have family incarcerated for crime they must pay double.

  Plaintiff was sent to Mrs. Burks by Warden J.C. Giles here at V.C.F. to discuss his concern and complaints about [his] health due to consecutive testing of T.B by means of ~~Apso~~ R.W.W. ~~Aplipsol~~ Aplisol (tuberculin PPD, diluted) (skin test). With reported side effects. This took place on May 5, 2005 afterwards plaintiff was lock in segregation for Forty-Five (45) days. It is discovered on March 24th 2006 and March 27th 2006 disciplinary hearing location that Nurse Burks (H.S.A) states she has no knownledge of any complaints nor ~~a~~ Nurse R.W.W. Marsh and willingly and knowingly gave false statement under oath. It appears

Page 12 of

Some one has design plaintiff Wright to be Mrs. Burks personal project and she is causing plaintiff great distress at times then at other times she address plaintiff complaint promply and adequately. For example the past two reschedule doctor appointments has been arrange by defendant Burks. This put plaintiff Wright often in bewilderment as to defendant Burks character in relation to her Job status. Defendant Burks did inform me upon the last reschedule appointment to see Dr. Rayapati and not Dr. Flord "She would not scheduled me another appoint unless I filled out another Sick Call slip and pay the $3 dollars Co-payment Fee.

   Plaintiff Wright must end this response at this point for if he places to many pages in one envelope it shall not be mail to this Honorable Court as planned.

   Done this the 28th day of March 2006.

Respectfully Submitted,
Richard W. Wright Sr.
Richard Wayne Wright Sr. #187140
Ventress Correctional Facility
Infirmary Room #103
Post Office Box 767

Page 13 of

## Certificate of Service

This is to certify that I am the Plaintiff in the above encaptioned response and certify [I] have sent this Response to the Clerk of this Court and earnestly ask due to plaintiff indigent status that this Honorable Court Forward a copy of this Response "To defendant's William Sanders and Mental Health Management Service, Inc., Special Report" to the following:

Gregory F Yayhmai
ASB-2411-H67G
Scott Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB-5949-S61S
Steven Mallette Sirmon
Assistant Attorney General
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S31H)

Page 14 of

Balch & Bingham LLP
Post Office Box 18668
Huntsville, Alabama 35804-8668

Kim T Thomas
Gregory Marion Biggs
Alabama Department of Correction
Legal Division
301 Ripley Street
Montgomery, Alabama 36130

by placing said response in the hand of an infirmary on duty officer to place this in the "Legal mail box" located in the dinning hall, for postage to be provided by the proper prison officials here at V.C.F. and properly address this on the 28th day of March, 2006.

Respectfully submitted,

Richard Wayne Wright, Sr. # 187140
Plaintiff, Pro-Se.