IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR -7 A 9:59

Richard Wayne Wright, Sr.,  *
   Plaintiff, Pro-Se.,        *
                              *  Civil Action No:
        -vs-                  *  2:05-CV-493-A-WO
                              *  2:05CV439-A
Sylvester Nettles, et. al.,  *
   Defendants.                *
                              *

Plaintiff Wright Motion of Continuation In Response To Dr. Sanders And M.H.M., INC. And Defendants Reports And Special Reports.

  I Richard Wayne Wright, Sr., Plaintiff, Pro-Se., COMES NOW in Continuation Motion in response to defendant's Dr. Sanders And M.H.M. Inc. And Defendants Reports And Special Reports.
  Defendant Sanders (Doctor) would have this Honorable Court to believe [they] put me in two (2) cell in the Segregation Unit for [his] safety, this is untrue. When I was placed in the Seg. Unit at Bullock Correctional Facility (here after refered to as (B.C.F.)). I was First housed in Eight (8) Cell and no one took heed to my requests for protective R.W.W. custody (here

Page 1 of 9

after refered to as (P.C.). I was assaulted by inmate Walter Solomon and when I defended myself because there were no officer present to stop him nor did [I] have the chance to alert [them] due to defendant Babers sceme the blame was placed on me. Plaintiff Wright was first placed in cell Eight (8). (See Exhibit three/A (3A)). Plaintiff Wright was later moved to cell three (3) which house two (2) people by Captain Nettles orders. Plaintiff Wright disagreed with inmate Julio Martinez and refuse to talk to [him] he made threatening remarks towards [me] the on duty seg. unit officer called Sergeant A. Jackson (CO.II)(B/M). I explain I had not done anything to inmate J. Martinez for [him] to be making threats. Inmate Martinez calmed down until the shift change and Sgt. Jackson had left the institution, then [he] start again. The on duty officer in the seg. unit on third (3rd) shift and Sgt. Larry Ligon was called. Subsequently [I] was excuse of starting this confussion and [I] was moved to Four (4) cell which is a single cell. In order to subject me to another altercation Captain Nettles had me placed in another double cell, cell Fifteen (15) with inmate Jones, whom

had ∧ another inmate bodily in the shift office (Commander's office) (in front of several on duty officers) because [they] were tring to force him to sign a living agreement. Inmate Jones made many remarks about his aggressive behavior (when he losses his temper), while we were housed together. Inmate Jones threaten statements became more directed towards me yet he used indirect pronouns (i.e. he, them and/or they) when [he] express disguss because Captain Nettles put (me) in the cell with [him]. Once Inmate Jones aggressive statements became apparent that he was indirectly, directing [his] statements towards me I informed the Seg. unit officer and Sgt. A. William (CO.II) (BIF) was informed. Sgt. A William had me moved to nineteen (19) cell which is another double cell. See Exhibits (4A); (5A); and (6A)). Captain Nettles refuse to place me in P.C. and repeatedly placed me in cells with other aggressive/angry inmate(s) where in [I] could get into another physical altercation. Office Foster thought it was humorous when he put me and inmate Jones on the exercise walk together approximately two (2) or three (3) days later to see how I would respond I reported this as well through

*(insertion above line: assaulted R.W.W.)*

a request slip(s), but [I] received no response from Captain Nettles, Warden Boyd or Warden Holt. Finally I was transfered to Ventress Correctional Facility (hereafter refered to as (V.C.F.)), with inmate Jones. I thought things would be better and that was the past but inmate Jones started [his] aggressive statements in my present again. I reported this properly to Lt. Dowling I was taken to Mr. Bruton office (I could not fully understand from the start why [he] said [he] was going to do what he can to see that I stay in prison) and why [he] and Lt. Dowling was reluctant to help me remain safe without an incident. Mr. Bruton and Sgt. Seals decided to throw me back into population without my willingness to be around inmate Jones where in [I] might and/or could be subjected to another assault and be falsely accused as I were by Lt. Babers. The potential harm [I] express to them was ~~totally~~ R.W.W. totally disregarded. (see exhibits (1A) and (2A)).

With respect to the equal protection claim plaintiff Wright should be given the same protection as white inmate receive's 'whom' are similarly situated, yet [they] receive more adquately protective results than those of the black inmates which catogory plain-

tiff Wright has been class into. This unfavorable treatment is discriminatory and unconstitutionally applied and should be based on some Constitutional protected interest. Plaintiff Wright is unable to send this Honorable Court all the seg records because [he] was not sent [these] records from 11/8/2004 thur 11/28/2004 by the defendants or their Counselor(s).

Plaintiff Wright is faced with an enormous amount of distress and has been subjected to and burden with more disciplinaries here at V.C.F. then [he] has gotten the first (1st) nine (9) years of his incarceration due to defendants willingness to retaliate in [their] greater forms. Plaintiff Wright shall attempt to clarify the present retaliation in as brief of form as possible. Plaintiff Wright had taken four or five repeated T.B. Skin test (PPD) within the course/cycle of a year, at the time [he] was order to take the first T.B. Skin test (PPD) at V.C.F. on or about April 26, 2005. (See Exhibit (7A)). There was/were no quarantine in effect here at V.C.F. and it certainly are/and were inmates 'whom' had not tested for, T.B. as recently and repetitiously as plaintiff had. Plaintiff Wright was subjected

to a quarantine at B.C.F. prior to coming to V.C.F. (plaintiff did not see any detection in [this] medical file of this on January 25th, 2006 when [they] viewed portion of his [files]) so plaintiff is unable to show some form of documentation. Plaintiff made many complaints verbally and in writing but none of the people (Mrs. Burks, Nurse Hunter, Nurse Marsh, Dr. Rayapati, Nurse Taylor, Dr. Siddiq, ect.) properly documented and treated this allergic reaction. I had sore's, spots, scabs and rashes break out in many location on [my] body and some are still evident. This reaction was taken lightly on defendants part because it really was and is a health issue concerning plaintiff Wright, so it was and is discounted as a legitimate medical complaint. Plaintiff Wright was written two (2) disciplinary in fraction (as defendants source of retaliation) on April 26, 2005 and again March 24, 2006 (most recent) Subsequently found guilty. See Exhibit (7A) and (9A)). It is common knowledge they test with tuberculin diluted and if tested to frequently one could test possitive as a false reading. Greatfully plaintiff Wright has test negative during the quarantine at Bullock (B.C.F.) and the additional test at V.C.F. (see

Exhibit (8A)). Plaintiff Wright knows prior to the disciplinary infraction in April 26, 2005 and March 24, 2006, many inmates have not been tested more recent than plaintiff Wright. Approximately nine (9) and a half (½) (9½) months later defendants claims plaintiff annual T.B. test is due. Plaintiff health is at state and is suffering at [his] expense at the hands of defendants which are executing retaliation in many forms. If these is not in it proper form plaintiff ask that this Honorable Court will construed it into its proper form.

    Done this the 4th day of April, 2006.

    Respectfully Submitted,

    _Richard W Wright, Jr._
    Richard Wayne Wright, Sr., #187140
    Petitioner, Pro-Se.
    Ventress Correctional Facility
    Post office Box 767
    Clayton, Alabama 36016

Certificate of Service

This is to Certify that I Richard Wayne Wright, Sr., Plaintiff, Pro Se., in the above encaptioned response and certify [I] have sent this Response to the Clerk of this Court and earnestly ask due to plaintiff Wright indigent status that this Honorable Court forward a copy of this 'Response', to defendant'(s) William Sanders, Mental Health Management, Inc Special report; Plaintiff Wright motion to object Honorable Charles S. Coody order in denying plaintiff motion for Admission upon defendant Sharon Holland; and all exhibits in support of plaintiff response, to the following:

Gregory F. Yayhmai
ASB-2411-H67G
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB-5949-S6IS
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh, Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Ala 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S81H)
Balch & Bingham LLP
P.O. Box 18668
Huntsville, Ala. 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Correction
       Legal Division
301 Ripley Street
Montgomery, Alabama 36130

by placing said response in the hands of an infirmary on duty officer to place this in the "Legal mail box" located in the dinning hall for postage to be provided by the proper prison officials here at V.C.F. and properly address this on the 4th day of April 2006.

Respectfully Submitted

_Richard W. Wright, Sr._
Richard Wayne Wright, Sr. #187140
Plaintiff, Pro-Se.