IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 13 A 9:52

Richard Wayne Wright, Sr.,   *
   Plaintiff, Pro-Se.,        *   Civil Action No.
      -VS-                    *   2:05-CV-439-A-WO
Sylvester Nettles, et. al.,   *
   Defendants.                *

<u>Plaintiff Wright Motion Upon Defendants William Segrest, Bobby Longshore, Sidney Williams, Nancy McCreary, Stephen McGill, Cliff Walker, Don McGriff and Jenifer Garrett For An Order To Show Cause In The Denial Of Parole To The Plaintiff</u>

COMES NOW, Petitioner Richard Wayne Wright, Sr. Pro-Se., before this Honorable Court on a motion For an order to show cause with respect to action undertaken by the named defendants in one form or another in the denial of parole or the approval/certifying of such denial of parole to to the plaintiff on August 16, 2004. The Plaintiff will respectfully show this Honorable Court the following:

1). Petitioner Wright was denied parole on August 16, 2004. The above

Page 1 of 4

named Parole Board Members created a significant risk of increasing [his] punishment and as a result of such policy applied upon plaintiff [he] loss the opportunity to continue to function in a lesser restricted custody.

2). The plaintiff has met any and all criterias set by administrative law to become eligible and/or reconsidered for parole every three (3) years but due to the facts that the parole board members has applied a less favorable policy upon plaintiff and rescheduled plaintiff next parole reconsideration date five (5) years 'away' plaintiff lost the minimum custody status [he] was in and the exercising of a "lesser restricted supervision". By the Parole Board Members rescheduling plaintiff next consideration for parole five (5) years down the road is a clear abuse of [their] discretion.

3). This Honorable Court pass down an order on January 4, 2006, upon the above mention/named defendants (Parole Board Members) to respond to plaintiff Wright complaint R.W.W. The Parole Board Members failed to respond to the court order.

4). As defendant's Segrest stated in [his] "Supplement Special report" done on the 11th day of October 2005. [He] does not know that those statement inserted in the P.S.I. report concerning plaintiff conviction are false. He believes the statements are true. One must believe the parole Board member's takes these same views and thinks (as it appears) plaintiff Wright was able to get away with this allege rape and harrassment upon [his] ex-wife/wife at that time because the P.S.I. report also stated, "She" (plaintiff ex-wife) refuse to prosecute. The reliance upon [this] falsely, inserted, insufficient information has cause plaintiff this tremendous set back as noted above.

Lastly, if this motion is not in its proper form [I] ask that this Honorable Court contrued it into its proper form.

Done this the 5th day of April 2006.

Respectfully submitted

*Richard W. Wright, Sr.*
Richard Wayne Wright, Sr.

Plaintiff, Pro-Se.
Ventress Correctional Facility
Post Office Box 767
Clayton, Ala. 36016

## Certificate of Service

Same as that attach to the accompanied response to Dr. Sanders and M.H.M. Inc., Special Report. (see attach accompanied Response).

Respectfully Submitted,
_Richl W. Wright Sr._
Richard Wayne Wright Sr. #187140
Plaintiff, Pro-Se.

STATE OF ALABAMA )
COUNTY OF BARBOUR )

## Notary Statement

Subscribed And Confirms To Before Me This The 6th day of April, 2006.

_Richl W. Wright Sr._         _Carolyn R. Abercrombie_
Affiant                       Notary Public

My Commission Expires August 18, 2007

MY Commission Expire Date

Page 4 of 4