IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED
2006 APR 18 A 9:49

Richard Wayne Wright, Sr., *
   Plaintiff, Pro-Se    *   Civil Action No:
   -VS-    *   2:05-CV-439-A-WO
Sylvester Nettles, et. al.,    *
   Defendants.    *

Plaintiff Wright Ending Response To
Dr. Sanders And M.H.M., Inc. Report
And Special Report.

COMES NOW, Richard Wayne Wright, Sr., (here after referred to as plaintiff) Plaintiff, Pro-Se,, and answer's defendant's Sanders and M.H.M., Inc., report and special report as follows:

1). Due to these extreme and exceptional circumstances plaintiff are subjected to thed 'Can not' fully send full proof through and by plaintiff's response's with supporting documentation due to the covered postage which is needed. Though this Honorable Court has labeled these issues and this complaint to be relatively simple but plaintiff finds much difficulties because plaintiff is part reliant upon other inmate's with more knowledge about law and the appliance of

it. While too, plaintiff is equally dependant upon documents which only defendant's posses (and forbids plaintiff access to) yet this Honorable Court adjudge that those documents plaintiff requested by and through a motion for production of documents (Court Doc. No. 102) and (order of motion of the Court pass down on January 5th, 2006., by the Honorable Charles S. Coody 'Magistrate Judge'), are to, [not] relevant to plaintiff claims. This Honorable Court further suggested "if plaintiff wants copies of the requested copies he must supply 'covered' fee's for such copies. Due to the absent of the documents (plaintiff request) which holds relevant information has handicapped plaintiff complaint to a significant degree, where at, the strict proof defendant Sanders demands lies at.

2). Defendant Sanders claims plaintiff claims are barred by the statute of limitations this is not so with plaintiff claims because plaintiff suffers personal injuries. The commencement of statute § 6-2-34 (1) (2) (3) and (4) (Alabama Code 1975) has a limitation of six (6) years. The holding's in the laws makes it clear that plaintiff should not be time barred. The clauses of (said) statute makes it clear plaintiff is not time barred. The plaintiff suffers and

now suffers "personal injuries" as the result of the assault(s) § 6-2-34(1); Plaintiff had to bare Court Cost § 6-2-34(2)(n); Plaintiff effected liberty interest § 6-2-34(1); determination of issue of Fact § 6-6-228 and Clear and Concise Complaint § 6-6-592. The Six (6) years statute limitation applies from the date of incident (June 2001) and due to the Facts the plaintiff First Civil Complaint was timely Filed (Civil Action No. 99-D-1405-N).

    Plaintiff suffered and suffers an effected liberty interest which began at the time he was subject to psychotropic drugs (in excess) to alter plaintiff ability to litigate his case (Civil action No. 99-D-1405-N), which result in dismissal. Plaintiff is having a difficult time getting medical treatment properly and adequately even unto this present date. Defendants here at Ventress Correctional Facility will not even give plaintiff a readable drug Facts sheet. So that plaintiff can show the Honorable Court the health problems plaintiff suffers and discribed side effects especially when taken with other medication as describe by such information concerning this specific drug (C.T.M.) (see exhibits one(1)).

Defendant Sanders would have this R.W.W Honorable Court to be believe he only gave plaintiff or prescribe plaintiff two (2) psychotropic drugs. See exhibits (2)). Here it is shown Dr. Sanders sign for three (3) psychotropic drugs for plaintiff on 10/20/01. (see also exhibit (3)). Defendant Sanders also sign off 6/3/02; 9/3/02; 9/6/02; 9/7/02 and 9/12/02 as if [they] had not allready given plaintiff enough psychotropic drugs he did not need. See exhibit two (2) and three (3)). It is known that defendant Sanders deliberate and knowingly and willingly caused plaintiff these indifferences. Defendant Sanders would lead this Honorable Court to believe [he] and [they] (M.H.M. team) accidently prescribed these drugs unknowingly, un-willingly and not deliberately. Defendants would also have this Honorable Court to believe plaintiff allegations amount to mere negligence. This would include stoping plaintiff litigation process as was done in the case (<u>Richard Wayne Wright, sr.-vs-James Deloach</u>, et. al. (99-D-1405-N)), and attaching a label of "mental illness" which effected his liberty interest not only in the light of plaintiff prison conditions (lesser restricted custody for inmate situated with the same 'class'

Crime as plaintiff) and effected plaintiff chance for a fair consideration for parole thus far consitutes the kind of deprivation of liberty that requires procedural protection.

### Relief Sought

Plaintiff seeks any and all relief in which [he] sought and indicated in [his] initial Complaint and Amended Complaint. Not to exclude preliminary injunctions in order to ensure plaintiff safety and to preserve plaintiff life and health while he is subjected to defendants at Ventress Correctional Facility, tyrannical acts. Mental Health Management, Inc. along with [their] insurance holders, whom place trust in defendants / Mental Health Management team hired by mental Health Management, Inc., are part responsible and liable for any and all Faulty Malpractice performed knowingly and/or undeliberately administered in which plaintiff suffers for such cause and should bare [their] responsibility in whom they vested trust in and through employment.

Plaintiff Wright still seeks the assistant of a Counsel and hopes [he]

Shall retrieve one before [this] Complaint is damaged any Further.

IF this Motion is not in its proper Form plaintiff ask that this Honorable Court Construed it into its proper Form.

Done this the 16th day of April, 2006.

Respectfully Submitted,

*Richard W. Wright, Sr.*

Richard Wayne Wright, Sr. #187140
Ventress Correctional Facility
Infirmary Room #103
Post Office Box 767
Clayton, Alabama 36016

## Certificate of Service

This is to Certify that I Richard Wayne Wright, Sr., Pro-se, am the petitioner in the above encaptioned motion and certify I have sent a copy of this Motion to the Clerk of this Court and earnestly ask due to plaintiff indigent status that this Honorable Court and/or Clerk Forward a copy of this said motion to defendant's Counsel(s) which addresses are as Following:

Page 6 of 8

Gregory F. Yayhmai
ASB 2411-H67G
Scott Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB-5949-S61S
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S81H)
Balch & Birgham LLP
Post Office Box 18668
Huntsville, Alabama 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Corrections
    Legal Division
301 Ripley Street
Montgomery, Alabama 36130

by placing this Motion in the hands of

the on duty infirmary officer to placed this said motion in the United States mail box at Ventress Correctional Facility ~~after~~ R.W.W and postage supplied and properly address this on the 16th day of April, 2006.

        Respectfully Submitted,

        *Richard W. Wright, Sr.*
        Richard Wayne Wright, Sr. # 187140
        Ventress Correctional Facility
        Infirmary Room # 103
        Post Office Box 767
        Clayton, Alabama 36016