IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUN -8 A 9:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Richard Wayne Wright, Sr.,         *
   Plaintiff, Pro-Se.,              *   Civil Action No.
   -vs-                             *   2:05-CV-439-A-WO
Sylvester Nettles, et.al.,          *
   Defendants.                      *

Plaintiff Wright Motion To Submit Other
Evidence and/or Exhibits ON 6 June 2006

   I am Richard Wayne Wright, Sr., Plaintiff Pro-Se., Submitted these Facts to this Honorable Court in the Form of this motion with supporting documents. Plaintiff Wright Was Faced with and Still is Faced with an enormous amount of retaliation and willfully neglect which brought plaintiff Claims of deliberate indifferent. Plaintiff Sought all administrative remedies at Bullock Correctional Facility (B.C.F.). Even the simplest task of getting the name of the post master general to try and prevent any further tampering of my mail was Forbidden. (See Exhibit (A)).
   Plaintiff Wright Sought From and through Captain Perkins (his) help and assistance in getting stationary items

Page 1 of 8

through Canteen/Store draw or through law library to write the Court in ink (not pencil) to avoid ease alteration in complaint. (See Exhibited (B)).

Defendant's Nettles sent plaintiff on a wild goose chase and created the task for plaintiff tring to figure out who does plaintiff send these request slips to, to get a logical response to solve plaintiff problem(s). (See Exhibits (C) and (D)). Mrs. Seals said she recommended my custody to medium on this said request slip but on the progress review form in August 2004 it can be seen that defendant Mrs. Seals recommended Custody level Five (V) which were the reason for plaintiff Filing an appeal to Warden Holt at (B.C.F.). Here can be seen also the effects of the parole board member(s) decision to detour from the Rule and Regulation which plaintiff should have been govern by concerning the intervals of time between parole hearing/consideration dates. When the Parole Board Members 'set' plaintiff parole (next) consideration Five (5) years 'down the road' it cause plaintiff progress to be set back. (See Exhibit (E)).

Plaintiff sought from Mrs. Seals a copy of the semi-annual progress review form,

Page 2 of 8

And which time she had claim she did not see the form this is part of the reason plaintiff seeks the Court's order upon defendant's and/or defendant's attorneys through the 'production of documents' which such order was made in part by this Honorable Court and denied other relevant documents in support of plaintiff claims. (See Exhibit (F)). In order for Mrs. Seals to conceal plaintiff positive participation in the crime bill program Mrs. Seals decided to detour from the normal function of the Classification Specialist to keep from including a positive accomplishment of the progress review interview and form in which a favorable recommendation could be suggested. (See Exhibit (F)).

Mrs. Seals would not even make a recommendation, which are normally done by an inmate's assigned Classification Specialist before an inmate is eligible to be put on out custody squad to Mrs. Perry (Out and minimum in custody Job assigner). (See Exhibit (G)). Through much difficulty plaintiff finally received a copy of the semi-annual review form 2002, about three (3) months later. (See Exhibit (H)). Here as indicated on said exhibit "I" plaintiff made known some of

his legal papers were not there with his property and request from Captain Nettles access to the remaining legal papers they said they had in my property. Captain Nettles forbided me such access. (See Exhibit (I)).

Even after plaintiff Wright had made known to the Seg. Officer he still was denied copies and plaintiff did not hear anything else from Captain Perkins. (See Exhibit (J)).

One (1) of plaintiff request slip finally got answerd even though it did not ~~R.W.W.~~ secured my safety nor did the person I address it to answer as the many other I sent to the Warden while I was in segregation at (B.C.F.). (See Exhibit (K)).

Mrs. Seals put this recommendation she made in writing and then allege every thing was still at level Four (IV). When prior to this parole "set back" I was in minimum custody. (See Exhibit (L)).

Mr. Blackledge allege a risk assessment was not necessary, not required. Then it is a mystery "why" (out side of her malicious motives) to cause plaintiff harm or subject him to harm by making him eligable (by

such assessment) for a level Five V, where in, inmates are more aggressive and violent because plaintiff initial suit and the unwanted change [they] were persuade to make after plaintiff file suit § 1983. (See Exhibit (M)).

Plaintiff was forbidden the form the defendant's at the disciplinary hearing, where in, they allege I assault inmate Walton Solomon and then admitted to it. The mental Health Consulation to the disciplinary process form. (See Exhibit (N)).

## Conclusion

Defendant's attempt through their written responses lead this Court to believe plaintiff is (just) making un-factual allegation. For such reason plaintiff submits these Exhibits among the others (he) has presented and/or intends to present. If this motion is not in its proper form plaintiff ask that this Honorable Court Contrued it into its proper form.

Done this the 6th Day of June, 2006.

Respectfully Submitted,
Richard W. Wright Jr.
Richard Wayne Wright, Jr. #187140

Page 5 of 8

## Certificate of Service

This is to certify that I Richard Wayne Wright, Sr., Pro-Se., Plaintiff, am the plaintiff in the above encaptioned motion "Plaintiff Wright motion To submit other Evidence and/or Exhibits on 6 June 2006" and certify I have sent a copy of this said motion to the Clerk of this Court by and through the inmate's legal mail service, for postage to be paid by the prison officials here at Ventress Correctional and Forwarded to the addressed Court after postage have been properly supplied. Due to plaintiff indigent status (he) earnestly ask that this Honorable Court and/or Clerk Forward a copy of this said motion to the defendant's Counselor(s) which address are as following:

Gregory F. Yauhmai
ASB 2411-H67G
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valley dale Road
Birmingham, Alabama 35244

Troy King (Attorney General)

Page 6 of 8

State Bar # ASB-5949-S61S
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S81H)
Balch & Bingham LLP
Post Office Box 18668
Huntsville, Alabama 35804 8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Correction
    Legal Division
301 Ripley Street
Montgomery, Alabama 36130

and this has been properly address on this the 6th Day of June, 2006.

Respectfully Submitted,
Richard W. Wright, Jr.
Richard Wayne Wright Jr. #187140
Ventress Correctional Facility

Page 7 of 8