IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ~~ALABAMA~~
NORTHERN DIVISION

RECEIVED

2006 JUL 28 A 9: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Richard Wayne Wright, Sr. Bey,
    Plaintiff, Pro-Se.,
        - VS -
Sylvester Nettles, et.al.,
        Defendants.

*
*    Civer Action No.
*    2:05-cv-439-A-WO
*
*

Plaintiff Motion of Objection
To `Order On Motion' Passed
Down On July 24, 2006

    I am Richard Wayne Wright, Sr.
Bey, A.I.S # 187140, Plaintiff, Pro-
Se., and Comes in the above en-
caption matter in objection to
the (Chief United States Magistrate
Judge) the Honorable Charles S.
Coody `Order On Motion' passed
down on the 24th day of July,
2006. (Court Doc No. 185).
        Plaintiff ask that the Honor-
able W. Harold Albritton (Senior
United States District Judge)
Whom sit's by designated `step
in' to preserve Plaintiff's
life and property in accord with
United States Constitution

            Page 1 of 7

R.W.W
(14th) Fourteenth (14th) Amendment
and to prevent defendant(s) / Prison
officials from causing any more
physical pain harm upon plaintiff
in accord with the Eighth (8th)
Amendment of the United States
Constitution and Article Four (IV)
Section two (2) and Section Four
(4), and Article Six (VI). The Honor-
able Charles S. Coody has failed
to establish some sought of
protection / safety for plaintiff
against defendants prison offi-
cial(s) retaliation as exhibited
in the past (Assualtive behavior,
threats of violence, illegal use
psychotropic medication medication
acts of intimidation, access
to Court, willful neglected medi-
cal treatment and / or unnecessary
delay, Breach of oath, ect.) It
appears "Even if" the Honorable
Charles S. Coody would provide
a small amount of temporary
protection for plaintiff as in
appling 18 USC § 5003, et. al., seq., or
send a representive to see the
threats of danger is eminent,
set order upon the Attorney
General [that] he may apply 'at

the least' temporfly apply Sec-
tfon 30-5-1, et. seq. (Ala Code 1975)
or harken and Considered Sending
a Court representfve [himself]
while plaintfff & 1983 Complaint
fs before him and plaintfff fs
stfll alive. Plaintfff has attemped
by wrffing the District Attorney
of Barbour County and the In-
ternal and Investfgatfon (I & I)
(unft on Two (2) occatfon) of the
Alabama Department of Correctfons
(A.D.O.C.), to fnterview/fnvestf-
gate Condftfons plaintfff wrft-
ten about whfle [he] fs conffned
at Ventress (V.C.F.) whfch calls
For fmmedfate attentfon due to
plaintfff, physfcal pafn, medfcal
Complaints, on gofng wefght lost
`as to date' approxfmately twenty-
Four (24) pounds, ect., due to de-
Fendants here at Ventress (V.C.F.)
due to [thefr] mental and psycho-
logfcal games to dfscredft plaint-
fff Complaint whfle [they] par-
ticipatfons fn retaliatfon upon
plaintfff at thfs present tfme.
      As Concernfng the Honorable
Charles S. Coody `enigma' oversight
when [he] fnftfally order plafn-

tiff motions / exhibit be returned
(Court Docs. No 180 and 181) and
(Court Doc. No. 183) as of no fault
of his own. Then the second occa-
tion occured on behalf of the Court
Clerk `Ms. D. Hackett´ placing all
the documents together to return
them to plaintiff with [their] attach
letter dated July 10, 2006. The
one (1) envirlope was/ were the
exhibits / documents which had
been first filed by Ms. D. Hackett
(Clerk) and return as stated
above. Plaintiff mail the following
day `Motion for permission to pre-
sented motion for `General Power of
Attorney´ and `Separate From` Power
of Attorney´ petition. Which in-
cluded the Certificate of Service
on the Motion and not the peti-
tion themselves. What's more
puzzling `why´ did Ms. D. Hackett
(Court Clerk) put the documents
together from two (2) separate
days, two separate envirlopes
and return them all together, if
plaintiff way of submitting the
Certificate of Service on the
"Motion for General Power of Attorney"
and not on the enclosed, accompanied

Page 4 of 7

petitions was the reason, Ms. D. Hackett (Court Clerk) return it 'Why' the others with certificate of service, Plaintiff knows not what to say at this point concerning such act's.

Done this the 26th day of July, 2006.

Respectfully Submitted,

Richard W. Wright, Sr. By

Richard Wayne Wright, Sr. Bey #187140
Ventress Correctional Facility
Post Office Box 767
Clayton, Alabama 36016


## Certificate of Service

This is to certify that I Richard Wayne Wright, Sr., Pro-Se., am the petitioner in the above encamptioned motion / and certify I have sent a copy of this motion to the Clerk of the Court and earnestly ask due to plaintiff indigent status that this Honorable Court and/or Clerk Forward a clock stamp 'Front page' copy to

Plaintiff and a copy of this (said) Motion to defendant's Counsel(s) which addresses are as following:

Gregory F. Yayhmai
ASB 2411- H67G
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valley Dale Road
Birmingham, Alabama 35244

Troy King (Attorney General)
State Bar # ASB - 5949 - S61S
Steven Mallette Sirmon
(Assistant Attorney General)
Hugh Davis (Attorney)
Alabama Board Pardon and Paroles
Post Office Box 302405
Montgomery, Alabama 36130

David B. Block (ASB-5098-K62D)
William R. Lunsford (ASB-4265-L72L)
Douglas B. Hargett (ASB-9928-S81H)
Balch & Birgham LLP
Post Office Box 18668
Huntsville, Alabama 35804-8668

Kim T. Thomas
Gregory Marion Biggs
Alabama Department of Corrections
          Legal Division


        Page 6 of 7

301 Ripley Street
Montgomery, Alabama 36130

by placing this motion in the
hand of the on duty officer with
prepaid postage and for this
(said) motion to be placed in the
United States mail box at Ventress
Correctional Facility and properly
addressed this on the 26th day
of July, 2006.

Respectfully Submitted,
Richard W Wright Sr Bey
Richard Wayne Wright, Sr. Bey #187140
Ventress Correctional Facility
Segregation Unit/Cell #801
Post Office Box 767
Clayton, Alabama 36016